Dana L. Sullivan
Oregon Bar No. 944834
BUCHANAN ANGELI
ALTSCHUL & SULLIVAN LLP
921 SW Washington Street, Suite 516
Portland, Oregon 97204
Tel: (503) 974-5023
Fax: (971) 230-0337
dana@baaslaw.com
*Local Counsel for Plaintiff*

Carolyn H. Cottrell (to be admitted *pro hac vice*)
California Bar No. 166977
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel:  (415) 421-7100
Fax:  (415) 421-7105
ccottrell@schneiderwallace.com
*Lead Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **JULIANNE HUNTER, Individually and On Behalf of All Others Similarly Situated,** | Case No.: _____ |
| **Plaintiff,** | **CLASS AND COLLECTIVE ACTION COMPLAINT; FLSA OVERTIME LAW; OREGON WAGE AND HOUR LAWS; OREGON MEAL AND REST PERIOD;** |
| **v.** | |
| **LEGACY HEALTH, LEGACY EMANUEL MEDICAL CENTER, LEGACY EMANUEL HOSPITAL & HEALTH CENTER, LEGACY HEALTH PARTNERS, LLC, RANDALL CHILDREN'S HOSPITAL AT LEGACY EMANUEL,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

Complaint                                           -1-

## INTRODUCTION

1.      Plaintiff Julianne Hunter ("Plaintiff") brings this class and collective action on behalf of herself and other similarly situated individuals who have worked for Legacy Health, Legacy Emanuel Medical Center, Legacy Emanuel Hospital & Health Center, Legacy Health Partners, LLC, and Randall Children's Hospital at Legacy Emanuel (collectively "Defendants" or "Legacy Health") as nurses, nurse aides, nurse assistants, and other non-exempt hourly employees[1] who were subject to an automatic time deduction for meal periods at any time beginning three years before the filing of this complaint until resolution of this action. Throughout the relevant time period of this action, Plaintiff and similarly situated nurses have been denied payment for all hours worked, including overtime, were subject to improper deductions from wages, and were denied meal and rest periods in compliance with Oregon law. This case implicates the longstanding policy of Legacy Health, which fails to properly compensate non-exempt employees for work during meal periods and for work performed while "off-the-clock."

2.      An employer is not required to pay employees for meal periods if the employer can satisfy its burden of demonstrating the employee received a *bona fide* meal period which primarily benefits the employee. Defendants do not provide bona fide meal periods for its nurses who are responsible for patient care. Nurses who work for Defendants are required to remain responsible for patient care throughout their shift and are expected to perform duties while "off-the-clock." Instead of making nurses clock out for their meal periods then clock back in at the end of a meal period, Defendants assume nurses were able to find a 30-minute block of time to enjoy a bona fide meal period. In fact, this does not typically occur. Nonetheless, Defendants deduct 30 minutes from nurses' shifts for a meal period, when in fact nurses remain on duty and are continuously subject to interruption during that time. Defendants instituted policies and practices that result in nurses being responsible for patient care throughout their shift, even when they attempt to have a bite to eat.

---

[1] While the precise job titles may differ, Plaintiff hereinafter uses the term "nursing staff" interchangeably in referencing any of these similarly situated employees.

3.      Defendants' policies and practices result in nurses being denied wages due under the Fair Labor Standards Act and Oregon law. Under these policies and practices, non-exempt nurses involved in direct patient care were not completely relieved of duties during meal periods and were denied pay for those on-duty meal periods. Defendants continue to require nurses responsible for direct patient care to remain on duty and subject to interruptions during meal breaks.

4.      Defendants, including all of the Oregon and Washington hospital facilities and clinics under Defendants' ownership, management and control, violated the FLSA and state law by knowingly and willfully permitting Plaintiff and Collective and Class members to perform work and/or remain on duty during their meal breaks, subjecting them to interruptions during their meal breaks. Plaintiff and Collective and Class members also performed work before clocking in and after clocking out for which they were not compensated. Defendants had notice that Plaintiff and Collective and Class members expected to be paid for their work on an hourly basis. Defendants received value of Plaintiff and Collective and Class members' work performed during their meal periods and while "off-the-clock" without compensating them for their services. Defendants willfully, deliberately, and voluntarily failed to pay Plaintiff and Collective and Class members for work performed.

5.      Defendants' conduct violated and continues to violate the FLSA because of the mandate that non-exempt employees, such as Plaintiff and the Collective members, be paid at one and one-half times their regular rate of pay for all hours worked in excess of forty within a single workweek. *See* 29 U.S.C. § 207(a).

6.      Defendants' conduct violated and continues to violate Oregon state law because Oregon Revised Statute 653.261 and Oregon Administrative Rule 839-020-0030(3)(a) requires, for hourly employees like Plaintiff and the Class members, that hours worked in excess of forty per week be paid at a rate of one and one-half times the hourly rate for the number of hours worked in excess of forty. Defendants' conduct further violated and continues to violate Oregon meal and

Complaint                                    -3-

rest period statutes, Oregon's requirement that all wages be paid upon separation of employment, and Oregon's prohibition on unlawful deductions from wages.

7.     In addition, Plaintiff and Collective and Class members were and are required to work additional time outside of their scheduled shifts to keep up with the demands of the job. Defendants were and are aware that Plaintiff and Collective and Class members perform this off-the-clock work, but failed to pay them at the applicable hourly and overtime rates for this work time. This practice likewise violated and continues to violate the FLSA and Oregon state law.

8.     Defendants' conduct violated and continues to violate Oregon's meal and rest period statutes, unlawful deduction from wages statute, and final pay statute. Because Defendants' conduct violated and continues to violate Oregon statutory wage and hour laws, Defendants are liable for the unpaid wages, penalty wages, other statutory penalties as provided by Oregon law, attorneys' fees and costs, as well as pre- and post-judgment interest.

9.     Therefore, Plaintiff files this action to recover on behalf of herself and Collective and Class members, all unpaid wages, compensation, penalties, and other damages owed to them under the FLSA and state law, individually, as a 29 U.S.C. § 216(b) collective action, and as a class action under Federal Rule of Civil Procedure 23, in order to remedy the sweeping practices which Defendants have integrated into their time tracking and payroll policies and which have deprived Plaintiff and  Collective and Class members of their lawfully-earned wages.

## SUBJECT MATTER JURISDICTION AND VENUE

10.     This court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 201, *et seq.* This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiff's claims occurred within this judicial district. Defendants reside in this judicial district and are subject to personal jurisdiction here.

Complaint                                    -4-

## PARTIES

12.     Plaintiff Julianne Hunter is an individual residing in Portland, Oregon. Ms. Hunter was employed as a nurse by Defendants in Portland, Oregon at the Legacy Emanuel Hospital location.

13.     The FLSA Collective members are people who are or who have been employed by Defendants as nurses, nurse aides, nurse assistants, and other similar hourly and non-exempt employees in the United States that have been subject to an automatic time deduction by Defendants within the three years preceding the filing of this Complaint (collectively referred to herein as "nursing staff").

14.     The Oregon Class members are all people who are or who have been employed by Defendants as nurses, nurse aides, nurse assistants, and other similar hourly and non-exempt employees in the State of Oregon that have been subject to an automatic time deduction by Defendants within the six years preceding the filing of this Complaint (collectively referred to herein as "nursing staff").

15.     Defendant Legacy Health, previously known as Legacy Health System, previously known as Healthlink, is a domestic, non-profit corporation. Defendant may be served with process by serving its registered agent, Robert Dewitt at 1919 NW Lovejoy Street, Portland, Oregon 97209.

16.     Defendant Legacy Emanuel Medical Center is a domestic, non-profit corporation. Defendant may be served with process by serving its registered agent, Robert Dewitt at 1919 NW Lovejoy Street, Portland, Oregon 97209.

17.     Defendant Legacy Emanuel Hospital & Health Center is a domestic, non-profit corporation. Defendant may be served with process by serving its registered agent, Robert Dewitt at 1919 NW Lovejoy Street, Portland, Oregon 97209.

18.     Defendant Legacy Health Partners, LLC is a domestic limited liability company with its principal place of business at 1919 NW Lovejoy Street, Portland, Oregon 97209.

Complaint                              -5-

Defendant may be served with process by serving its registered agent, Robert Dewitt at 1919 NW Lovejoy Street, Portland, Oregon 97209.

19.     Defendant Randall Children's Hospital at Legacy Emanuel is a domestic, non-profit corporation. Defendant may be served with process by serving its registered agent, Campbell Groner at 1919 NW Lovejoy Street, Portland, Oregon 97209.

20.     At all material times, Defendants have been employers within the meaning of the FLSA under 29 U.S.C. § 203(d).

21.     At all material times, Defendants have been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

22.     Plaintiff and Collective and Class members were and are employees of Defendants within the meaning of 29 U.S.C. § 203(e).

23.     At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

24.     Defendants acted as joint employers of Plaintiff and Collective and Class members because all Defendants jointly, directly or indirectly, controlled the employment terms, pay practices, timekeeping practices, and daily work of Plaintiff and similarly situated employees.

25.     Here, Defendants have had, and continue to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 26 U.S.C. § 203(s)(1)(A)(ii).

26.     In addition to Plaintiff, Defendants have employed numerous other employees, who like Plaintiff, are medical care staff engaged in interstate commerce. Further, Defendants are engaged in interstate commerce since they order supplies across state lines, conduct business deals with merchants across state lines, and process patient credit cards with banks in other states.

27.     At all material times, Plaintiff and Collective and Class members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

Complaint                                         -6-

## FACTS

28.     Legacy Health operates a network of hospitals and clinics that provide healthcare services.

29.     Defendants employ hundreds of hourly non-exempt workers across these hospital facilities. In addition to these hospital facilities, Defendants operate numerous primary care clinics, urgent care clinics, and specialty care clinics across Oregon and Washington, all of which employ hourly, non-exempt workers similarly situated to Plaintiff.

30.     Defendants employ a payroll policy of not compensating hourly-paid nursing staff for work performed during their meal periods, subjecting them to interruptions and requiring them to remain on duty during those meal periods. This policy applies to all hourly-paid, non-exempt nursing staff who are responsible for patient care.

31.     Interruptions occur in multiple ways. One way in which Defendants encourage interruptions is by requiring nursing staff to carry an electronic communication device with them during their shifts so they may receive calls/requests from their patients and hospital personnel. Nursing staff are required to respond to these calls.

32.     In practice, nursing staff involved in direct patient care are not permitted to take a 30-minute uninterrupted and bona fide meal or rest break due to the demands of their jobs during the majority of their shifts. In the rare instances where they attempt a meal or rest break, they remain on duty in that they are required to respond to calls from their patients, doctors, patients' families, other nursing staff and hospital staff, attend to the normal demands of the job, and otherwise respond to emergencies.

33.     Plaintiff was employed by Defendants as a registered nurse in the Legacy Emanuel Hospital location during the last three (3) years. Plaintiff worked as a non-exempt nurse for Defendants between March 2009 through April 2016, and her regular hourly rate of pay was $48.18 per hour during the last year of her employment. As a nurse, Plaintiff's primary responsibilities included: providing patient care and monitoring, administering medicine to patients, interacting with other hospital employees and visitors, monitoring blood-work and patient

Complaint                                    -7-

test results, and responding to emergency situations. Plaintiff was subjected to Defendants' time, pay, meal break, and overtime policies and practices. Plaintiff routinely performed work during her entire shift, was subject to interruptions during attempted meal and rest breaks, and in fact was interrupted or denied meal and rest breaks on a regular basis. Plaintiff also performed work while "off-the-clock" with Defendant's knowledge and was denied compensation for the time she spent engaged in this work.

34.    Plaintiff's and Collective and Class members' "off-the-clock" work included cleaning, preparing and organizing equipment, interacting with patients, assisting other hospital staff, charting, and performing other various tasks before clocking in and after clocking out for the day. Plaintiff and Collective and Class members were not compensated for this work performed outside of their recorded hours.

35.    Collective and Class members were and are employed by Defendants and performed work materially similar to Plaintiff.

36.    Plaintiff and Collective and Class members reported to a hospital or clinical facility owned, operated, or managed by Defendants to perform their jobs.

37.    Plaintiff and Collective and Class members performed their jobs under Defendants' supervision and using materials and technology approved and supplied by Defendants.

38.    Plaintiff and Collective and Class members were required to follow and abide by common work, time, pay, meal and rest break, and overtime policies and procedures in the performance of their jobs.

39.    At the end of each pay period, Plaintiff and Collective and Class members received wages from Defendants that were determined by common systems and methods that Defendants selected and controlled.

40.    Defendants paid Plaintiff and Collective and Class members on an hourly rate basis.

41.    Plaintiff worked more than forty hours in at least one workweek during the three years before this Complaint was filed.

42.    Each Collective member worked more than forty hours in at least one workweek during the three years before this Complaint was filed. On average, Plaintiff worked 12 to 13 hours each shift and between 48 and 52 hours per week.

43.    Each Class member worked more than forty hours in at least one workweek during the two years before this Complaint was filed.

44.    When Plaintiff and Collective and Class members worked more than forty hours in a workweek, Defendants did not pay them one and one-half times their regular hourly rate due to their failure to include time worked during meal periods and "off-the-clock" work in the total hours of worked in a given work week. This unpaid time is compensable under the FLSA and Oregon law because (1) Plaintiff and Collective and Class members were not completely relieved of their duties, (2) they were interrupted or subject to interruptions with work duties during any attempted meal period, or (3) they entirely skipped the meal and rest periods due to work demands.

45.    Throughout the relevant time period, Defendants expected and required Plaintiff and Collective and Class members to be available to work during their entire shifts, even during any attempted meal or rest breaks. These 30-minute intervals of deducted time constitute compensable time under the FLSA which requires that employers compensate employees for all time worked. They also constitute compensable time under state law because Oregon Administrative Rule 839-020-0050 requires that employees who have worked at least six hours are entitled to a meal period of not less than 30 continuous minutes during which the employee is relieved of all duties. *See* OAR 839-020-0050(2)(a). If an employee is not relieved of all duties for 30 continuous minutes during the meal period, the employer must pay the employee for the entire 30-minute meal period. *See* OAR 839-020-0050(2)(b). Further, Oregon Administrative Rule 839-020-0050 requires that every employer shall provide to each employee, for each segment of four hours or major part thereof worked in a work period, a rest period of not less than ten continuous minutes during which the employee is relieved of all duties, without deduction from the employee's pay. *See* OAR 839-020-0050(6)(a). When an employee's work is more than eight hours, the employer must provide the employee the number of meal periods and rest periods listed

Complaint                                              -9-

in Appendix A of Oregon Administrative Rule 839-020-0050. According to Appendix A, for lengths of work period between 10 hours and 1 minute to 13 hours and 59 minutes, employees are entitled to three 10-minute rest breaks and one meal period of 30 minutes.

46.     Defendants have employed hundreds of people similarly situated to Plaintiff during the three-year period prior to the filing of this Complaint.

47.     Defendants' method of paying Plaintiff and Collective and Class members was willful, and was not based on a good faith and reasonable belief that their conduct complied with either the FLSA or Oregon law. Upon information and belief, Defendants had notice of their requirements under federal and state wage and hour laws because Defendants have been sued for similar wage violations at least four previous times.

## FLSA COLLECTIVE ACTION ALLEGATIONS

48.     Plaintiff brings this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of the following class of individuals:

> **All current and former hourly, non-exempt employees, including but not limited to nurses, nursing aides, nursing assistants or other employees with similar job duties employed by Defendants nationwide and subjected to an automatic time deduction policy during the time period three years prior to the filing of the original Complaint until resolution of this action (the "Collective").**

49.     Defendants have not compensated these employees for the unpaid meal breaks and "off-the-clock" work as described above.

50.     Per 29 U.S.C. § 216(b), this action may be brought as an "opt-in" collective action for the claims asserted by Plaintiff because her claims are similar to the claims possessed by the Collective members.

51.     Plaintiff has actual knowledge that Collective members have been denied compensation for time worked, including meal breaks worked or interrupted and "off-the-clock" work. In addition, Plaintiff has actual knowledge that Collective members have also been denied overtime pay for this work and would therefore likely join this collective action if provided a notice

Complaint                                    -10-

of their rights to do so, together with a clear statement that opting to join such an action would not result in termination or other forms of retaliation.

52.     Plaintiff is similarly situated to Collective members. Like Plaintiff, Defendants subjected Collective members to its common practice, policy, or plan of refusing to pay overtime for all work performed in clear violation of the FLSA.

53.     Other nursing staff similarly situated to Plaintiff work, or have worked, for Defendants but were not paid overtime at the rate of one and one-half times their regular hourly rate when those hours exceeded forty per workweek for meal breaks during which they were not completely relieved of their duties that were interrupted, interruptible, or entirely missed due to work demands. Other nursing staff similarly situated to Plaintiff also performed compensable work while "off-the-clock," and were not paid overtime at the rate of one and one-half times their regular hourly rate for those "off-the-clock" hours.

54.     Although Defendants permitted and/or required Collective members to work in excess of forty hours per workweek, Defendants have denied them full compensation for their hours worked over forty for meal breaks that were interrupted due to work demands and for "off-the-clock" work.

55.     Collective members perform or have performed the same or similar work as Plaintiff involving patient care.

56.     Collective members regularly work or have worked in excess of forty hours during a workweek.

57.     Collective members are not exempt from receiving overtime compensation under the FLSA.

58.     Defendants' failure to pay overtime compensation as required by the FLSA resulted from generally applicable policies and practices, and did not depend on the personal circumstances of FLSA Collective members.

59.    Although Plaintiff and Collective members may have different job titles and/or work in different hospital facilities, this action may be properly maintained as a collective action on behalf of the defined class because, throughout the relevant time period:

    a.  Defendants maintained common scheduling systems and policies with respect to Plaintiff and Collective members, controlled the scheduling systems and policies implemented throughout their facilities and retained authority to review and revise or approve the schedules assigned to Plaintiff and Collective members;

    b.  Defendants maintained common timekeeping systems and policies with respect to Plaintiff and Collective members;

    c.  Defendants maintained common payroll systems and policies with respect to Plaintiff and Collective members, controlled the payroll systems and policies applied to Plaintiff and Collective members, and set the pay rates assigned to Plaintiff and Collective members; and

    d.  Defendants controlled the meal break and rest break work policies and practices at issue in this litigation and had the ability to deprive Plaintiff and Collective members of wages owed for meal break and rest break work they performed.

60.    The specific job titles or precise job responsibilities of each Class member does not prevent collective treatment.

61.    Collective members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek for interrupted, on-duty, or missed meal breaks.

62.    Collective Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked "off-the-clock" in excess of forty during a workweek.

63.    Although the exact amount of damages may vary among Collective members, the damages for Collective members can be easily calculated, summed, and allocated based on a simple formula.

Complaint                                -12-

64.     Plaintiff and Collective members' claims arise from a common nucleus of operative facts; namely, the continued and willful failure of Defendants to comply with their obligation to legally compensate their employees. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Collective members. Defendants had a plan, policy or practice of not paying Plaintiff and Collective members for interrupted, interruptible, or missed meal and rest breaks, as well as work performed "off-the-clock."

65.     As such, the class of similarly situated Plaintiffs is properly defined as stated above. Plaintiff estimates the Collective, including both current and former employees over the relevant time period, will include upwards of 1,000 people or more. The precise number of Collective members should be readily available from Defendants' personnel, scheduling, time and payroll records, and from input received from  Collective members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). The names and addresses of the Collective members are discoverable from Defendants' records. Given the composition and size of the Class, notice may be provided via First Class Mail, e-mail, text message, and other modes of notice similar to those customarily used in representative actions.

## RULE 23 CLASS ACTION ALLEGATIONS

66.     Plaintiff brings causes of action as a class action on behalf of herself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). The Oregon Class that Plaintiff seeks to represent is defined as follows:

> **All current and former hourly, non-exempt employees, including but not limited to nurses, nursing aides, nursing assistants, or other employees with similar job duties employed by Defendants in Oregon and subjected to an automatic time deduction policy at any time starting six years prior to the filing of this Complaint until resolution of this action.**

67.     This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

Complaint                                    -13-

68.    Numerosity:  The potential members of the class are so numerous that joinder of all the members of the Class is impracticable. Plaintiff is informed and believes that the number of Oregon Class members exceeds 100. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the Oregon Class as a plaintiff in this action is impracticable. Furthermore, the identities of the Oregon Class will be determined from Defendants' records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Oregon Class and Defendants.

69.    Commonality:  There are questions of law and fact common to Plaintiff and the Oregon Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, but are not limited to:

    i.   Whether Defendants failed to pay Plaintiff and Oregon Class members for all hours worked;

    ii.   Whether Defendants paid Plaintiff and Oregon Class members on an hourly basis;

    iii.   Whether Defendants failed to keep accurate records of employees' hours of work and wages;

    iv.   Whether Defendants failed to pay Plaintiff and  Oregon Class members at an overtime rate for all hours worked in excess of forty in a workweek;

    v.   Whether Defendants failed to authorize and permit Plaintiff and  Oregon Class members to take a bona fide and uninterrupted meal break to which they were entitled under Oregon law;

    vi.   Whether Defendants failed to authorize and permit Plaintiff and  Oregon Class members to take bona fide and uninterrupted rest breaks to which they were entitled under Oregon law;

Complaint             -14-

vii.   Whether Defendants failed to compensate Plaintiff and Oregon Class members for work performed off-the-clock at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty in a workweek in violation of Oregon law;

viii.   Whether Defendants failed to provide Plaintiff and Oregon Class members with timely, accurate itemized wage statements in violation of Oregon law;

ix.   Whether Defendants' policy and practice of automatic time deductions for meal periods that were not bona fide, continuous, and uninterrupted meal periods violated Oregon law;

x.   Whether Defendants' policy and practice of failing to pay Plaintiff and Oregon Class members all wages due upon the end of their employment violated Oregon law;

xi.   Whether Plaintiff and Oregon Class members are entitled to civil and statutory penalties;

xii.   Whether Plaintiff and  Oregon Class members are entitled to liquidated damages;

xiii.   The proper formula for calculating restitution, damages and penalties owed to Plaintiff and the Oregon Class as alleged herein; and

xiv.   Whether Defendants' actions were "willful" as that term is understood in Oregon wage and hour law.

70.   Typicality:  Plaintiff's claims are typical of the claims of the Oregon Class. Defendants' common course of conduct in violation of law as alleged herein caused Plaintiff and Oregon Class members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Oregon Class.

71.   Adequacy of Representation:  Plaintiff seeks declaratory relief for the past and prospective state law violations that were perpetrated by Defendants. In that sense, Plaintiff does

Complaint                                          -15-

not have any conflicts of interest with other Oregon Class members and will prosecute the case vigorously on behalf of the Oregon Class. Counsel representing Plaintiff is competent and experienced in litigating complex cases and large class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Oregon Class members.

72.    <u>Superiority of Class Action</u>:  A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Oregon Class members is not practicable, and questions of law and fact common to the Oregon Class predominate over any questions affecting only individual members of the Oregon Class. Each proposed Oregon Class member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

73.    In the alternative, the Oregon Class may be certified because the prosecution of separate actions by the individual members of the Oregon Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Oregon Class which would establish incompatible standards of conduct for Defendants.

74.    If each individual Oregon Class member was required to file an individual lawsuit, Defendants would necessary gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each member of the Oregon Class with Defendants' vastly superior financial legal resources.

75.    Requiring each individual Oregon Class member to pursue an individual remedy would also discourage the assertion of lawful claims by the Oregon Class members who would be disinclined to pursue these claims against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being.

Case 3:18-cv-02219-AC    Document 1    Filed 12/26/18    Page 17 of 27

**FIRST CLAIM FOR RELIEF**
**VIOLATIONS OF 29 U.S.C. § 207**

**COUNT ONE**
**FAILURE TO PAY OVERTIME COMPENSATION FOR**
**IMPROPER AUTOMATIC TIME DEDUCTIONS**
**(FLSA COLLECTIVE ACTION)**

76.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

77.    Plaintiff and Collective members, Defendants' employees, are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

78.    The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular hourly rate for all hours worked in excess of forty hours per week.

79.    Throughout the relevant time period, Defendants expected and required Plaintiff and Collective members to be available to work and/or to be on duty during their promised meal and rest breaks. Plaintiff and Collective members also performed work off-the-clock for which they were not compensated.

80.    Plaintiff and Collective members have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have been deprived of wages owed for work they performed and from which Defendants derived a direct and substantial benefit.

81.    Defendants cannot satisfy their burden of proof to demonstrate Plaintiff and Collective members received a bona fide meal period for every 30 minutes deducted from their wages automatically.

82.    Defendants violated and continue to violate the FLSA when they failed to pay Plaintiff and Collective members under 29 U.S.C. § 207 as non-exempt employees. Because of these violations, Plaintiff and Collective members have suffered a loss of wages.

83.    Defendants' failure to pay overtime to Plaintiff and Collective members, in violation of the FLSA, was willful and not based on a good faith belief that their conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA

Complaint                                    -17-

within the meaning of 29 U.S.C. § 255(a). Accordingly, a three-year limitations period should apply to Plaintiff and Collective members' claims.

84.    Because of Defendants' willful violation, Plaintiff and Collective members are also due an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

85.    Plaintiff and Collective members are further entitled to reasonable attorneys' fees and costs of the action in addition to any judgment awarded.

**COUNT TWO:**
**FAILURE TO PAY OVERTIME COMPENSATION FOR "OFF-THE-CLOCK" WORK**
**(FLSA COLLECTIVE ACTION)**

86.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

87.    Throughout the relevant time period, Defendants suffered and/or permitted Plaintiff to work additional time outside of her shift for work-related tasks. These tasks included, but were not limited to, checking on patients, locating and gathering equipment and supplies, responding to emergencies, reviewing or completing charting, and cleaning.

88.    Plaintiff was actively discouraged from logging time outside the parameters set by Defendants. However, due to the demands of the job, Plaintiff routinely performed work-related tasks outside of her scheduled shift, before she clocked in and after she clocked out. Upon information and belief, Defendants treated Collective members similarly with respect to "off-the-clock" work.

89.    Accordingly, consistent with the policies and procedures set up by Defendants, Plaintiff performed work for which she was not compensated. Defendants' policies and practices favored Defendants at the expense of Plaintiff and Collective members.

90.    Defendants violated and continue to violate the FLSA when they failed to pay Plaintiff and Collective members for "off-the-clock" work under 29 U.S.C. § 207 as a non-exempt employee. Because of these violations, Plaintiff and Collective members suffered wage losses during weeks where the total time worked (logged and unlogged) exceeded forty hours.

91.    Defendants' failure to pay overtime to Plaintiff and Collective members, was willful and not based on a good faith belief that their conduct did not violate the FLSA. The

Complaint                                    -18-

foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Accordingly, a three-year limitations period should apply to Plaintiff and Collective members' claims.

92.      Because of Defendants' willful violation, Plaintiff and Collective members are also due an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

93.      Plaintiff and Collective members are further entitled to reasonable attorneys' fees and costs of the action in addition to any judgment awarded.

**SECOND CLAIM FOR RELIEF**
**VIOLATIONS OF ORS 653.261 AND OAR 839-020-0030**
**FAILURE TO PAY OVERTIME**
**(OREGON CLASS ACTION)**

94.      Plaintiff incorporates all allegations contained in the foregoing paragraphs.

95.      Pursuant to ORS 653.261, Defendants were required to pay Plaintiff and Oregon Class members one and one-half times their regular rate of pay for all hours worked in excess of forty in a given workweek, when those wages were due, but willfully failed to do so.

96.      Class members are entitled to recover unpaid overtime under Oregon law, and Plaintiff and Oregon Class members are also entitled to declaratory relief stating Defendants violated the statute, and continue to violate the statute, by incorporating and continuing to utilize the automatic time deduction policy as described above.

97.      Plaintiff further seeks declaratory relief stating Defendants are in violation of ORS 653.261 and OAR 839-020-0030 for failing to compensate Plaintiff for "off-the-clock" work performed for the benefit of Defendants.

98.       Oregon Class members who are within the applicable two-year statute of limitations are entitled to collect the difference between wages received then due and the overtime wages due in an amount to be proven at trial, together with attorney fees, costs and disbursements, as well as pre- and post-judgment interest at the rate of 9% per annum. *See* ORS 652.200; ORS 82.010.

**THIRD CLAIM FOR RELIEF**
**VIOLATIONS OF ORS 652.610**
**UNLAWFUL DEDUCTIONS FROM WAGES**
**(OREGON CLASS ACTION)**

99.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

100.    Defendants deducted wages from Plaintiff and Oregon Class members for unidentified deductions, namely for deducting wages in the form of failing to compensate Plaintiff and Oregon Class members for "off-the-clock" work performed. Said withholdings were unauthorized and in violation of ORS 652.610.

101.    As a result of Defendants' wrongful withholdings, Plaintiff and Oregon Class members are entitled to actual damages or $200 per violation, whichever is greater, for each violation pursuant to ORS 652.615. Defendants are liable for unpaid wages and liabilities for unlawful deductions from wages for a period of six years from the date the wages were earned. ORS 12.080(1).

102.    Because of Defendants' failure to pay Plaintiff's and Oregon Class members' wages within 48 hours after they were due, Plaintiff and Oregon Class members are entitled to recover costs, disbursements, and reasonable attorney fees pursuant to ORS 652.200.

103.    Because of Defendants' wrongful withholding from Plaintiff's and Oregon Class members' wages, Plaintiff and Oregon Class members are entitled to recover costs, disbursements and a reasonable sum for attorney fees, pursuant to ORS 652.615, plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS 82.010.

**FOURTH CLAIM FOR RELIEF**
**VIOLATIONS OF ORS 652.140**
**FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT**
**(OREGON CLASS ACTION)**

104.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

105.    ORS 652.140 requires that, "[w]hen an employer discharges an employee or when employment is terminated by mutual agreement, all wages earned and unpaid at the time of the discharge or termination become due and payable not later than the end of the first business day after the discharge or termination." *See* ORS 652.140(1).

106.    ORS 652.150 states that, "if an employer willfully fails to pay any wages or compensation of any employee whose employment ceases, as provided in ORS 652.140 . . . , then, as a penalty for the nonpayment, the wages or compensation of the employee shall continue from the due date thereof at the same hourly rate for eight hours per day until paid or until action therefor is commenced. *See* ORS 652.150(1). Penalty wages are not to continue for more than 30 days from the due date. *See* ORS 652.150(1)(a).

107.    Pursuant to ORS 12.080, a six-year statute of limitations is applied for liability of unpaid regular wages. *See, e.g., Makaneole v. Solarworld Indus. Am., Inc.*, No. 3:14-CV-1528-PK, 2016 WL 7856433, at *13 (D. Or. Sept. 2, 2016), *report and recommendation adopted*, No. 3:14-CV-01528-PK, 2017 WL 253983 (D. Or. Jan. 17, 2017) ("As to [plaintiff's claims] for unpaid regular wages, that claim is subject to a six-year statute of limitations[.]") (citing ORS 12.080(1)).

108.    As described above, Defendants enacted a policy that deprived Plaintiff and Oregon Class members compensation for all hours worked, including automatic time deductions and work duties performed "off-the-clock." As a result, Defendants failed to pay Plaintiff and Oregon Class members all wages due and owing after separation from employment in violation of ORS 652.140.

109.    In failing to pay all wages due upon separation of employment, Defendants acted as free agents, determined their own actions, were not responsible to, nor coerced by any other person, entity or authority. Defendants knew that Plaintiff and Oregon Class members had ended and possessed information regarding the hours worked and amount of wages due Plaintiff and Oregon Class members at the date of termination. Defendants were capable of paying all wages earned and due at termination.

110.    Defendants' failure to make payment of Plaintiff's and Oregon Class members' final wages when due was willful and continued for not less than 30 days.

111.    On December 5, 2018, Plaintiff's attorney sent written noticeof the wage claim to Defendants. Defendants received this written notice on December 10, 2018, per USPS tracking records. Defendants failed to pay all wages due within 12 days of receipt of Plaintiff's written demand.

Complaint                                   -21-

112.    Because of Defendants' failure to make payment of final wages when due, Plaintiff is due statutory penalty wages of not less than $11,563.20,[2] pursuant to ORS 652.150, for the continuation of Plaintiff's unpaid final wages for not less than 30 days. Likewise, Oregon Class members who ended their employment but were not fully compensated their total wages due and owing are likewise due statutory penalty wages pursuant to ORS 652.150.

113.    Because of Defendants' failure to pay Plaintiff's and Oregon Class members' wages within the time requires by law, Plaintiff and Oregon Class members are entitled to recover costs, disbursements, and reasonable attorney fees pursuant to ORS 652.200.

114.    Plaintiff and Oregon Class members seek statutory wages pursuant to ORS 652.150; plus costs, disbursements and attorney fees pursuant to ORS 652.200; plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS 82.010.

**FIFTH CLAIM FOR RELIEF**
**VIOLATIONS OF OAR 839-020-0050**
**MEAL BREAK VIOLATIONS**
**(OREGON CLASS ACTION)**

115.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

116.    Pursuant to OAR 839-020-0050, employees who have worked at least six hours are entitled to a meal period of not less than 30 continuous minutes during which the employee is relieved of all duties. *See* OAR 839-020-0050(2)(a). Except as otherwise provided in the rule, if an employee is not relieved of all duties for 30 continuous minutes during the meal period, the employer must pay the employee for the entire 30-minute meal period. *See* OAR 839-020-0050(2)(b).

117.    Defendants implemented a policy that automatically deducted 30-minutes from Plaintiff and Oregon Class members' time for each shift worked, even though Plaintiff and Oregon Class members were still on-duty, subject to interruption, and often were interrupted during their meal breaks.

---

[2] Plaintiff's regular hourly rate of $48.18, multiplied by 8 hours per ORS 652.150, multiplied by the maximum 30 days.

118.    Because Plaintiff and Oregon Class members' meal breaks were subject to interruption, were on duty, were not continuous, and were not relieved of all duties during the break, Defendants' automatic time deduction for meal periods was and is in violation of OAR 839-020-0050, and Plaintiff and Oregon Class members should be reimbursed for back wages for the entire 30 minutes from each work day.

119.    Plaintiff is entitled to declaratory relief that Defendants' past and ongoing automatic time deduction policy violated and is in violation of the Oregon meal break requirements.

120.    Plaintiff and Oregon Class members are entitled to recover unpaid wages at their regular hourly rate for the 30 minutes that were automatically deducted by Defendants for each work period where that deduction took place. Pursuant to ORS 12.080, a six-year statute of limitations is applied for liability of unpaid regular wages.

121.    Defendants' violation of the Oregon meal break rules was willful, as that term is used in ORS 652.150. Defendants' violation was willful because the automatic time deduction policy was implemented purposefully and was not the product of inadvertence. Further, having been sued multiple times in the past for wage violations, Defendants were fairly chargeable with knowledge of their statutory obligations, and are therefore precluded from asserting a *bona fide* belief that they had no obligation. In that sense, Defendants had, or can be imputed to have had, a level of awareness of their obligation to pay Plaintiff and Oregon Class members such that Defendants' failure to pay was "willful."

122.    Because of Defendants' failure to pay Plaintiff's and Oregon Class members' wages within 48 hours after they were due, Plaintiff is entitled to recover costs, disbursements, and reasonable attorney fees pursuant to ORS 652.200.

123.    Because of Defendants' wrongful withholding from  Oregon Class members' wages,  Oregon Class members are entitled to recover costs, disbursements and a reasonable sum

Complaint                                            -23-

for attorney fees, pursuant to ORS 652.615, plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS 82.010.

**SIXTH CLAIM FOR RELIEF**
**VIOLATION OF OAR 839-020-0050(6)**
**DECLARATORY RELIEF FOR REST PERIOD VIOLATIONS**
**(OREGON CLASS ACTION)**

124.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

125.    Pursuant to OAR 839-020-0050, every employer is required to provide each employee, for each segment of four hours or major pay thereof worked in a work period, a rest period of not less than ten continuous minutes during which the employee is relieved of all duties, without deduction from the employee's pay. OAR 839-020-0050(6)(a).

126.    Plaintiff generally worked shifts lasting 12 to 13 hours per shift.  Oregon Class members worked similar shifts, each at least over 10 hours and 1 minute per complete shift. Accordingly, Plaintiff and Oregon Class members were entitled to three separate rest periods lasting 10 minutes each during which Plaintiff and Oregon Class members should have been relieved of all duties. As discussed above, Plaintiff and Oregon Class members are subject to interruption and are consistently denied requisite rest periods.

127.    Plaintiff and Oregon Class members are entitled to declaratory relief stating Defendants are in violation of the rest break requirements provided by Oregon law.

**<u>RELIEF SOUGHT</u>**

128.    Plaintiff and Collective and Class members are entitled to recover their unpaid overtime wage compensation.

129.    Plaintiff and Collective members are also entitled to an amount equal to all of their unpaid wages due under the FLSA as liquidated damages. 29 U.S.C. § 216(b).

130.    Plaintiff and Collective members are entitled to recover attorneys' fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

131.    Plaintiff and Collective members are entitled to declaratory relief stating Defendants' policies and practices as described herein are unlawful and in violation of the FLSA.

132.    Plaintiff and Oregon Class members are entitled to recover back wages for improper deductions of wages under ORS 652.610 for compensable time that was otherwise deducted from their pay, including uncompensated time worked "off-the-clock."

133.    Plaintiff and Oregon Class members are entitled to recover back wages for meal period violations for 30 minutes at their regular hourly rate of pay for each day worked.

134.    Plaintiff and Oregon Class members are entitled to statutory penalty wages pursuant to ORS 652.150, for the continuation of Plaintiff's and Oregon Class members' unpaid final wages for not less than 30 days for Defendants' violations of ORS 652.140 (payment of wages upon termination of employment).

135.    Plaintiff and Oregon Class members are entitled to actual damages or civil penalties of $200 per violation, whichever is greater, for each violation of ORS 652.610 (unlawful deduction from wages).

136.    Plaintiff and Oregon Class members are entitled to recover costs, disbursements and a reasonable sum for attorney fees, pursuant to ORS 652.615, plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS 82.010.

137.    Plaintiff and Oregon Class members are entitled to declaratory relief stating Defendants' actions as described herein were and are unlawful.

### PRAYER

138.    For these reasons, Plaintiff and Class members respectfully request that judgment be entered in their favor awarding the following relief:

  i.    An order preventing Defendants from retaliating in any way against Plaintiff and any Class member who joins or elects not to opt-out of the present suit based on their pursuit of these claims alleged herein;

  ii.    An order designating this action as a collective action on behalf of the Collective and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

  iii.    An order finding that Defendants violated the FLSA;

    iv.  An order finding Defendants' violated the FLSA willfully;

    v.  All unpaid wages due under the FLSA;

    vi.  An equal amount as liquidated damages as allowed under the FLSA;

    vii.  Reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

    viii.  An order certifying this case as a Class Action under Rule 23 of the Federal Rules of Civil Procedure;

    ix.  An order finding that Defendants violated Oregon law;

    x.  All unpaid regular wages due under Oregon law to the extent same does not duplicate regular wages due under the FLSA;

    xi.  All unpaid overtime wages due under Oregon law to the extent same does not duplicate overtime wages due under the FLSA;

    xii.  All statutory penalty wages due under Oregon law;

    xiii.  All actual damages or civil penalties of $200 per violation, whichever is greater, due under ORS 652.610;

    xiv.  All attorneys' fees, costs and disbursements as provided by Oregon law;

    xv.  Pre- and post-judgment interest in the amount of 9% per annum as provided by Oregon law; and

    xvi.  Such other and further relief to which Plaintiff and Class members may be entitled at law or in equity.

///

///

///

///

///

///

///

Complaint                        -26-

Dated: December 26, 2018.

/s/ Dana L. Sullivan
Dana L. Sullivan, Bar No. 944834

Carolyn H. Cottrell (to be admitted *pro hac vice*)
California Bar No. 166977
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel:  (415) 421-7100
Fax:  (415) 421-7105
ccottrell@schneiderwallace.com
*Lead Attorney for Plaintiff*

William M. Hogg (to be admitted *pro hac vice*)
Texas Bar No. 24087733
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
3700 Buffalo Speedway, Suite 300
Houston, Texas 77098
Tel: (713) 338-2560
Fax:  (415) 421-7105
whogg@schneiderwallace.com
*Of Counsel for Plaintiff*

Complaint                                    -27-