Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Sarah J. Crooks, OSB No. 971512
SCrooks@perkinscoie.com
Courtney R. Peck, OSB No. 144012
CPeck@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

Ben Stafford (pro hac vice)
BStafford@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone:  206.359.8000
Facsimile:  206.359.9000

Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **JULIANNE HUNTER, Individually and On Behalf of All Others Similarly Situated,**<br><br>Plaintiff,<br><br>v.<br><br>**LEGACY HEALTH, LEGACY EMANUEL MEDICAL CENTER, LEGACY EMANUEL HOSPITAL & HEALTH CENTER, LEGACY HEALTH PARTNERS, LLC, RANDALL CHILDREN'S HOSPITAL AT LEGACY EMANUEL,**<br><br>Defendants. | No. 3:18-cv-002219-AC<br><br>**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF JULIANNE HUNTER'S FIRST SET OF REQUESTS FOR PRODUCTION** |

1-   DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF JULIANNE HUNTER'S FIRST SET OF REQUESTS FOR PRODUCTION

143869179.9

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 1 of 68

Legacy Health and Legacy Emanuel Hospital & Health Center (collectively, "Legacy") hereby respond to Plaintiff's First Requests for Production as follows:

## GENERAL RESPONSES AND OBJECTIONS

1.      Legacy objects to Plaintiff's definitions and instructions to the extent they seek information outside the scope of discovery and/or to the extent they exceed what is required by federal and local rules.

2.      Because Plaintiff's requests for production state that "[i]t is not the propounding parties' intention to request production of privileged matter," Legacy does not include specific objections on the basis of privilege in its responses to each request. Legacy will withhold all privileged documents responsive to these requests for production and will provide a privilege log in accordance with its obligations under FRCP 26 (which does not require Legacy to provide the extensive amount of information that Plaintiff's instructions seek with respect to a privilege log).

3.      Many of Plaintiff's document requests seek information that is Legacy's confidential and sensitive business information or that may be protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") or its state equivalents. As Legacy has already informed Plaintiff's counsel, Legacy will produce non-privileged confidential or HIPAA-protected information only after the parties agree to, and the Court enters, a HIPAA-qualified protective order.

4.      Legacy objects to Plaintiff's definition of "Defendants" to the extent that it seeks documents that are not in Legacy's custody, possession, or control.

5.      Legacy objects to Plaintiff's definition of "Putative Oregon Class Members," "Putative Class Member," or "Class Member," because the term "nursing staff" is vague and ambiguous. Legacy also objects to the definitions of "Putative Oregon Class Members," "Putative Class Member," "Class Member," "Putative Class Time Period," and "Relevant Time Period," because they purport to include putative class members employed by Legacy from December 26,

2-     DEFENDANTS' RESPONSES AND OBJECTIONS
143869179.9     TO PLAINTIFF JULIANNE HUNTER'S FIRST SET
        OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 2 of 68

2012, through "the resolution of this action." Legacy objects to any definition of the purported class that includes a nebulous, continuing timeline. The appropriate time period for Legacy's responses to Plaintiff's requests for production is December 26, 2012, to the date Plaintiff initiated this action, *i.e.*, December 26, 2018.[1]

6.    Legacy objects to Plaintiff's definition of "Putative Collective Members" or "Collective Member," because the term "nursing staff" is vague and ambiguous. Legacy also objects to the definitions of "Putative Collective Members," "Collective Member," "Putative Collective Time Period," and "Relevant Time Period," because they purport to include putative collective action members employed by Legacy from December 26, 2012, through "the resolution of this action." Legacy objects to any definition of the purported collective action that includes a nebulous, continuing timeline. The appropriate time period for Legacy's responses to Plaintiff's requests for production is December 26, 2015, to the date Plaintiff initiated this action, *i.e.*, December 26, 2018.[2]

7.    Legacy further objects to the term "Putative Collective Members" because there are no current or former employees who would fall within Plaintiff's definition of the alleged putative collective action in paragraph 48 of Plaintiff's Complaint. As stated in Legacy's Answer, Affirmative Defenses, and Counterclaims to Plaintiff's Complaint, Plaintiff's definition of the alleged putative collective action presumes that Legacy used an exception-based reporting timekeeping system in the three years before Plaintiff filed her Complaint on December 26, 2018.

---

[1] By taking the position that the six-year period from December 26, 2012, to December 26, 2018, is the appropriate time period for discovery, Legacy does not intend to concede or waive, but instead intends to preserve, any arguments regarding applicable statutes of limitations, Plaintiff's adequacy to represent a purported class including employees from this time period, and any other argument regarding the FRCP 23 requirements for maintaining a class action.

[2] By taking the position that the three-year period from December 26, 2015, to December 26, 2018, is the appropriate time period for discovery, Legacy does not intend to concede or waive, but instead intends to preserve, any arguments regarding applicable statutes of limitations, Plaintiff's adequacy to represent a purported collective action including employees from this three-year time period, and any other argument regarding the Fair Labor Standards Act requirements for maintaining a collective action.

3-    DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF JULIANNE HUNTER'S FIRST SET OF REQUESTS FOR PRODUCTION

143869179.9

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 3 of 68

Plaintiff's underlying assumption is wrong: Legacy adopted MyTime, an active-clocking system on June 14, 2015, over three years before Plaintiff filed her Complaint.

8.      Legacy objects to the definition of "identify" when used in relation to a natural person because it is overbroad, unduly burdensome, unduly invasive of third-party privacy interests, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence. Legacy's "identification" of natural persons in its responses to these requests for production will be commensurate with the request and the needs of the case.

9.      Legacy objects to the definition of "identify" when used in relation to an entity, because it requests information that is readily and publicly available to Plaintiff and her counsel. Accordingly, to the extent Legacy "identifies" any entity in response to these requests for production, it will include sufficient information for Plaintiff's counsel to undertake their own research.

10.     Legacy objects to the definition of "identify" when used in relation to a document to the extent that it seeks Legacy to include "the identity of the Person whose testimony could be used to authenticate each document and who could lay the foundation for its introduction into evidence," because it requests Legacy's counsel to perform legal analysis on Plaintiff's behalf. To the extent Legacy "identifies" any document in response to these requests for production, it will not include that requested legal analysis.

11.     Legacy objects to the definitions of "communication," "describe," and "document" to the extent they are outside the scope of FRCP 34. Without limiting the foregoing objection, Legacy specifically objects to Plaintiff's request for oral communications, including communications not reduced to a writing or tangible document (including electronically stored documents). Requesting Legacy to produce all oral communications responsive to Plaintiff's exceptionally broad requests for production is impossible, unduly burdensome, not proportional to the needs of this case, and outside the scope of FRCP 34.

4-      DEFENDANTS' RESPONSES AND OBJECTIONS
143869179.9      TO PLAINTIFF JULIANNE HUNTER'S FIRST SET
        OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 4 of 68

12.     Legacy objects to Plaintiff's definition of "overtime" as being work in excess of 40 hours per week. Different Legacy employees—including hourly, non-exempt employees who hold patient-care positions—have different overtime thresholds. Some of those employees have an overtime threshold of hours worked in excess of 40 hours per week, while other employees have different overtime thresholds.

13.     By answering these requests for production, Legacy does not in any way waive or intend to waive, but instead intends to preserve, all objections as to the competency, relevancy, materiality, and admissibility of the responses or the subject matter thereof.

14.     Legacy reserves the right to supplement or amend these responses based upon later recollections, the recollections of persons presently unidentified or unavailable, or the discovery of additional documents or information.

15.     Each of these general objections is hereby specifically incorporated into each of the specific responses set forth below.

## SPECIFIC RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** All documents relating to communications, including but not limited to emails, by and between Defendant's supervisory employees, officers, executives, agents, and managers regarding Class Members, including but not limited to those relating to job duties, job assignments, timekeeping, clocking-in and clocking-out systems and processes, work schedules, compensation, rates of pay, per diems, expense reimbursements, minimum wage and overtime compensation, meal and rest breaks, premium pay, staffing levels, labor budgets, labor planning, safety protocols, and any other policy, guideline, or practice concerning Class members.

**RESPONSE:**

Legacy will produce copies of reasonably accessible written communications from and between agreed-upon supervisor or manager custodians regarding Plaintiff Julianne Hunter's job duties, job assignments, work schedules, compensation, rates of pay, overtime compensation, and

5-            DEFENDANTS' RESPONSES AND OBJECTIONS
143869179.9    TO PLAINTIFF JULIANNE HUNTER'S FIRST SET
             OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 5 of 68

meal and rest breaks from December 26, 2012 to the date Plaintiff Julianne Hunter resigned in lieu of termination, i.e., April 20, 2016. Legacy will also produce copies of reasonably accessible written communications from and between agreed-upon supervisor or manager custodians sufficient to show staffing levels, labor budgets, and labor planning at Legacy Emanuel Hospital & Health Center (which includes Randall Children's Hospital)[3] from December 26, 2012 to December 26, 2018. Subject to the Court entering a Stipulated Protective Order in this case, Legacy will begin producing the above-described written communications on May 30, 2019, and will continue to produce them on a rolling basis, with a goal to complete production no later than July 31, 2019.

Notwithstanding this response, Legacy objects to this sweeping request on the grounds that the request for production of "all documents relating to communications" regarding the identified subjects by and between all "supervisory employees, officers, executives, agents, and managers" regarding all alleged putative class members, with no apparent time limitation, is impossible, cumulative, vague, overbroad, unduly burdensome, and not proportional to the needs of this case. Specifically, this request seeks to have Legacy collect, review, and produce oral and written communications from approximately 500 custodians whose Microsoft Outlook Personal Storage Tables ("PSTs") alone comprise over 2 TB of data, at an estimated cost of $1,608,823.38 (excluding monthly hosting costs). Legacy further objects to this request because it seeks information that is not relevant to the claims or defenses in this suit, including, but not limited to, requests for communications regarding per diems, expense reimbursements, minimum wage compensation, and safety protocols. With respect to the request for communications relating to "any other policy, guideline, or practice concerning" putative class members, Legacy objects to that request because it is wholly duplicative of Request Number 4. In fact, much of the information

---

[3] Unless otherwise specified, Legacy Emanuel Hospital & Health Center, as used in these responses, includes Randall Children's Hospital.

6-       DEFENDANTS' RESPONSES AND OBJECTIONS
143869179.9    TO PLAINTIFF JULIANNE HUNTER'S FIRST SET
         OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 6 of 68

this request seeks pertaining to alleged putative class members is cumulative of documents and information sought in later requests. Legacy is withholding responsive documents in light of these objections.

**REQUEST NO. 2:**  All documents relating to communications, including but not limited to emails, by and between Defendant's supervisory employees, officers, executives, agents, and managers regarding Putative Collective Members, including but not limited to those relating to job duties, job assignments, timekeeping, clocking-in and clocking-out systems and processes, work schedules, compensation, rates of pay, per diems, expense reimbursements, minimum wage and overtime compensation, meal and rest breaks, premium pay, staffing levels, labor budgets, labor planning, safety protocols, and any other policy, guideline, or practice concerning Putative Collective members.

**RESPONSE:**

Legacy refers Plaintiff to the documents produced in response to Request for Production No. 1. To be clear, Legacy's production of written communications will be limited to those regarding Plaintiff Julianne Hunter.

Notwithstanding this response, Legacy objects to the request for documents relating to "Putative Collective Members," because there are no members of the alleged putative collective action as Plaintiff has defined it in paragraph 48 of her Complaint. Legacy further objects to this sweeping request on the grounds that the request for production of "all documents relating to communications" regarding the identified subjects by and between all "supervisory employees, officers, executives, agents, and managers" regarding all putative collective action members, with no apparent time limitation, is impossible, cumulative, vague, overbroad, unduly burdensome, and not proportional to the needs of this case. Specifically, this request seeks to have Legacy collect, review, and produce oral and written communications from approximately 500 custodians whose

7-

143869179.9

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF JULIANNE HUNTER'S FIRST SET
OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 7 of 68

PSTs alone comprise over 2 TB of data, at an estimated cost of $1,608,823.38 (excluding monthly hosting costs). Legacy further objects to this request because it seeks information that is not relevant to the claims or defenses in this suit, including, but not limited to, requests for communications regarding per diems, expense reimbursements, minimum wage compensation, and safety protocols. With respect to the request for communications relating to "any other policy, guideline, or practice concerning" putative collective action members, Legacy objects to that request because it is wholly duplicative of Request Number 4. In fact, much of the information this request seeks pertaining to putative collective action members is duplicative of documents and information sought in later requests. Legacy is withholding responsive documents in light of these objections.

**REQUEST NO. 3:**  All documents relating to the job description(s) of Plaintiff, Putative Class Members, and Putative Collective members, and any documents concerning any variations in title, type, level, compensation, and/or grade regarding those job descriptions.

**RESPONSE:**

Legacy will produce copies of reasonably accessible documents sufficient to show the job description(s) of Plaintiff Julianne Hunter, as well as the titles and job descriptions of the categories of hourly, non-exempt staff or employees that Legacy understands Plaintiff contends are putative class members. Legacy's documents produced in response to this request will be limited to December 26, 2012 to December 26, 2018 and will be limited to only those documents relating to employees at Legacy Emanuel Hospital & Health Center. Subject to the Court entering a Stipulated Protective Order in this case, Legacy will begin producing the above-described documents on May 30, 2019 and will continue to produce them on a rolling basis, with a goal to complete production no later than June 30, 2019.

Notwithstanding this response, Legacy objects to this request on the grounds that the request for production of "all documents relating to" the information sought in this request, with

8-

143869179.9

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF JULIANNE HUNTER'S FIRST SET
OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 8 of 68

no apparent time limitation, is overly broad, unduly burdensome, disproportionate to the needs of this case, and seeks documents not related to the claims or defenses in this lawsuit. For instance, this request is so broad that it would require Legacy to collect, review, and produce all internal emails discussing job titles, job descriptions, and so on. Legacy further objects to the request for documents relating to the compensation amount for each of the job titles because that pertains to the amount of damages and not to whether Plaintiff can maintain this action as a class or collective action. Additionally, Legacy objects to the request for documents relating to the "title," "type," and "grade" of job positions, because those terms are vague and ambiguous, even in the context of this request. Additionally, Legacy objects to the request for documents relating to "Putative Collective Members," because there are no members of the alleged putative collective action as Plaintiff has defined it in paragraph 48 of her Complaint. Legacy is withholding responsive documents in light of these objections.

**REQUEST NO. 4:**  All documents relating to policies, procedures, guidelines, handbooks, manuals, or practices applicable to Plaintiff, Putative Class Members, and Putative Collective Members, including but not limited to the following categories: (1) human resources policies and practices; (2) payroll policies and practices; (3) timekeeping practices; (4) meal and rest break practices; (5) working overtime; (6) nursing staff's ethical responsibilities; (7) nursing staff's prioritization of patient care; (8) policies and practices regarding reporting missed/interrupted meal and rest breaks; (9) policies and practices of reporting time worked while off-the-clock; and (10) policies and practices of verifying all compensable hours worked.

**RESPONSE:**

Legacy will produce an index listing all human resources policies that are currently in effect system-wide for Plaintiff's counsel to review and identify which policies, specifically, Plaintiff

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF JULIANNE HUNTER'S FIRST SET
OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 9 of 68

wishes Legacy to produce in response to this request. Legacy is prepared to produce this index as soon as the Court enters a Stipulated Protective Order in this case.

Notwithstanding this response, Legacy objects to this request on the grounds that the request for production of "all documents relating to" the requested material, with no apparent time limitation, is vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of this case. Legacy objects to the request to the extent that it would, for example, require Legacy to identify and produce policies related solely to patient health care, general human resources issues, general payroll issues, and general ethical requirements for nurses, all of which are unrelated to the claims or defenses in this lawsuit. Legacy further objects to the request to the extent it would require Legacy to search records that are not reasonably accessible, related to policies that are no longer in effect and which have no current analogue. Additionally, Legacy objects to the request for documents relating to "Putative Collective Members," because there are no members of the alleged putative collective action as Plaintiff has defined it in paragraph 48 of her Complaint. Legacy is withholding responsive documents in light of these objections.

**REQUEST NO. 5:**  All documents relating to any investigation, inquiry, measurement, or report that relates to or concerns waiting time, meal and rest breaks, off-the-clock work, or time required for donning and doffing, by Class and Collective members that Defendant performed in the last 10 years.

**RESPONSE:**

Legacy objects to this request because it does not seek information that pertains to whether Plaintiff can maintain this action as a class action; instead, it seeks information that is solely related to the merits of this case and is thus premature unless or until a class action is certified under FRCP 23. Legacy further objects the use of the terms "waiting time" and "measurement" as being vague and ambiguous.  Legacy further objects to this request because it seeks information that is not

10-

143869179.9

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF JULIANNE HUNTER'S FIRST SET OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 10 of 68

relevant to the claims or defenses in this suit, including, but not limited to, "time required for donning and doffing." Legacy further objects to the time period specified in this request, because "the last 10 years" is outside the applicable time period and statute of limitations related to Plaintiff's claims. Legacy further objects to this request on the grounds that the request for production of "*all* documents relating to *any*" of the identified kinds of investigations or inquiries is overbroad, unduly burdensome, and disproportionate to the needs of this case. Additionally, Legacy objects to the request for documents relating to "Putative Collective Members," because there are no members of the alleged putative collective action as Plaintiff has defined it in paragraph 48 of her Complaint. Legacy is withholding responsive documents in light of these objections.

**REQUEST NO. 6:**  All timekeeping records regarding the arrival and/or departure times for Putative Class and Collective Members during the Relevant Time Periods.

**RESPONSE:**

Legacy will produce copies of reasonably accessible timekeeping records sufficient to show the arrival and/or departure times for Plaintiff Julianne Hunter from December 26, 2012 to April 20, 2016. Legacy is prepared to produce the above-described timekeeping records as soon as the Court enters a Stipulated Protective Order in this case.

Notwithstanding this response, Legacy objects that, to the extent this request seeks responsive documents from hospitals and clinics other than Legacy Emanuel Hospital & Health Center, it is overbroad, unduly burdensome, disproportionate to the needs of this case, and premature in that the timekeeping records appear to be relevant only for the purpose of calculating damages (if they were found to exist). Legacy further objects to producing timekeeping records regarding the alleged putative class and collective action members, because the Court has certified neither a class nor a collective action, and Plaintiff has failed to sufficiently define the alleged class

11-

143869179.9

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF JULIANNE HUNTER'S FIRST SET OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 11 of 68

or collective action so that Legacy can adequately identify which employees' timekeeping records would be responsive to this request, and the driving theory behind litigating claims as a class action is that a plaintiff's claims can be proven on a classwide basis, obviating the need for the kind of individual-specific discovery that this request seeks. Additionally, Legacy objects to the request for documents relating to "Putative Collective Members," because there are no members of the alleged putative collective action as Plaintiff has defined it in paragraph 48 of her Complaint. Legacy is withholding responsive documents in light of these objections.

**REQUEST NO. 7:**  All documents reflecting attendance at trainings for Putative Class and Collective Members during the Relevant Time Periods.

**RESPONSE:**

Legacy will produce copies of reasonably accessible documents sufficient to show wage and hour trainings available to Plaintiff Julianne Hunter from December 26, 2012 to April 20, 2016. Subject to the Court entering a Stipulated Protective Order in this case, Legacy will begin producing the above-described documents on May 30, 2019 and will continue to produce them on a rolling basis, with a goal to complete production in response to this request no later than June 30, 2019.

Notwithstanding this response, Legacy objects that this request is overbroad, unduly burdensome, and disproportionate to the needs of this case. Specifically, Legacy objects to this request to the extent it seeks documents specific to individual alleged putative class and collective action members, because the Court has certified neither a class nor a collective action, Plaintiff has failed to sufficiently define the alleged class or collective action so that Legacy can adequately identify which documents would be responsive to this request, and the driving theory behind litigating claims as a class action is that a plaintiff's claims can be proven on a classwide basis, obviating the need for the kind of individual-specific discovery that this request seeks. Legacy

12-
143869179.9

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF JULIANNE HUNTER'S FIRST SET
OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 12 of 68

further objects to this request because it seeks documents that are not relevant to any claim or defense in this lawsuit in at least two respects. First, it is not clear how individual employees' "attendance at trainings" will assist Plaintiff in either seeking certification or in seeking to establish liability. Second, the request broadly seeks attendance at trainings of any kind—for example, it seeks documents regarding attendance at trainings solely related to patient healthcare or emergency protocols, neither of which are relevant to the claims or defenses in this lawsuit. Additionally, Legacy objects to the request for documents relating to "Putative Collective Members," because there are no members of the alleged putative collective action as Plaintiff has defined it in paragraph 48 of her Complaint.  Legacy is withholding responsive documents in light of these objections.

**REQUEST NO. 8:**  All documents relating to new hire paperwork for Putative Class and Collective Members during the Relevant Time Periods.

**RESPONSE:**

Legacy will produce Plaintiff Julianne Hunter's personnel file, in response to Request No. 39. Ms. Hunter's personnel file may include what Plaintiff considers "new hire paperwork," such as new hire competency assessments, Ms. Hunter's pre-employment background check and reference verifications, a new hire information checklist, an offer of employment, and certain nursing orientation materials. Legacy is prepared to produce the above-described personnel file as soon as the Court enters a Stipulated Protective Order in this case.

Notwithstanding this response, Legacy objects that the term "new hire paperwork" is vague and ambiguous. Additionally, Legacy objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks documents specific to individual alleged putative class and collective action members, because the Court has certified neither a class nor a collective action, Plaintiff has failed to sufficiently define the alleged class or collective

13-

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF JULIANNE HUNTER'S FIRST SET OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 13 of 68

action so that Legacy can adequately identify which documents would be responsive to this request, and the driving theory behind litigating claims as a class action is that a plaintiff's claims can be proven on a classwide basis, obviating the need for the kind of individual-specific discovery that this request seeks. The request for "all documents relating to new hire paperwork" is also overbroad, unduly burdensome, and disproportionate to the needs of this case, because it arguably seeks every email during the applicable time periods regarding new hires. Additionally, Legacy objects to the request for documents relating to "Putative Collective Members," because there are no members of the alleged putative collective action as Plaintiff has defined it in paragraph 48 of her Complaint. Legacy is withholding responsive documents in light of these objections.

**REQUEST NO. 9:** All orientation documents for Putative Class and Collective Members during the Relevant Time Periods.

**RESPONSE:**

Legacy will produce reasonably accessible documents sufficient to show new hire orientation materials used from December 26, 2012 to December 26, 2018 at Legacy Emanuel Hospital & Health Center that relate to hourly, non-exempt employee timekeeping, attendance, pay, and/or meal periods and rest breaks. Subject to the Court entering a Stipulated Protective Order in this case, Legacy will begin producing the above-described documents on May 30, 2019 and will continue to produce them on a rolling basis, with a goal to complete production in response to this request no later than June 30, 2019.

Notwithstanding this response, Legacy objects to this request on the grounds that the request for production of all "orientation documents"—regardless of subject matter—is vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of this case. Legacy objects to the request to the extent it would, for example, require Legacy to identify and produce training materials related solely to patient health care or other topics that are unrelated to the claims

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF JULIANNE HUNTER'S FIRST SET
OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Exhibit 1
Page 14 of 68

or defenses in Plaintiff's lawsuit. Specifically, Legacy objects to this request to the extent it seeks documents specific to individual alleged putative class and collective action members, because the Court has certified neither a class nor a collective action, Plaintiff has failed to sufficiently define the alleged class or collective action so that Legacy can adequately identify which documents would be responsive to this request, and the driving theory behind litigating claims as a class action is that a plaintiff's claims can be proven on a classwide basis, obviating the need for the kind of individual-specific discovery that this request seeks. Additionally, Legacy objects to the request for documents relating to "Putative Collective Members," because there are no members of the alleged putative collective action as Plaintiff has defined it in paragraph 48 of her Complaint. Legacy is withholding responsive documents in light of these objections.

**REQUEST NO. 10:**  All documents relating to identification badge data for Putative Class and Collective Members during the Relevant Time Periods.   As used in this Request, "identification badge data" refers to any documents or records, electronically or otherwise, generated whenever Putative Class or Collective Members swipe an identification badge for ingress or egress to any facility or location.

**RESPONSE:**

Legacy will conduct a reasonable search of its records to determine whether security badge data for Plaintiff Julianne Hunter from December 26, 2012 to April 20, 2016, is reasonably accessible and, if it is, Legacy will produce that data.  Subject to the Court entering a Stipulated Protective Order in this case, Legacy will begin producing the above-described documents on June 30, 2019 and will continue to produce them on a rolling basis, with a goal to complete production in response to this request no later than July 31, 2019.

Notwithstanding this response, Legacy objects to this request because it does not seek information that pertains to whether Plaintiff can maintain this action as a class action; instead, it

15-

143869179.9

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF JULIANNE HUNTER'S FIRST SET
OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 15 of 68

seeks information that is solely related to the merits of this case and is thus premature unless or until a class action is certified under FRCP 23. Legacy further objects that this request is overbroad, unduly burdensome, disproportionate to the needs of this case, and not relevant to the claims or defenses in this lawsuit. Legacy further objects to this request because the term "location" is vague and ambiguous. Additionally, Legacy objects to the request for documents relating to "Putative Collective Members," because there are no members of the alleged putative collective action as Plaintiff has defined it in paragraph 48 of her Complaint. Legacy is withholding responsive documents in light of these objections.

**REQUEST NO. 11:**  All documents relating to "exception forms" for Putative Class and Collective Members during the Relevant Time Periods.  As used in this Request, "exception forms" is intended to include, but is not limited to, documents that are used and/or completed when Putative Class and Collective Members report they did not receive a meal break.

**RESPONSE:**

Legacy refers Plaintiff to Plaintiff Julianne Hunter's timekeeping records produced in response to Request for Production No. 6.

Notwithstanding this response, Legacy objects to this request because it does not seek information that pertains to whether Plaintiff can maintain this action as a class action; instead, it seeks information that is solely related to the merits of this case and is thus premature unless or until a class action is certified under FRCP 23. Legacy further objects that this request is overbroad, unduly burdensome, disproportionate to the needs of this case, and not relevant to the claims or defenses in this lawsuit. Specifically, Legacy objects to this request to the extent it seeks documents specific to individual alleged putative class and collective action members, because the Court has certified neither a class nor a collective action, Plaintiff has failed to sufficiently define the alleged class or collective action so that Legacy can adequately identify which documents

16-

143869179.9

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF JULIANNE HUNTER'S FIRST SET OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 16 of 68

would be responsive to this request, and the driving theory behind litigating claims as a class action is that a plaintiff's claims can be proven on a classwide basis, obviating the need for the kind of individual-specific discovery that this request seeks. Legacy further objects to this request because the term "exception forms" is vague and ambiguous, even in the context of this request. Additionally, the request for "all documents relating to" the requested information is also overbroad, unduly burdensome, and disproportionate to the needs of this case because it would require Legacy to sift through an excessive number of documents to determine whether any of them "relate to" Legacy's understanding of the term "exception forms," which is a vague and ambiguous term. Additionally, Legacy objects to the request for documents relating to "Putative Collective Members," because there are no members of the alleged putative collective action as Plaintiff has defined it in paragraph 48 of her Complaint. Legacy is withholding responsive documents in light of these objections.

### REQUEST NO. 12:

A list identifying all Putative Oregon Class Members from December 26, 2012, to the present. The list should include each Putative Oregon Class Members' name, job title(s), last-known address, last-known phone number, last-known email address, dates of employment, location at which the employee worked, and social security numbers.

### RESPONSE:

Legacy objects to this request because it is a transparent attempt to shift the burden and expense of developing a class list from Plaintiff onto Legacy, when Legacy does not maintain a list of the kind that this request seeks as part of its normal course of business. Class lists are for the purpose of Rule 23 class notification and are not within the scope of Rule 26 discovery. Further, Plaintiff's definition of the purported class action is vague and ambiguous, and no class has been certified by the Court, rendering it infeasible for Legacy to identify which staff or employees

17-    DEFENDANTS' RESPONSES AND OBJECTIONS
143869179.9    TO PLAINTIFF JULIANNE HUNTER'S FIRST SET
OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 17 of 68

should be included in a class list.  Additionally, Legacy objects to this request because Plaintiff's definition of "identify"—both with respect to the general definitions and with respect to this specific request for production—is overbroad, unduly burdensome, unduly invasive of Legacy's employees' privacy interests, not proportional to the current needs of the case, not relevant to the claims or defenses in this lawsuit, and premature (unless and until a class is certified under FRCP 23). Legacy is withholding responsive documents in light of these objections.

**REQUEST NO. 13:**  A list identifying all Putative Collective Members from December 26, 2015, to the present. The list should include each Putative Collective Members' name, last-known address, last-known phone number, last-known email address, dates of employment, location at which the employee worked, and social security numbers.

**RESPONSE:**

Legacy objects to the request for a list of "Putative Collective Members," because there are no members of the alleged putative collective action as Plaintiff has defined it in paragraph 48 of her Complaint. Legacy further objects to this request because it is a transparent attempt to shift the burden and expense of developing a class list from Plaintiff onto Legacy, when Legacy does not maintain a list of the kind that this request seeks as part of its normal course of business. Class lists are for the purpose of FLSA class notification and are not within the scope of Rule 26 discovery. Further, Plaintiff's definition of the alleged members of the purported collective action is vague and ambiguous, and no collective action has been certified by the Court, rendering it infeasible for Legacy to identify which staff or employees should be included in a class list.  Additionally, Legacy objects to this request because Plaintiff's definition of "identify"—both with respect to the general definitions and with respect to this specific request for production—is overbroad, unduly burdensome, unduly invasive of Legacy's employees' privacy interests, not proportional to the current needs of the case, not relevant to the claims or defenses in this lawsuit, and premature

18-
143869179.9

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF JULIANNE HUNTER'S FIRST SET
OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 18 of 68

(unless and until a collective action is conditionally certified under FLSA). Legacy is withholding responsive documents in light of these objections.

**REQUEST NO. 14:**  A list identifying all individuals who managed or supervised Plaintiff and Putative Class and Collective Members during the Relevant Time Periods, including but not limited to managers, supervisors, and charge nurses.  The list should include the name of each manager, supervisor, or charge nurse, their job title, each location at which they worked, last-known address, last-known phone number, last-known email address, and dates of employment.

**RESPONSE:**

Legacy refers Plaintiff to its response to Interrogatory No. 6 for a list of supervisors and managers who oversaw Plaintiff Julianne Hunter during her period of employment at Legacy Emanuel Hospital & Health Center.

Notwithstanding this response, Legacy objects to this request because it seeks to have Legacy create a list that it does not maintain during the ordinary course of its business, something that Legacy is not required to do under FRCP 26 or 34. Additionally, Legacy objects that, to the extent this request seeks a list of every individual who managed or supervised every alleged putative class or collective action member at every hospital and clinic in the Legacy Health System, it is overbroad, unduly burdensome, disproportionate to the needs of this case, and not relevant to the claims or defenses in this lawsuit. It is highly unlikely that Plaintiff needs to speak to or know the identity of over 500 individuals who exercise managerial or supervisory duties over the alleged putative class and collective action members. Legacy also objects that this request is unduly invasive of third-party employees' privacy interests to the extent that it requests their personal contact information. Additionally, Legacy objects to the request for documents relating to "Putative Collective Members," because there are no members of the alleged putative collective

19-

143869179.9

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF JULIANNE HUNTER'S FIRST SET
OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 19 of 68

action as Plaintiff has defined it in paragraph 48 of her Complaint. Legacy is not withholding any responsive documents in light of these objections; they simply do not exist.

**REQUEST NO. 15:**  All documents relating to any work schedules Plaintiff and Putative Class and Collective Members were required to work for Defendant during the Relevant Time Periods.

**RESPONSE:**

Legacy will conduct a reasonable search of its records to determine whether copies of work schedules for Plaintiff Julianne Hunter from December 26, 2012 to April 20, 2016 are reasonably accessible and, if so, Legacy will produce those reasonably accessible copies. Subject to the Court entering a Stipulated Protective Order in this case, Legacy will begin producing the above-described documents on June 30, 2019, and will continue to produce them on a rolling basis, with a goal to complete production no later than July 31, 2019.

Notwithstanding this response, Legacy objects to this request because it does not seek information that pertains to whether Plaintiff can maintain this action as a class action; instead, it seeks information that is solely related to the merits of this case and is thus premature unless or until a class action is certified under FRCP 23. Legacy further objects that this request is overbroad, unduly burdensome, disproportionate to the needs of this case, and premature for at least two reasons. First, Legacy objects to producing the work schedules of every alleged putative class or collective member and/or from hospitals and clinics other than Legacy Emanuel Hospital & Health Center, because the work schedules appear to be relevant only for the purpose of calculating damages (if they were found to exist), because the Court has certified neither a class nor a collective action, and because and Plaintiff has failed to sufficiently define the alleged class or collective action so that Legacy can adequately identify which employees' work schedules would be responsive to this request, and the driving theory behind litigating claims as a class action is

20-

143869179.9

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF JULIANNE HUNTER'S FIRST SET
OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 20 of 68

that a plaintiff's claims can be proven on a classwide basis, obviating the need for the kind of individual-specific discovery that this request seeks. Second, the request for "all documents relating to any work schedules" would require Legacy to sift through an excessive number of documents to determine whether any of them "relate to" what Legacy understands are "work schedules." Additionally, Legacy objects to the request for documents relating to "Putative Collective Members," because there are no members of the alleged putative collective action as Plaintiff has defined it in paragraph 48 of her Complaint. Legacy is withholding responsive documents in light of these objections.

**REQUEST NO. 16:**  All documents reflecting the actual hours Plaintiff and Putative Class and Collective Members worked for Defendant during the Relevant Time Periods.

**RESPONSE:**

Legacy objects to the premise underlying this request, i.e., that the "actual hours" worked by any hourly, non-exempt employee would differ from that employee's arrival and departure times reflected in their timekeeping records. Legacy's policies, procedures, and practices require all hourly, non-exempt employees to remain "on-the-clock" while performing any work duties. Therefore, Legacy refers Plaintiff to the documents produced in response to Request for Production No. 6.

Notwithstanding this response, Legacy objects to this request because it does not seek information that pertains to whether Plaintiff can maintain this action as a class action; instead, it seeks information that is solely related to the merits of this case and is thus premature unless or until a class action is certified under FRCP 23. Legacy further objects that this request is overbroad, unduly burdensome, disproportionate to the needs of this case, and seeks documents that are not relevant to the claims or defenses in this case. Specifically, to the extent this request seeks documents specific to individual alleged putative class and collective action members, because the

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF JULIANNE HUNTER'S FIRST SET
OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 21 of 68

Court has certified neither a class nor a collective action, Plaintiff has failed to sufficiently define the alleged class or collective action so that Legacy can adequately identify which documents would be responsive to this request, and the driving theory behind litigating claims as a class action is that a plaintiff's claims can be proven on a classwide basis, obviating the need for the kind of individual-specific discovery that this request seeks. Legacy further objects to this request because the phrase "actual hours" is vague, ambiguous, and denotes a legal conclusion. Additionally, Legacy objects to the request for documents relating to "Putative Collective Members," because there are no members of the alleged putative collective action as Plaintiff has defined it in paragraph 48 of her Complaint. Legacy is withholding responsive documents in light of these objections.

**REQUEST NO. 17:**  All timesheets or time records reflecting any hours Plaintiff and Putative Class and Collective Members worked during the Relevant Time Period.  This request includes, without limitation, documents, electronic or otherwise, generated or created by any systems used to track work time.  It also includes documents reflecting edits, changes, alterations, adjustments to time records, in both electronic and paper form.  This request further includes any summaries, reports, or compilations of hours worked by Putative Class and Collective Members.

**RESPONSE:**

Legacy will conduct a reasonable search of its records to determine whether copies of audit logs for Plaintiff Julianne Hunter's time cards from December 26, 2012 to April 20, 2016 are reasonably accessible and, if so, Legacy will produce those reasonably accessible copies. Subject to the Court entering a Stipulated Protective Order in this case, Legacy will begin producing the above-described documents on June 30, 2019, and will continue to produce them on a rolling basis, with a goal to complete production no later than July 31, 2019. Legacy states that it does not maintain any other "summaries, reports, or compilations of hours worked" by its employees.

22-

143869179.9

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF JULIANNE HUNTER'S FIRST SET OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 22 of 68

Legacy also refers Plaintiff to the documents regarding Plaintiff Julianne Hunter produced in response to Request for Production Nos. 6 and 15. Additionally, Legacy will produce copies of reasonably accessible timesheet adjustments for Plaintiff Julianne Hunter from December 26, 2012 to April 20, 2016. Subject to the Court entering a Stipulated Protective Order in this case, Legacy will begin producing the above-described documents on May 30, 2019, and will continue to produce them on a rolling basis, with a goal to complete production no later than June 30, 2019.

Notwithstanding this response, Legacy objects to this request because it does not seek information that pertains to whether Plaintiff can maintain this action as a class action; instead, it seeks information that is solely related to the merits of this case and is thus premature unless or until a class action is certified under FRCP 23. Legacy further objects to this sweeping request on the grounds that the request for production of all documents "without limitation" regarding the identified subjects for all alleged putative class members, is cumulative, vague, overbroad, unduly burdensome, not proportional to the needs of this case and duplicative in that it would require Legacy to produce identical records in both electronic and paper form. Legacy further objects to the extent this request seeks documents specific to individual alleged putative class and collective action members, because the Court has certified neither a class nor a collective action, Plaintiff has failed to sufficiently define the alleged class or collective action so that Legacy can adequately identify which documents would be responsive to this request, and the driving theory behind litigating claims as a class action is that a plaintiff's claims can be proven on a classwide basis, obviating the need for the kind of individual-specific discovery that this request seeks. Additionally, Legacy objects to the request for documents relating to "Putative Collective Members," because there are no members of the alleged putative collective action as Plaintiff has defined it in paragraph 48 of her Complaint. Legacy is withholding responsive documents in light of these objections.

23-

143869179.9

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF JULIANNE HUNTER'S FIRST SET OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 23 of 68

**REQUEST NO. 18:**  All documents relating to the creation, administration, preparation, completion, and/or maintenance of timesheets or time records used by Plaintiff and Putative Class and Collective Members during the Relevant Time Periods.

**RESPONSE:**

Legacy's production of copies of documents responsive to this request will be the same in substance and on the same terms as its production of copies of documents in Response to Request for Production Nos. 1, 2, 4, 6 and 11.

Notwithstanding this response, Legacy objects that this request in its entirety is vague and ambiguous and appears to be a "catchall" request for all documents having anything to do with timesheets or time records. In that sense, it is cumulative, overbroad, unduly burdensome, not proportional to the needs of this case, and seeks documents that are not relevant to the claims or defenses in this lawsuit. Legacy further objects to the extent this request seeks documents specific to individual alleged putative class and collective action members, because the Court has certified neither a class nor a collective action, Plaintiff has failed to sufficiently define the alleged class or collective action so that Legacy can adequately identify which documents would be responsive to this request, and the driving theory behind litigating claims as a class action is that a plaintiff's claims can be proven on a classwide basis, obviating the need for the kind of individual-specific discovery that this request seeks. Additionally, Legacy objects to the request for documents relating to "Putative Collective Members," because there are no members of the alleged putative collective action as Plaintiff has defined it in paragraph 48 of her Complaint. Legacy is withholding responsive documents in light of these objections.

**REQUEST NO. 19:**  For every timekeeping system utilized by Defendant during the Relevant Time Periods, produce all documents (including studies, analyses, reports, memoranda, emails, and notes) concerning any decision to replace a timekeeping system in use and implement

24-

143869179.9

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF JULIANNE HUNTER'S FIRST SET
OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 24 of 68

a new system.  This includes implementation and/or removal of any automatic time deduction systems.

**RESPONSE:**

Legacy will produce reasonably accessible non-privileged documents from an agreed-upon custodian or set of custodians regarding the decision to switch from the L-Time to the MyTime timekeeping system from December 26, 2012 to December 26, 2018. Subject to the Court entering a Stipulated Protective Order in this case, Legacy will begin producing the above-described documents on May 30, 2019, and will continue to produce them on a rolling basis, with a goal to complete production no later than August 15, 2019.

Notwithstanding this response, Legacy objects to this request because it is overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks "*all* documents" concerning "*any* decision" to replace Legacy's timekeeping system. Legacy further objects to this request because seeks documents that are not relevant to the claims or defenses in this lawsuit. Additionally, Legacy objects to the request for documents relating to "Putative Collective Members," because there are no members of the alleged putative collective action as Plaintiff has defined it in paragraph 48 of her Complaint. Legacy is withholding responsive documents in light of these objections.


**REQUEST NO. 20:**  All documents from the Relevant Time Periods relating to Plaintiff's and Putative Class and Collective Members' hours of work, including but not limited to: when Plaintiff and Putative Class and Collective Members arrive at and leave Defendant's hospitals, clinics, and other locations; when they clock in and clock out for their shifts; if they are required to complete any work prior to clocking in and/or after clocking out of work; if they are required to don/doff their uniforms or equipment prior to clocking in and/or after clocking out of work; and if they are required to complete any other work, including cleaning, assisting hospital personnel,

25-

143869179.9

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF JULIANNE HUNTER'S FIRST SET OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 25 of 68

charting, training, education, or meetings, "off-the-clock". This request includes, without limitation, all policies, practices, procedures, and correspondence concerning how and when Putative Class and Collective Members record their time worked during such periods, including training materials.

**RESPONSE:**

Legacy's production of copies of documents responsive to this request will be the same in substance and on the same terms as its production of copies of documents in to Request for Production Nos. 1, 2, 3, 4, 6, 7, 9, 10, and 11.

Notwithstanding this response, Legacy objects to this request because it does not seek information that pertains to whether Plaintiff can maintain this action as a class action; instead, it seeks information that is solely related to the merits of this case and is thus premature unless or until a class action is certified under FRCP 23. Legacy further objects to this sweeping "catchall" request on the grounds that the request for production of "all documents relating to hours of work" regarding all putative class and putative collective action members, is cumulative, vague, overbroad, unduly burdensome, and not proportional to the needs of this case. Specifically, this request is so broad that it would require Legacy to collect, review, and produce correspondence from approximately 500 custodians whose PSTs alone comprise over 2 TB of data, at an estimated cost of $1,608,823.38 (excluding monthly hosting costs). Legacy further objects to the extent this request seeks documents specific to individual alleged putative class and collective action members, because the Court has certified neither a class nor a collective action, Plaintiff has failed to sufficiently define the alleged class or collective action so that Legacy can adequately identify which documents would be responsive to this request, and the driving theory behind litigating claims as a class action is that a plaintiff's claims can be proven on a classwide basis, obviating the need for the kind of individual-specific discovery that this request seeks. Legacy further objects to this request because it seeks information that is not relevant to the

26-
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF JULIANNE HUNTER'S FIRST SET OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 26 of 68

claims or defenses in this suit, including, but not limited to, donning and doffing. With respect

to the request for documents relating to "all policies, practices, procedures, and correspondence,"

Legacy objects to that request because it is wholly duplicative of Request for Production

Numbers 1, 2, 3, 4, 6, 7, 9, 10, and 11. Legacy further objects to the request to the extent it would

require Legacy to search records that are not reasonably accessible, related to policies that are no

longer in effect and which have no current analogue. Additionally, Legacy objects to the request

for documents relating to "Putative Collective Members," because there are no members of the

alleged putative collective action as Plaintiff has defined it in paragraph 48 of her Complaint.

Legacy is withholding responsive documents in light of these objections.

**REQUEST NO. 21:** All documents or other records relating to Plaintiff's and Putative

Class and Collective Members' request(s), concern(s), question(s), or complaint(s) – oral or

written – about their work during the Relevant Time Periods, including but not limited to work

"off-the-clock", work before the beginning of their paid shifts, work after the end of their paid

shifts interrupted or missed meal breaks, interrupted or missed rest breaks, automatic deduction of

30 minutes for meal breaks, unpaid trainings, or compensation for time worked.

**RESPONSE:**

Legacy will produce reasonably accessible responsive records relating Plaintiff Julianne

Hunter's written request(s), concern(s), question(s), or complaint(s) regarding missed meals or rest

breaks from December 26, 2012 to April 20, 2016 from an agreed-upon set of custodians. Subject

to the Court entering a Stipulated Protective Order in this case, Legacy will begin producing the

above-described records on May 30, 2019, and will continue to produce them on a rolling basis,

with a goal to complete production no later than June 30, 2019.

Notwithstanding this response, Legacy objects to this request because it does not seek

information that pertains to whether Plaintiff can maintain this action as a class action; instead, it

27-

143869179.9

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF JULIANNE HUNTER'S FIRST SET
OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 27 of 68

seeks information that is solely related to the merits of this case and is thus premature unless or until a class action is certified under FRCP 23. Legacy further objects to this sweeping request on the grounds that the request for production of "all documents or other records relating to" every alleged putative class and collective action member's "request(s), concern(s), question(s), or complaint(s) – oral or written" is cumulative, vague, overbroad, unduly burdensome, and not proportional to the needs of this case. Specifically, this request seeks to have Legacy collect, review, and produce oral and written correspondence from approximately 500 custodians whose PSTs alone comprise over 2 TB of data, at an estimated cost of $1,608,823.38 (excluding monthly hosting costs). Legacy further objects to the extent this request seeks documents specific to individual alleged putative class and collective action members, because the Court has certified neither a class nor a collective action, Plaintiff has failed to sufficiently define the alleged class or collective action so that Legacy can adequately identify which documents would be responsive to this request, and the driving theory behind litigating claims as a class action is that a plaintiff's claims can be proven on a classwide basis, obviating the need for the kind of individual-specific discovery that this request seeks. Legacy further objects to this request because it seeks documents that are not relevant to the claims or defenses in this lawsuit, because the request for "all documents or other records . . . about [the alleged putative class and collective action members'] work" arguably seeks communications solely related to patient care. Legacy further objects to the request for oral communications because it is overbroad, unduly burdensome, not proportional to the needs of this case, and outside the scope of FRCP 26 and 34—it would require Legacy to interview over 500 Legacy employees to determine whether any such oral communications were made either to or by them concerning the subject matter. Additionally, Legacy objects to the request for documents relating to "Putative Collective Members," because there are no members of the alleged putative collective action as Plaintiff has defined it in paragraph 48 of her Complaint. Legacy is withholding responsive documents in light of these objections.

28-

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF JULIANNE HUNTER'S FIRST SET OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 28 of 68

**REQUEST NO. 22:** All documents from the Relevant Time Periods relating to Plaintiff's and Putative Class and Collective Members' meal breaks. This request includes, without limitation, all policies, practices, procedures, and correspondence concerning such meal breaks, including how and when Plaintiff and Putative Class and Collective Members record their time worked during such periods or record a missed or interrupted meal break, including training materials.

**RESPONSE:**

Legacy refers Plaintiff to documents produced in response to Request for Production Nos. 1, 2, 4, 6, 7, 9, 20, and 21.

Notwithstanding this response, Legacy objects to this request because it does not seek information that pertains to whether Plaintiff can maintain this action as a class action; instead, it seeks information that is solely related to the merits of this case and is thus premature unless or until a class action is certified under FRCP 23. Legacy further objects to this request because it is cumulative of other requests, unduly burdensome, and disproportionate to the needs of this case. Specifically, this request is so broad that it would require Legacy to collect, review, and produce oral and written correspondence from approximately 500 custodians whose PSTs alone comprise over 2 TB of data, at an estimated cost of $1,608,823.38 (excluding monthly hosting costs). Legacy further objects to the extent this request seeks documents specific to individual alleged putative class and collective action members, because the Court has certified neither a class nor a collective action, Plaintiff has failed to sufficiently define the alleged class or collective action so that Legacy can adequately identify which documents would be responsive to this request, and the driving theory behind litigating claims as a class action is that a plaintiff's claims can be proven on a classwide basis, obviating the need for the kind of individual-specific discovery that this request seeks. Legacy further objects to this request because it is overbroad to the extent it seeks

29-

143869179.9

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF JULIANNE HUNTER'S FIRST SET OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Exhibit 1
Page 29 of 68

"all documents…without limitation" concerning the requested information. Additionally, Legacy objects to the request for documents relating to "Putative Collective Members," because there are no members of the alleged putative collective action as Plaintiff has defined it in paragraph 48 of her Complaint. Legacy is withholding responsive documents in light of these objections.

**REQUEST NO. 23:**  All documents or other records relating to Plaintiff's and Putative Class and Collective Members' request(s), concern(s), question(s), or complaint(s) – oral or written – regarding meal breaks, including, but not limited to, regarding the availability and/or denial of meal breaks made during the Relevant Time Periods.

**RESPONSE:**

Legacy will produce reasonably accessible responsive records relating Plaintiff Julianne Hunter's written request(s), concern(s), question(s), or complaint(s) regarding meal breaks from December 26, 2012 to April 20, 2016 from an agreed-upon set of custodians. Subject to the Court entering a Stipulated Protective Order in this case, Legacy will begin producing the above-described records on May 30, 2019, and will continue to produce them on a rolling basis, with a goal to complete production no later than June 30, 2019.

Notwithstanding this response, Legacy objects to this request because it does not seek information that pertains to whether Plaintiff can maintain this action as a class action; instead, it seeks information that is solely related to the merits of this case and is thus premature unless or until a class action is certified under FRCP 23. Legacy further objects to this request on the grounds that the request for production of "all documents or other records relating to" every alleged putative class and collective action member's "request(s), concern(s), question(s), or complaint(s) – oral or written" is cumulative, vague, overbroad, unduly burdensome, and not proportional to the needs of this case. Specifically, this request seeks to have Legacy collect, review, and produce oral and written correspondence from approximately 500 custodians whose PSTs alone comprise over 2

30-

143869179.9

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF JULIANNE HUNTER'S FIRST SET OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 30 of 68

TB of data, at an estimated cost of $1,608,823.38 (excluding monthly hosting costs). Legacy further objects to the extent this request seeks documents specific to individual alleged putative class and collective action members, because the Court has certified neither a class nor a collective action, Plaintiff has failed to sufficiently define the alleged class or collective action so that Legacy can adequately identify which documents would be responsive to this request, and the driving theory behind litigating claims as a class action is that a plaintiff's claims can be proven on a classwide basis, obviating the need for the kind of individual-specific discovery that this request seeks. Legacy further objects to the request for oral communications because it is overbroad, unduly burdensome, not proportional to the needs of this case, and outside the scope of FRCP 26 and 34—it would require Legacy to interview over 500 Legacy employees to determine whether any such oral communications were made either to or by them concerning the subject matter. Additionally, Legacy objects to the request for documents relating to "Putative Collective Members," because there are no members of the alleged putative collective action as Plaintiff has defined it in paragraph 48 of her Complaint. Legacy is withholding responsive documents in light of these objections.

**REQUEST NO. 24:** All documents constituting or relating to any waiver(s) of any meal break by Plaintiff or any Putative Class or Collective Member during the Relevant Time Periods.

**RESPONSE:**

Legacy states that there are no documents that constitute or reflect waiver(s) of meal breaks by Plaintiff Julianne Hunter from December 26, 2012 to April 20, 2016.

Notwithstanding this response, Legacy objects to this request because it does not seek information that pertains to whether Plaintiff can maintain this action as a class action; instead, it seeks information that is solely related to the merits of this case and is thus premature unless or until a class action is certified under FRCP 23. Legacy further objects to the extent this request

31-

143869179.9

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF JULIANNE HUNTER'S FIRST SET OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 31 of 68

seeks documents specific to individual alleged putative class and collective action members, because the Court has certified neither a class nor a collective action and Plaintiff has failed to sufficiently define the alleged class or collective action so that Legacy can adequately identify which documents would be responsive to this request, and the driving theory behind litigating claims as a class action is that a plaintiff's claims can be proven on a classwide basis, obviating the need for the kind of individual-specific discovery that this request seeks. Legacy further objects to this request because it is vague and overbroad to the extent it seeks all documents "relating to *any* waiver(s) of *any* meal break," rather than documents sufficient to show such waiver(s). Additionally, Legacy objects to the request for documents relating to "Putative Collective Members," because there are no members of the alleged putative collective action as Plaintiff has defined it in paragraph 48 of her Complaint. Legacy is withholding responsive documents in light of these objections.

**REQUEST NO. 25:**  All documents concerning or identifying any systems, electronic or otherwise, used to monitor whether Plaintiff and Putative Class and Collective Members received meal breaks during the Relevant Time Periods.

**RESPONSE:**

Legacy states that there are 136 costs centers at Legacy Emanuel Hospital & Health Center alone, most of which are managed by different people who use different systems for monitoring whether its hourly, non-exempt staff have taken their meal breaks during their shifts. Some managers use hard-copy documents to schedule and monitor meal breaks, while others do not. Legacy will permit Plaintiff to inspect the hard copy documents from Legacy Emanuel Hospital & Health Center that it has identified as being responsive to this request. Legacy also refers Plaintiff to documents produced in response to Request Nos. 1, 2, 4, 22, and 23.

32-    DEFENDANTS' RESPONSES AND OBJECTIONS
143869179.9    TO PLAINTIFF JULIANNE HUNTER'S FIRST SET
OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 32 of 68

Notwithstanding this response, Legacy objects that, to the extent this request seeks responsive documents from every cost center at Legacy Emanuel Hospital & Health Center or from hospitals and clinics other than Legacy Emanuel Hospital & Health Center, it is overbroad, unduly burdensome, and disproportionate to the needs of this case. Applied so broadly, this request would require Legacy to interview approximately 140 managers at Legacy Emanuel Hospital & Health Center or over 500 managers system-wide to determine their specific systems for scheduling and/or monitoring whether hourly, non-exempt employees take meal breaks. Legacy further objects that this request is vague, overbroad, and disproportionate in its request for the production of "all documents concerning or identifying" these systems, rather than documents sufficient to show what systems are used. Additionally, Legacy objects to the request for documents relating to "Putative Collective Members," because there are no members of the alleged putative collective action as Plaintiff has defined it in paragraph 48 of her Complaint. Legacy is withholding responsive documents in light of these objections.

**REQUEST NO. 26:**  All documents concerning or identifying any systems, electronic or otherwise, used to monitor whether Plaintiff and Class Members received meal breaks in accordance with Oregon law during the Putative Class Time Period.

**RESPONSE:**

Legacy incorporates its responses and objections to Request for Production No. 25.

**REQUEST NO. 27:**  All documents from the Putative Class Time Period relating to Plaintiff's and Class Members' rest breaks.  This request includes, without limitation, all policies, practices, procedures, and correspondence concerning such rest breaks, including how and when Plaintiff and Class Members record their time worked during such breaks, including training materials.

33-

143869179.9

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF JULIANNE HUNTER'S FIRST SET OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 33 of 68

**RESPONSE:**

Legacy will produce copies of reasonably accessible written correspondence regarding Plaintiff Julianne Hunter's rest breaks from agreed-upon custodians from December 26, 2012 to April 20, 2016. Legacy also refers Plaintiff to the policies, procedures, and training materials produced in response to Request for Production Nos. 1, 2, 4, 21, and 39.

Notwithstanding this response, Legacy objects to this request because it is cumulative of other requests, unduly burdensome, and disproportionate to the needs of this case. Specifically, this request is so broad that it would require Legacy to collect, review, and produce oral and written correspondence from approximately 500 custodians whose PSTs alone comprise over 2 TB of data, at an estimated cost of $1,608,823.38 (excluding monthly hosting costs). Legacy further objects to the extent this request seeks documents specific to individual alleged putative class action members, because the Court has not certified a class action, Plaintiff has failed to sufficiently define the alleged class action so that Legacy can adequately identify which documents would be responsive to this request, and the driving theory behind litigating claims as a class action is that a plaintiff's claims can be proven on a classwide basis, obviating the need for the kind of individual-specific discovery that this request seeks. Legacy further objects to this request because it is overbroad to the extent it seeks "all documents…without limitation" concerning the requested information. Legacy is withholding responsive documents in light of these objections.

**REQUEST NO. 28:**  All documents or other records relating to Plaintiff's and Class Members' request(s), concern(s), question(s), or complaint(s) – oral or written – regarding rest breaks, including, but not limited to regarding the availability and/or denial of rest breaks made during the Putative Class Time Period.

34-

143869179.9

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF JULIANNE HUNTER'S FIRST SET OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Exhibit 1
Page 34 of 68

**RESPONSE:**

Legacy will produce reasonably accessible responsive documents relating to Plaintiff Julianne Hunter's written request(s), concern(s), question(s), or complaint(s) regarding rest breaks from December 26, 2012 to April 20, 2016 from an agreed-upon set of custodians. Subject to the Court entering a Stipulated Protective Order in this case, Legacy will begin producing the above-described records on May 30, 2019, and will continue to produce them on a rolling basis, with a goal to complete production no later than June 30, 2019.

Notwithstanding this response, Legacy objects to this request on the grounds that the request for production of "all documents or other records relating to" every alleged putative class and collective action member's "request(s), concern(s), question(s), or complaint(s) – oral or written" is impossible, cumulative, vague, overbroad, unduly burdensome, and not proportional to the needs of this case. Specifically, this request seeks to have Legacy collect, review, and produce oral and written correspondence from approximately 500 custodians whose PSTs alone comprise over 2 TB of data, at an estimated cost of $1,608,823.38 (excluding monthly hosting costs). Legacy further objects to the extent this request seeks documents specific to individual alleged putative class action members, because the Court has not certified a class action, Plaintiff has failed to sufficiently define the alleged class action so that Legacy can adequately identify which documents would be responsive to this request, and the driving theory behind litigating claims as a class action is that a plaintiff's claims can be proven on a classwide basis, obviating the need for the kind of individual-specific discovery that this request seeks. Legacy further objects to the request for oral communications because it is overbroad, unduly burdensome, not proportional to the needs of this case, and outside the scope of FRCP 26 and 34—it would require Legacy to interview over 500 Legacy employees to determine whether any such oral communications were made either to or by them concerning the subject matter. Legacy is withholding responsive documents in light of these objections.

35-

143869179.9

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF JULIANNE HUNTER'S FIRST SET OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 35 of 68

**REQUEST NO. 29:**  All documents constituting or relating to any waiver(s) of any rest break by Plaintiff or any Class Member during the Putative Class Time Period.

**RESPONSE:**

Legacy states that there are no documents that constitute or reflect waiver(s) of rest breaks by Plaintiff Julianne Hunter from December 26, 2012 to April 20, 2016.

Notwithstanding this response, Legacy objects to this request because it does not seek information that pertains to whether Plaintiff can maintain this action as a class action; instead, it seeks information that is solely related to the merits of this case and is thus premature unless or until a class action is certified under FRCP 23. Legacy further objects to the extent this request seeks documents specific to individual alleged putative class action members, because the Court has not certified a class action and Plaintiff has failed to sufficiently define the alleged class action so that Legacy can adequately identify which documents would be responsive to this request, and the driving theory behind litigating claims as a class action is that a plaintiff's claims can be proven on a classwide basis, obviating the need for the kind of individual-specific discovery that this request seeks. Legacy further objects to this request because it is vague and overbroad to the extent it seeks all documents "relating to *any* waiver(s) of *any* rest break," rather than documents sufficient to show such waiver(s). Legacy is withholding responsive documents in light of these objections.

**REQUEST NO. 30:**  All documents concerning or identifying any systems, electronic or otherwise, used to monitor whether Plaintiff and Class Members received rest breaks in accordance with Oregon law during the Putative Class Time Period.

143869179.9

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF JULIANNE HUNTER'S FIRST SET
OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 36 of 68

**RESPONSE:**

Legacy states that there are 136 costs centers at Legacy Emanuel Hospital & Health Center alone, most of which are managed by different people who use different systems for monitoring whether its hourly, non-exempt staff have taken their rest breaks during their shifts. Some managers might schedule and monitor rest breaks, while others might not. Legacy will make available for inspection the hard copy documents from Legacy Emanuel Hospital & Health Center pertaining to Plaintiff Julianne Hunter that it has identified as being responsive to this request. Legacy also refers Plaintiff to documents produced in response to Request Nos. 1, 2, 4, 22, and 23.

Notwithstanding this response, Legacy objects to the request seeks responsive documents from hospitals and clinics other than Legacy Emanuel Hospital & Health Center, it is overbroad, unduly burdensome, disproportionate to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. Legacy further objects that the request for "all documents" concerning or identifying all systems is overbroad, unduly burdensome, not proportional to the needs of the case and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 31:**  All documents relating to or identifying whether Defendant paid premium pay to Plaintiff and Class Members who missed rest breaks during the Putative Class Time Period.

**RESPONSE:**

Legacy refers Plaintiff to documents produced in response to Request for Production Nos. 1, 2, 4, 37, and 51.

Notwithstanding this response, Legacy objects that that the phrase "premium pay" is vague and ambiguous. Legacy further objects to the extent this request seeks documents specific to individual alleged putative class action members, because the Court has not certified a class action

37-    DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF JULIANNE HUNTER'S FIRST SET
OF REQUESTS FOR PRODUCTION

143869179.9

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 37 of 68

and Plaintiff has failed to sufficiently define the alleged class action so that Legacy can adequately identify which documents would be responsive to this request, and the driving theory behind litigating claims as a class action is that a plaintiff's claims can be proven on a classwide basis, obviating the need for the kind of individual-specific discovery that this request seeks.

**REQUEST NO. 32:**  All documents relating to overtime for Plaintiff and Putative Class and Collective Members during the Relevant Time Periods.  This request includes, without limitation, policies, procedures, or practices relating to the payment of overtime to Plaintiff and Putative Class and Collective Members, including how such overtime is calculated. This request further includes documents reflecting overtime earned by Plaintiff and Putative Class and Collective Members.

**RESPONSE:**

Legacy states that there are 136 cost centers at Legacy Emanuel Hospital & Health Center alone, most of which are managed by different people who use different systems for monitoring whether its hourly, non-exempt staff worked overtime. Some managers use hard-copy documents to record overtime, while others do not. Legacy will permit Plaintiff to inspect the hard copy documents from Legacy Emanuel Hospital & Health Center that it has identified as being responsive to this request. Legacy will also produce copies overtime logs maintained in the regular course of business by the Pediatric Intensive Care Unit at Randall Children's Hospital from December 26, 2012 to December 26, 2018. Additionally, Legacy refers Plaintiff to documents produced in response to Request Nos. 1, 2, 4, 6, 17, 37, 51, and 52.

Notwithstanding this response, Legacy objects to this request because it does not seek information that pertains to whether Plaintiff can maintain this action as a class action; instead, it seeks information that is solely related to the merits of this case and is thus premature unless or until a class action is certified under FRCP 23. Legacy further objects that, to the extent this request

38-

143869179.9

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF JULIANNE HUNTER'S FIRST SET OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 38 of 68

seeks responsive documents from every cost center at Legacy Emanuel Hospital & Health Center or from hospitals and clinics other than Legacy Emanuel Hospital & Health Center, it is overbroad, unduly burdensome, and disproportionate to the needs of this case. Applied so broadly, this request would require Legacy to interview approximately 140 managers at Legacy Emanuel Hospital & Health Center or over 500 managers system-wide to determine their specific systems for recording overtime. Legacy further objects that this request is vague, overbroad, and disproportionate in its request for the production of "all documents relating to overtime," rather than documents sufficient to show what systems are used. Additionally, Legacy objects to the request for documents relating to "Putative Collective Members," because there are no members of the alleged putative collective action as Plaintiff has defined it in paragraph 48 of her Complaint. Legacy is withholding responsive documents in light of these objections.

**REQUEST NO. 33:**  All documents or other records pertaining to Plaintiff's and Putative Class and Collective Members' request(s) for overtime compensation during the Relevant Time Periods.

**RESPONSE:**

Legacy will produce copies of reasonably accessible responsive documents and records from agreed-upon custodians sufficient to show Plaintiff Julianne Hunter's written request(s) for overtime compensation from December 26, 2012 to April 20, 2016, should any exist. Subject to the Court entering a Stipulated Protective Order in this case, Legacy will begin producing the above-described records on May 30, 2019, and will continue to produce them on a rolling basis, with a goal to complete production no later than June 30, 2019. Legacy also refers Plaintiff to documents produced in response to Requests for Production Nos. 1, 2, 4, 6, 17, 37, 51, and 52.

Notwithstanding this response, Legacy objects to this request because it does not seek information that pertains to whether Plaintiff can maintain this action as a class action; instead, it

39-
143869179.9

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF JULIANNE HUNTER'S FIRST SET
OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 39 of 68

seeks information that is solely related to the merits of this case and is thus premature unless or until a class action is certified under FRCP 23. Legacy further objects to the extent this request seeks documents specific to individual alleged putative class and collective action members, because the Court has certified neither a class nor a collective action and Plaintiff has failed to sufficiently define the alleged class or collective action so that Legacy can adequately identify which documents would be responsive to this request, and the driving theory behind litigating claims as a class action is that a plaintiff's claims can be proven on a classwide basis, obviating the need for the kind of individual-specific discovery that this request seeks. Legacy further objects to this request because it is vague and overbroad to the extent it seeks all documents "pertaining to" request(s) for overtime compensation, rather than documents sufficient to show such request(s). Legacy further objects that, to the extent this request seeks responsive documents from hospitals and clinics other than Legacy Emanuel Hospital & Health Center, it is overbroad, unduly burdensome, and disproportionate to the needs of this case. Additionally, Legacy objects to the request for documents relating to "Putative Collective Members," because there are no members of the alleged putative collective action as Plaintiff has defined it in paragraph 48 of her Complaint. Legacy is withholding responsive documents in light of these objections.

**REQUEST NO. 34:**  All documents or other records pertaining to Plaintiff's and Putative Class and Collective Members' concern(s), question(s), and/or complaint(s) – oral or written – regarding overtime compensation, including, but not limited to the denial or possible denial of overtime compensation made during the Relevant Time Periods.

**RESPONSE:**

Legacy will produce copies of reasonably accessible responsive documents and records sufficient to show Plaintiff Julianne Hunter's written concern(s), question(s) and/or complaint(s) regarding overtime compensation from December 26, 2012 to April 20, 2016 from an agreed-upon

40-

143869179.9

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF JULIANNE HUNTER'S FIRST SET OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 40 of 68

set of custodians. Subject to the Court entering a Stipulated Protective Order in this case, Legacy will begin producing the above-described records on May 30, 2019, and will continue to produce them on a rolling basis, with a goal to complete production no later than June 30, 2019. Additionally, Legacy refers Plaintiff to documents produced in Response to Request for Production Nos. 1, 2, 32, and 33.

Notwithstanding this response, Legacy objects to this request because it does not seek information that pertains to whether Plaintiff can maintain this action as a class action; instead, it seeks information that is solely related to the merits of this case and is thus premature unless or until a class action is certified under FRCP 23. Legacy further objects to this request on the grounds that the request for production of "all documents or other records pertaining to" every alleged putative class and collective action member's "concern(s), question(s) and/or complaint(s) – oral or written" is impossible, cumulative, vague, overbroad, unduly burdensome, and not proportional to the needs of this case. Specifically, this request seeks to have Legacy collect, review, and produce oral and written correspondence from approximately 500 custodians whose PSTs alone comprise over 2 TB of data, at an estimated cost of $1,608,823.38 (excluding monthly hosting costs). Legacy further objects to the extent this request seeks documents specific to individual alleged putative class and collective action members, because the Court has certified neither a class nor a collective action, Plaintiff has failed to sufficiently define the alleged class or collective action so that Legacy can adequately identify which documents would be responsive to this request, and the driving theory behind litigating claims as a class action is that a plaintiff's claims can be proven on a classwide basis, obviating the need for the kind of individual-specific discovery that this request seeks. Legacy further objects that, to the extent this request seeks responsive documents from hospitals and clinics other than Legacy Emanuel Hospital & Health Center, it is overbroad, unduly burdensome, and disproportionate to the needs of this case. Legacy further objects to the request for oral communications because it is overbroad, unduly burdensome, not

41-

143869179.9

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF JULIANNE HUNTER'S FIRST SET
OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 41 of 68

proportional to the needs of this case, and outside the scope of FRCP 26 and 34—it would require Legacy to interview over 500 Legacy employees to determine whether any such oral communications were made either to or by them concerning the subject matter. Additionally, Legacy objects to the request for documents relating to "Putative Collective Members," because there are no members of the alleged putative collective action as Plaintiff has defined it in paragraph 48 of her Complaint. Legacy is withholding responsive documents in light of these objections.

**REQUEST NO. 35:** All documents showing the payment to Plaintiff and Class Members who have left their employment with Defendant of all wages owed to them within the first business day after their departure from their employment during the Putative Class Time Period.  This request includes, without limitation, a request for production of the final paychecks paid to Class Members who left their employment with Defendant during the Putative Class Time Period.

**RESPONSE:**

Legacy will produce reasonably accessible responsive documents regarding Plaintiff Julianne Hunter sufficient to show payment of all wages owed to her and a copy of her final paycheck following her departure from employment with Legacy. Subject to the Court entering a Stipulated Protective Order in this case, Legacy will begin producing the above-described records on May 30, 2019, and will continue to produce them on a rolling basis, with a goal to complete production no later than June 30, 2019.

Notwithstanding this response, Legacy objects to this request because it does not seek information that pertains to whether Plaintiff can maintain this action as a class action; instead, it seeks information that is solely related to the merits of this case and is thus premature unless or until a class action is certified under FRCP 23. Legacy further objects that, to the extent this request seeks responsive documents from hospitals and clinics other than Legacy Emanuel Hospital &

42-

143869179.9

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF JULIANNE HUNTER'S FIRST SET OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 42 of 68

Health Center, it is overbroad, unduly burdensome, and disproportionate to the needs of this case. Legacy further objects to the extent this request seeks documents specific to individual alleged putative class action members, because the Court has not certified a class and Plaintiff has failed to sufficiently define the alleged class so that Legacy can adequately identify which documents would be responsive to this request, and the driving theory behind litigating claims as a class action is that a plaintiff's claims can be proven on a classwide basis, obviating the need for the kind of individual-specific discovery that this request seeks. Legacy further objects to this request because it is vague and overbroad in that it seeks the production of "all documents…without limitation" regarding the requested subject matter rather than documents sufficient to show payment of wages owed to employees upon termination of employment with Legacy. Legacy is withholding responsive documents in light of these objections.

**REQUEST NO. 36:**  All documents relating to Defendant's policies, procedures, and practices relating to the payment to Plaintiff and Class Members who have left their employment with Defendant of all wages owed to them within the first business day after their departure from their employment during the Putative Class Time Period.

**RESPONSE:**

Legacy will produce documents sufficient to show written policies, practices and procedures regarding payment of all wages owed to hourly, non-exempt employees after departure from employment at Legacy from December 26, 2012 to December 26, 2018. Subject to the Court entering a Stipulated Protective Order in this case, Legacy will begin producing the above-described documents on May 30, 2019, and will continue to produce them on a rolling basis, with a goal to complete production no later than June 30, 2019. Additionally, Legacy refers Plaintiff to documents produced in Response to Request for Production Nos. 4 and 35.

43-

143869179.9

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF JULIANNE HUNTER'S FIRST SET OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 43 of 68

Notwithstanding this response, Legacy objects to this request because it is cumulative of other requests. Legacy further objects to this request because it is vague and overbroad to the extent it seeks the production of "all documents relating to Defendant's policies, procedures, and practices relating to" the requested materials, rather than requesting documents sufficient to show said policies, procedures, and practices. Legacy further objects to this request because it is overbroad and not related to the claims or defenses in this case to the extent it seeks policies, procedures, and practices applicable to exempt employees. Legacy is withholding responsive documents in light of these objections.

**REQUEST NO. 37:**  All documents relating to itemized wage statements provided to Plaintiff and Putative Class Members during the Putative Class Time Period.  This request includes, without limitation, Defendant's policies, practices, and procedures relating to the contents of such itemized wage statements.

**RESPONSE:**

Legacy will produce Plaintiff Julianne Hunter's itemized wage statements from December 26, 2012 to April 20, 2016.  Legacy will also produce documents sufficient to show written policies, practices and procedures regarding the contents of itemized wage statements provided to hourly, non-exempt employees. Subject to the Court entering a Stipulated Protective Order in this case, Legacy will begin producing the above-described documents on May 30, 2019, and will continue to produce them on a rolling basis, with a goal to complete production no later than June 30, 2019. Additionally, Legacy refers Plaintiff to the policies, practices and procedures produced in response to Request for Production No. 4.

Notwithstanding this response, Legacy objects to this request because it does not seek information that pertains to whether Plaintiff can maintain this action as a class action; instead, it seeks information that is solely related to the merits of this case and is thus premature unless or

44-
143869179.9

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF JULIANNE HUNTER'S FIRST SET
OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 44 of 68

until a class action is certified under FRCP 23. Legacy further objects to the extent this request seeks documents specific to individual alleged putative class action members, because the Court has not certified a class action, Plaintiff has failed to sufficiently define the alleged class action so that Legacy can adequately identify which documents would be responsive to this request, and the driving theory behind litigating claims as a class action is that a plaintiff's claims can be proven on a classwide basis, obviating the need for the kind of individual-specific discovery that this request seeks. Legacy further objects that, to the extent this request seeks responsive documents from hospitals and clinics other than Legacy Emanuel Hospital & Health Center, it is overbroad, unduly burdensome, and disproportionate to the needs of this case. Legacy further objects to this request because it is overbroad to the extent it seeks "all documents…without limitation…related to" the requested information rather than requesting documents sufficient to show subject policies, practices and procedures. Legacy further objects to this request because it is cumulative of other requests. Legacy is withholding responsive documents in light of these objections.

**REQUEST NO. 38:**  All documents constituting or relating to materials used to train Plaintiff and Putative Class and Collective Members during the Relevant Time Periods, including but not limited to, the materials used to train them on the following topics: priority of patient care, scheduling, timekeeping, safety protocols, compensable and non-compensable time, meal breaks, rest breaks, minimum wage, overtime and overtime wages, payment of wages, wages on termination and/or quitting, and wage statements. This request includes all drafts, iterations, editions, and versions of such training materials.

**RESPONSE:**

Legacy will produce reasonably accessible documents sufficient to show written training materials on the following topics: timekeeping, compensable and non-compensable time, meal breaks, rest breaks, overtime and overtime wages, payment of wages, wages on termination/or

143869179.9    DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF JULIANNE HUNTER'S FIRST SET OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 45 of 68

quitting, and wage statements available to hourly, non-exempt employees from December 26, 2012 to December 26, 2018. Subject to the Court entering a Stipulated Protective Order in this case, Legacy will begin producing the above-described records on May 30, 2019, and will continue to produce them on a rolling basis, with a goal to complete production no later than June 30, 2019. Additionally, Legacy refers Plaintiff to documents produced in Response to Request for Production Nos. 7, 20, 21, 22 and 27.

Notwithstanding this response, Legacy objects to this request because it is cumulative and duplicative of many other requests. Legacy further objects to this request because it seeks information that is not relevant to the claims or defenses in this suit, including, but not limited to, priority of patient care, scheduling, safety protocols, and minimum wage. For example, these requests would include training materials relating to triage protocols and emergency evacuation protocols. Legacy further objects to this request because it is overbroad to the extent it seeks documents "relating to all policies, practices, procedures, and correspondence," rather than documents sufficient to show the subject matter. Legacy further objects to the request to the extent it would require Legacy to search records that are not reasonably accessible, related to policies that are no longer in effect and which have no current analogue. Legacy further objects to this request because it is overbroad to the extent it seeks as all drafts, iterations editions, and versions of requested materials regardless of whether those drafts, iterations, editions, and versions are reasonably accessible. Additionally, Legacy objects to the request for documents relating to "Putative Collective Members," because there are no members of the alleged putative collective action as Plaintiff has defined it in paragraph 48 of her Complaint. Legacy is withholding responsive documents in light of these objections.

46-

143869179.9

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF JULIANNE HUNTER'S FIRST SET OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 46 of 68

**REQUEST NO. 39:**  The complete personnel file for Named Plaintiff Julianne Hunter, as well as all Collective Members who have filed an opt-in notice, and any other documents which pertain to or identify these individuals, by name or otherwise.

**RESPONSE:**

Legacy will produce the nonprivileged contents of the personnel file for Plaintiff Julianne Hunter. Subject to the Court entering a Stipulated Protective Order in this case, Legacy will begin producing the above-described records on May 30, 2019, and will continue to produce them on a rolling basis, with a goal to complete production no later than June 30, 2019.

Notwithstanding this response, Legacy objects to this request because it does not seek information that pertains to whether Plaintiff can maintain this action as a class action; instead, it seeks information that is solely related to the merits of this case and is thus premature unless or until a class action is certified under FRCP 23. Legacy further objects to the request for all responsive documents from all individuals who have prematurely opted-in to the alleged putative collective action, because it is overbroad, unduly burdensome, disproportionate to the needs of this case, and premature (unless and until the proposed collective action is conditionally certified under FLSA). Legacy further objects to this request because it is vague and overbroad to the extent it seeks "any other documents which pertain to or identify these individuals, by name or otherwise." This request would require Legacy to divine whether documents that do not refer to an individual by name were nonetheless referring or relating to a particular individual, which would be an unduly burdensome and impossible endeavor. Specifically, this request seeks to have Legacy collect, review, and produce correspondence from approximately 500 custodians whose PSTs alone comprise over 2 TB of data, at an estimated cost of $1,608,823.38 (excluding monthly hosting costs).  Legacy is withholding responsive documents in light of these objections.

47-

143869179.9

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF JULIANNE HUNTER'S FIRST SET OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 47 of 68

**REQUEST NO. 40:**  All documents reflecting any disciplinary action taken against Plaintiff Julianne Hunter, as well as all Collective Members who have filed an opt-in notice, by Defendant.

**RESPONSE:**

To the extent not already produced in response to Request for Production No. 39, Legacy will produce reasonably accessible documents reflecting disciplinary action taken against Plaintiff Julianne Hunter from her date of hire until April 20, 2016.  Subject to the Court entering a Stipulated Protective Order in this case, Legacy will begin producing the above-described records on May 30, 2019, and will continue to produce them on a rolling basis, with a goal to complete production no later than June 30, 2019.

Notwithstanding this response, Legacy objects to this request because it does not seek information that pertains to whether Plaintiff can maintain this action as a class action; instead, it seeks information that is solely related to the merits of this case and is thus premature unless or until a class action is certified under FRCP 23. Legacy further objects to the request for *all* responsive documents from *all* individuals who have prematurely opted-in to the alleged putative collective action, because it is overbroad, unduly burdensome, disproportionate to the needs of this case, and premature (unless and until the proposed collective action is conditionally certified under FLSA). Legacy is withholding responsive documents in light of these objections.


**REQUEST NO. 41:**  All documents that show any and all arbitration agreements between Defendant and Putative Class and Collective Members.

**RESPONSE:**

Legacy will produce reasonably accessible copies of arbitration agreements found in Collective Bargaining Agreements between Legacy and Certified Nursing Assistants from December 26, 2012 to December 26, 2018 at Legacy Emanuel Hospital & Health Center.

48-    DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF JULIANNE HUNTER'S FIRST SET
OF REQUESTS FOR PRODUCTION

143869179.9

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 48 of 68

Notwithstanding this response, Legacy objects to the extent this request seeks documents specific to individual alleged putative class and collective action members, because the Court has certified neither a class nor a collective action and Plaintiff has failed to sufficiently define the alleged class or collective action so that Legacy can adequately identify which documents would be responsive to this request. Legacy further objects that, to the extent this request seeks responsive documents from hospitals and clinics other than Legacy Emanuel Hospital & Health Center, it is overbroad, unduly burdensome, and disproportionate to the needs of this case. Additionally, Legacy objects to the request for documents relating to "Putative Collective Members," because there are no members of the alleged putative collective action as Plaintiff has defined it in paragraph 48 of her Complaint. Legacy is withholding responsive documents in light of these objections.

**REQUEST NO. 42:**  All documents relating to or identifying any claims for unpaid wages or unpaid overtime by Plaintiff and Putative Class and Collective Members, whether internal or filed with any court or government/administrative agency. This request includes, without limitation, a request for production of all documents regarding any investigation of those claims.

**RESPONSE:**

Legacy will produce reasonably accessible copies of documents identifying Plaintiff Julianne Hunter's written claims for unpaid wages and/or unpaid overtime resulting from alleged missed meals or rest breaks or alleged off-the-clock work from December 26, 2012 to December 26, 2018. Subject to the Court entering a Stipulated Protective Order in this case, Legacy will begin producing the above-described documents on May 30, 2019, and will continue to produce them on a rolling basis, with a goal to complete production no later than June 30, 2019.

Notwithstanding this response, Legacy objects to this request because it does not seek information that pertains to whether Plaintiff can maintain this action as a class action; instead, it

49-

143869179.9

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF JULIANNE HUNTER'S FIRST SET
OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 49 of 68

seeks information that is solely related to the merits of this case and is thus premature unless or until a class action is certified under FRCP 23. Legacy further objects to the extent this request seeks documents specific to individual alleged putative class and collective action members, because the Court has certified neither a class nor a collective action, Plaintiff has failed to sufficiently define the alleged class or collective action so that Legacy can adequately identify which documents would be responsive to this request, and the driving theory behind litigating claims as a class action is that a plaintiff's claims can be proven on a classwide basis, obviating the need for the kind of individual-specific discovery that this request seeks. Legacy further objects that, to the extent this request seeks responsive documents from hospitals and clinics other than Legacy Emanuel Hospital & Health Center, it is overbroad, unduly burdensome, and disproportionate to the needs of this case. Legacy further objects to this request to the extent it seeks information publicly available to Plaintiff.  Legacy further objects to this request because it is overbroad to the extent it seeks "all documents relating to or identifying" the requested information, rather than requesting documents sufficient to show the subject matter. Additionally, Legacy objects to the request for documents relating to "Putative Collective Members," because there are no members of the alleged putative collective action as Plaintiff has defined it in paragraph 48 of her Complaint. Legacy is withholding responsive documents in light of these objections.

**REQUEST NO. 43:**  All documents concerning or identifying any investigation of Defendant's compensation or timekeeping policies or practices relating to Plaintiff and Putative Class and Collective Members conducted by any government agency, including, without limitation, the United States Department of Labor, Oregon Bureau of Labor and Industries, or Washington State Department of Labor and Industries during the Relevant Time Periods.  This

50-

143869179.9

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF JULIANNE HUNTER'S FIRST SET
OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 50 of 68

request includes, without limitation, a request for production of any documents turned over to any government agency in response to any investigation.

**RESPONSE:**

Legacy objects to this request because it does not seek information that pertains to whether Plaintiff can maintain this action as a class action; instead, it seeks information that is solely related to the merits of this case and is thus premature unless or until a class action is certified under FRCP 23. Legacy further objects to this request to the extent it seeks information publicly available to Plaintiff. Legacy further objects to this request because it is overbroad and not relevant to the claims asserted as it seeks information related to claims not asserted in the case, and/or claims that were not made by members of the alleged putative class or collective action relating to alleged conduct from December 26, 2012 to December 26, 2018. Legacy further objects that, to the extent this request seeks responsive documents from hospitals and clinics other than Legacy Emanuel Hospital & Health Center, it is overbroad, unduly burdensome, and disproportionate to the needs of this case. Additionally, Legacy objects to the request for documents relating to "Putative Collective Members," because there are no members of the alleged putative collective action as Plaintiff has defined it in paragraph 48 of her Complaint. Legacy is withholding responsive documents in light of these objections.

**REQUEST NO. 44:** All documents concerning or identifying all reports, investigations, audits, inspections, examinations, research, or any other review conducted by Defendant relating to Defendant's timekeeping and/or compensation policies applicable to Plaintiff and Putative Class and Collective Members during the Relevant Time Periods.

**RESPONSE:**

To the extent of Legacy's understanding of this request, it states that no responsive documents exist.

51-    DEFENDANTS' RESPONSES AND OBJECTIONS
143869179.9    TO PLAINTIFF JULIANNE HUNTER'S FIRST SET
OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 51 of 68

Notwithstanding this response, Legacy objects to this request because it does not seek information that pertains to whether Plaintiff can maintain this action as a class action; instead, it seeks information that is solely related to the merits of this case and is thus premature unless or until a class action is certified under FRCP 23. Legacy further objects to this request because it is vague and overbroad to the extent it seeks all documents "concerning or identifying" reports, investigations, audits, inspections, examinations, research, or any other review, of the requested material rather than documents sufficient to show the subject matter. Legacy further objects that, to the extent this request seeks responsive documents from hospitals and clinics other than Legacy Emanuel Hospital & Health Center, it is overbroad, unduly burdensome, and disproportionate to the needs of this case. Legacy objects to requests for reports, investigations, inspections, examinations, research, or any other review, to the extent such materials are privilege protected. Additionally, Legacy objects to the request for documents relating to "Putative Collective Members," because there are no members of the alleged putative collective action as Plaintiff has defined it in paragraph 48 of her Complaint. Legacy is withholding responsive documents in light of these objections.

**REQUEST NO. 45:**  All insurance policies carried by Defendant, including, but not limited to, liability insurance, worker's compensation insurance, business travel insurance, or automobile insurance, under which a colorable claim for coverage in any manner (e.g., primary, pro-rata, or excess liability coverage or medical expense coverage) might be made for unpaid wages, damages, penalties, attorneys' fees, costs, claims, or actions of the nature asserted in this litigation.

**RESPONSE:**

Legacy states that no responsive documents exist.

143869179.9
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF JULIANNE HUNTER'S FIRST SET OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 52 of 68

**REQUEST NO. 46:**  All documents constituting or relating to Defendant's policies, procedures, or practices concerning the retention and preservation of documents or data pertaining to payroll, timekeeping, personnel, and human resources information during the Relevant Time Periods.

**RESPONSE:**

Legacy will produce a copy of its current written policies, procedures, and practices regarding the retention and preservation of documents or data pertaining to payroll, timekeeping, personnel, and human resources information from December 26, 2012 to December 26, 2018.

Notwithstanding this response, Legacy objects to this request as overbroad to the extent it seeks "all documents constituting or relating to" the requested information rather than requesting documents sufficient to show the current written policies, procedures, and practices. Legacy is withholding responsive documents in light of these objections.

**REQUEST NO. 47:**  All statements, questionnaires, affidavits and/or declarations Defendant has collected from any person or company with respect to this litigation.

**RESPONSE:**

Legacy states that no nonprivileged documents responsive to this request exist.

**REQUEST NO. 48:**  All documents that support the affirmative defenses set forth in Defendant's Answer, Defenses, Affirmative Defenses, and Counterclaim.

**RESPONSE:**

Legacy wholly objects to this omnibus request as cumulative, vague, overbroad, and unduly burdensome. Legacy further objects to this request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine and seeks to divulge the

53-

143869179.9

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF JULIANNE HUNTER'S FIRST SET
OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 53 of 68

mental impressions of counsel because it would require Legacy and its counsel to compile all documents that it believes support the affirmative defenses set forth in Legacy's Answer, Defenses, Affirmative Defenses, and Counterclaim.

The request is cumulative with both the preceding and following requests for production. It is vague to the extent it seeks documents that in any way "support" the affirmative defenses set forth in Legacy's Answer, Defenses, Affirmative Defenses, and Counterclaim. Any number of documents in Legacy's possession may relate to the affirmative defenses set forth in Legacy's Answer, Defenses, Affirmative Defenses, and Counterclaim in some way. The request fails to identify the documents sought with reasonable particularity. The request is overbroad and unduly burdensome to the extent responding to it would require Legacy to cull through all documents in its possession to determine what "supports" the affirmative defenses set forth in Legacy's Answer, Defenses, Affirmative Defenses, and Counterclaim. For these reasons, Legacy will not produce documents that are responsive to this request.

**REQUEST NO. 49:**  All documents that support the defenses set forth in Defendant's Answer, Defenses, Affirmative Defenses, and Counterclaim.

**RESPONSE:**

Legacy wholly objects to this omnibus request as cumulative, vague, overbroad, and unduly burdensome. Legacy also objects to this request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine and seeks to divulge the mental impressions of counsel because it would require Legacy and its counsel to compile all documents that it believes support the defenses set forth in Legacy's Answer, Defenses, Affirmative Defenses, and Counterclaim.

The request is cumulative with both the preceding and following requests for production. It is vague to the extent it seeks documents that in any way "support" the defenses set forth in

54-     DEFENDANTS' RESPONSES AND OBJECTIONS
        TO PLAINTIFF JULIANNE HUNTER'S FIRST SET
        OF REQUESTS FOR PRODUCTION

143869179.9

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 54 of 68

Legacy's Answer, Defenses, Affirmative Defenses, and Counterclaim. Any number of documents in Legacy's possession may relate to the defenses set forth in Legacy's Answer, Defenses, Affirmative Defenses, and Counterclaim in some way. The request fails to identify the documents sought with reasonable particularity. The request is overbroad and unduly burdensome to the extent responding to it would require Legacy to cull through all documents in its possession to determine what "supports" the defenses set forth in Legacy's Answer, Defenses, Affirmative Defenses, and Counterclaim. For these reasons, Legacy will not produce documents that are responsive to this request.

**REQUEST NO. 50:**  All documents that support each denial of a material allegation as set forth in Defendant's Answer, Defenses, Affirmative Defenses, and Counterclaim.

**RESPONSE:**

Legacy wholly objects to this omnibus request as cumulative, vague, overbroad, and unduly burdensome. Legacy also objects to this request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine and seeks to divulge the mental impressions of counsel because it would require Legacy and its counsel to compile all documents that it believes support each denial of a material allegation set forth in Legacy's Answer, Defenses, Affirmative Defenses, and Counterclaim.

The request is cumulative with both the preceding and following requests for production. It is vague and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that in any way "support" each denial of a material allegation set forth in Legacy's Answer, Defenses, Affirmative Defenses, and Counterclaim. Any number of documents in Legacy's possession may relate to any denial of a material allegation set forth in Legacy's Answer, Defenses, Affirmative Defenses, and Counterclaim in some way. The request fails to identify the documents sought with reasonable particularity. The request is overbroad and

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF JULIANNE HUNTER'S FIRST SET
OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 55 of 68

unduly burdensome to the extent responding to it would require Legacy to cull through all documents in its possession to determine what "supports" each denial of a material allegation set forth in Legacy's Answer, Defenses, Affirmative Defenses, and Counterclaim. For these reasons, Legacy will not produce documents that are responsive to this request.

**REQUEST NO. 51:**  All payroll records, including compensation records, payroll files (hard copy and electronic), pay-stubs, and tax documents (such as W-2s and 1099s) for Named Plaintiff Julianne Hunter, as well as any Collective Members who have filed an opt-in notice to this action.

**RESPONSE:**

Legacy will produce payroll records, including compensation records, electronic payroll files, pay-stubs, and tax documents for Plaintiff Julianne Hunter from December 26, 2012 to April 20, 2016. Subject to the Court entering a Stipulated Protective Order in this case, Legacy will begin producing the above-described records on May 30, 2019, and will continue to produce them on a rolling basis, with a goal to complete production no later than June 30, 2019. Legacy also refers Plaintiff to documents produced in Response to Request for Production Nos. 4, 35 and 36.

Notwithstanding this response, Legacy objects to this request because it does not seek information that pertains to whether Plaintiff can maintain this action as a class action; instead, it seeks information that is solely related to the merits of this case and is thus premature unless or until a class action is certified under FRCP 23. Legacy further objects that, to the extent this request seeks responsive documents for individuals who have prematurely filed an opt-in notice, it is overbroad, unduly burdensome, disproportionate to the needs of this case, and premature (unless and until the proposed collective action is conditionally certified under FLSA). Legacy further objects to providing both electronic and paper copies of documents because it is duplicative and unduly burdensome.

56-

143869179.9

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF JULIANNE HUNTER'S FIRST SET OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 56 of 68

**REQUEST NO. 52:** All timesheets or time records for Named Plaintiff Julianne Hunter, as well as any Collective Members who have filed an opt-in notice to this action.

**RESPONSE:**

Legacy will produce timesheets and/or time records for Plaintiff Julianne Hunter from December 26, 2012 to December 26, 2018. Subject to the Court entering a Stipulated Protective Order in this case, Legacy will begin producing the above-described records on May 30, 2019, and will continue to produce them on a rolling basis, with a goal to complete production no later than June 30, 2019. Additionally, Legacy refers Plaintiff to documents produced in Response to Request for Production Nos. 1, 2, 6, 15, 16, 17, 20 and 51.

Notwithstanding this response, Legacy objects to this request because it does not seek information that pertains to whether Plaintiff can maintain this action as a class action; instead, it seeks information that is solely related to the merits of this case and is thus premature unless or until a class action is certified under FRCP 23. Legacy further objects that, to the extent this request seeks responsive documents for individuals who have prematurely filed an opt-in notice, it is overbroad, unduly burdensome, disproportionate to the needs of this case, and premature (unless and until the proposed collective action is conditionally certified under FLSA).

**REQUEST NO. 53:** All documents identified in Defendant's initial disclosures and any supplemental disclosures.

**RESPONSE:**

As discussed during the parties' Rule 26 Conference, Legacy objects to conducting initial disclosures under Rule 26(a)(1) because initial disclosures are not appropriate in this action. Legacy's objection is further strengthened by the fact that plaintiff's discovery requests seek substantially all of the information and documents that would have been subject to initial

57-

143869179.9

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF JULIANNE HUNTER'S FIRST SET
OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 57 of 68

disclosure and by the fact that Plaintiff did not produce any initial disclosures within the time period for doing so under FRCP 26.

**REQUEST NO. 54:**  All documents concerning Defendant's investigations into the allegations asserted in this case.

**RESPONSE:**

Legacy states that there are no nonprivileged documents responsive to this request.

Notwithstanding this response, Legacy objects to this request because it does not seek information that pertains to whether Plaintiff can maintain this action as a class action; instead, it seeks information that is solely related to the merits of this case and is thus premature unless or until a class action is certified under FRCP 23. Legacy further objects to this request as overbroad and unduly burdensome and as seeking documents protected by the attorney-client and work product privileges. Legacy is withholding documents in light of these objections.

**REQUEST NO. 55:**  All organizational or flow charts or other documents pertaining to the corporate structure or hierarchy of Defendant, including any documents identifying corporate officers, other managerial employees, subsidiaries, predecessors, and/or parent companies at all times during the Putative Class Period.

**RESPONSE:**

Legacy will produce reasonably accessible copies of organizational charts regarding Legacy's corporate and managerial structure that it maintains during the regular course of its business from December 26, 2012 to December 26, 2018. Subject to the Court entering a Stipulated Protective Order in this case, Legacy will begin producing the above-described records on May 30, 2019, and will continue to produce them on a rolling basis, with a goal to complete production no later than June 30, 2019.

58-

143869179.9

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF JULIANNE HUNTER'S FIRST SET OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 58 of 68

Notwithstanding this response, Legacy objects to this request because it is overbroad to the extent it seeks "all documents" pertaining to Legacy's corporate and managerial structure rather than requesting documents sufficient to show the subject matter. Legacy further objects to this request to the extent it seeks information publicly available to Plaintiff. Legacy further objects to this request because it is not relevant to the claims or defenses in this wage-and-hour lawsuit. Legacy is withholding responsive documents in light of this request.

**REQUEST NO. 56:**  Any documents relating to Defendant's settlement(s) with any Class Member or Putative Collective Member arising out of wage-and-hour issues that are similar to those raised in Plaintiff's Complaint.

**RESPONSE:**

Legacy will conduct a reasonable search and will produce responsive documents sufficient to show settlements with hourly, nonexempt employees who provide patient care at Legacy Emanuel Hospital & Health Center that arise out of wage-and-hour issues that Legacy understands are similar to Julianne Hunter's claims, from December 26, 2012 to December 26, 2018, should any exist. Subject to the Court entering a Stipulated Protective Order in this case, Legacy will begin producing the above-described records on May 30, 2019, and will continue to produce them on a rolling basis, with a goal to complete production no later than June 30, 2019.

Notwithstanding this response, Legacy objects to this request because it does not seek information that pertains to whether Plaintiff can maintain this action as a class action; instead, it seeks information that is solely related to the merits of this case and is thus premature unless or until a class action is certified under FRCP 23. Legacy further objects to the extent this request seeks documents specific to individual alleged putative class and collective action members, because the Court has certified neither a class nor a collective action and Plaintiff has failed to sufficiently define the alleged class or collective action so that Legacy can adequately identify

143869179.9

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF JULIANNE HUNTER'S FIRST SET OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 59 of 68

which documents would be responsive to this request, and the driving theory behind litigating claims as a class action is that a plaintiff's claims can be proven on a classwide basis, obviating the need for the kind of individual-specific discovery that this request seeks. Legacy further objects to this request because it is vague and overbroad to the extent it seeks all documents "relating to" the requested information rather than requesting documents sufficient to show the subject matter. Legacy further objects that, to the extent this request seeks responsive documents from hospitals and clinics other than Legacy Emanuel Hospital & Health Center, as it is overbroad, unduly burdensome, and disproportionate to the needs of this case. Additionally, Legacy objects to the request for documents relating to "Putative Collective Members," because there are no members of the alleged putative collective action as Plaintiff has defined it in paragraph 48 of her Complaint. Legacy is withholding responsive documents in light of these objections.

**REQUEST NO. 57:**  Any documents relating to releases of claims alleged in this action signed by Class or Putative Collective Members.

**RESPONSE:**

Legacy will conduct a reasonable search and will produce copies of reasonably accessible documents sufficient to show releases of claims Legacy understands to be alleged in this action, signed by hourly, non-exempt employees who provide patient care at Legacy Emanuel Hospital & Health Center from December 12, 2012 to December 26, 2018, should any exist. Subject to the Court entering a Stipulated Protective Order in this case, Legacy will begin producing the above-described records on May 30, 2019, and will continue to produce them on a rolling basis, with a goal to complete production no later than June 30, 2019.

Notwithstanding this response, Legacy objects to the extent this request seeks documents specific to individual alleged putative class and collective action members, because the Court has certified neither a class nor a collective action and Plaintiff has failed to sufficiently define the

60-
143869179.9

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF JULIANNE HUNTER'S FIRST SET
OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 60 of 68

alleged class or collective action so that Legacy can adequately identify which documents would be responsive to this request. Legacy further objects that, to the extent this request seeks responsive documents from hospitals and clinics other than Legacy Emanuel Hospital & Health Center, it is overbroad, unduly burdensome, and disproportionate to the needs of this case. Legacy further objects to this request to the extent it seeks "all documents related to" the requested materials rather than documents sufficient to show the subject matter. Additionally, Legacy objects to the request for documents relating to "Putative Collective Members," because there are no members of the alleged putative collective action as Plaintiff has defined it in paragraph 48 of her Complaint. Legacy is withholding responsive documents in light of these objections.

**REQUEST NO. 58:**  All documents identified in response to Plaintiff's Interrogatories propounded on Defendant, or non-privileged documents that relate to the subject matter of those Interrogatories.

**RESPONSE:**

Legacy incorporates herein its Answers and Objections to Plaintiff's First Set of Interrogatories. Legacy further objects to this request as being overbroad to the extent it seeks all documents identified and related to the subject matter of those interrogatories, especially because the documents that are relevant to Legacy's interrogatory responses are largely duplicative of the documents that Legacy will produce in response to these requests for production.

**REQUEST NO. 59:**  All documents relating to Defendant's policies, practices, and procedures for making deductions from the wages of Plaintiff and Putative Class or Collective Members during the Relevant Time Periods.

**RESPONSE:**

61-

143869179.9

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF JULIANNE HUNTER'S FIRST SET
OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 61 of 68

Legacy's production of documents responsive to this request will be the same in substance and on the same terms as its production of documents in response to Request for Production Nos. 4, 22, 35, 36, 37 and 46.

Notwithstanding this response, Legacy further objects to the extent this request seeks documents specific to individual alleged putative class and collective action members, because the Court has certified neither a class nor a collective action, Plaintiff has failed to sufficiently define the alleged class or collective action so that Legacy can adequately identify which documents would be responsive to this request. Legacy further objects to the extent this request seeks "all documents relating to" the requested information rather than requesting documents sufficient to show the subject matter. Additionally, Legacy objects to the request for documents relating to "Putative Collective Members," because there are no members of the alleged putative collective action as Plaintiff has defined it in paragraph 48 of her Complaint. Legacy is withholding responsive documents in light to these objections.

**REQUEST NO. 60:**  All electronic communications sent to or sent by Plaintiff, Collective Members, or Class Members during the Relevant Time Periods. This includes, without limitation: all emails sent to email accounts for which Plaintiff, Collective Members, or Class Members had sole or shared responsibility, such as company email accounts, any email accounts assigned to Plaintiff, Collective Members, or Class Members by Defendant, or Plaintiff's, Collective Members', or Class Members' personal email accounts; all emails sent by email accounts for which Plaintiff's, Collective Members', or Class Members' had sole or shared responsibility, such as email accounts for Plaintiff's, Collective Members', or Class Members' work locations, any email accounts assigned to Plaintiff, Collective Members, or Class Members by Defendant, or Plaintiff's, Collective Members', or Class Members' personal email accounts.

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF JULIANNE HUNTER'S FIRST SET OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 62 of 68

**RESPONSE:**

Legacy wholly objects to this omnibus request for "all" electronic communications, regardless of subject matter, sent to or by plaintiff and all alleged putative class or collective action members, because it is overbroad, unduly burdensome, and disproportionate to the needs of the case. Specifically, this request seeks to have Legacy collect and review communications to and from potentially hundreds of employees over a period of several years, which would result in culling through millions of documents. Legacy further objects to this request because it does not seek information that pertains to whether Plaintiff can maintain this action as a class action; instead, it seeks information that is solely related to the merits of this case and is thus premature unless or until a class action is certified under FRCP 23. Legacy further objects to the extent this request seeks documents specific to individual alleged putative class and collective action members, because the Court has certified neither a class nor a collective action, Plaintiff has failed to sufficiently define the alleged class or collective action so that Legacy can adequately identify which documents would be responsive to this request, and the driving theory behind litigating claims as a class action is that a plaintiff's claims can be proven on a classwide basis, obviating the need for the kind of individual-specific discovery that this request seeks. Legacy further objects that, to the extent this request seeks responsive documents from hospitals and clinics other than Legacy Emanuel Hospital & Health Center, it is overbroad, unduly burdensome, and disproportionate to the needs of this case. The request fails to identify the documents sought with reasonable particularity. Additionally, Legacy objects to the request for documents relating to "Putative Collective Members," because there are no members of the alleged putative collective action as Plaintiff has defined it in paragraph 48 of her Complaint. For these reasons, Legacy will not produce documents responsive to this request.

63-

143869179.9

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF JULIANNE HUNTER'S FIRST SET
OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 63 of 68

**REQUEST NO. 61:**  All emails and communications to or from any of Defendant's employees, managers, supervisors, executives, principals, or agents that include any of the following terms:

- Overtime
- OT
- Over-time
- Pre-shift
- "pre shift"
- Post-shift
- "post shift"
- "Off the clock"
- Off-the-clock
- Time w/10 discrepanc!
- Pay! w/10 discrepanc!
- Missing w/10 pay
- Missing w/10 time
- Missing w/10 hour~
- Pay! w/10 issue~
- Pay! w/10 mistake~
- Pay! w/10 problem
- Pay! w/10 adjust!
- Miss! w/10 meal~
- Miss! w/10 break~
- Miss! w/10 rest!
- Miss! w/10 travel

- Meal w/10 "on duty"
- Lunch w/10 "on duty"
- Lunch w/10 "on site"
- Meal w/10 "on site"
- Meal w/10 no!
- Meal w/10 location
- Meal w/10 "time card"
- Meal w/10 "time sheet"
- Meal w/10 sheet
- Meal w/10 card
- Mean w/10 include!
- lunch w/10 location
- lunch w/10 "time card"
- lunch w/10 "time sheet"
- lunch w/10 sheet
- lunch w/10 card
- lunch w/10 include!
- break w/10 location
- break w/10 "time card"
- break w/10 "time sheet"
- break w/10 sheet
- break w/10 card

64-

143869179.9

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF JULIANNE HUNTER'S FIRST SET
OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 64 of 68

- break w/10 include!
- Lunch w/10 no!
- Break w/10 "on duty"
- Break w/10 no!
- Break w/10 "on site"
- Payroll w/10 complain!
- Meal w/10 complain!
- Rest w/10 complain!
- Lunch w/10 complain!
- Break w/10 complain!
- Expen! w/10 complain!
- Reimburs! w/10 complain!
- Unpaid w/10 time
- Unpaid w/10 hour~
- Late w/10 work
- Back w/10 pay
- Retro w/10 pay
- "Premium pay"
- "Per diem"
- "On call"
- On-call
- Retaliation

- Retaliate
- Reimburs! w/10 expen!
- Business w/10 expen!
- Expense w/10 report
- "time card" w/10 complain!
- Card w/10 complain!
- "time sheet" w/10 complain!
- Sheet w/10 complain!
- "time card" w/10 change!
- Card w/10 change!
- "time sheet" w/10 change!
- Sheet w/10 change!
- "time card" w/10 alter
- Card w/10 alter
- "time sheet" w/10 alter
- Sheet w/10 alter
- "time sheet" w/10 reduc!
- Sheet w/10 reduc!
- "time card" w/10 reduc!
- Card w/10 reduc!
- Reimb! w/10 mileage

## RESPONSE:

Legacy is willing to confer with Plaintiff regarding appropriate search terms and custodians to use when searching for documents responsive to Plaintiff's discovery requests.

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF JULIANNE HUNTER'S FIRST SET OF REQUESTS FOR PRODUCTION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 65 of 68

Notwithstanding this response, Legacy objects to the omnibus request for "all emails and communications" to "all employees, managers, supervisors, executives, principals, or agents" using Plaintiff's unilaterally selected search terms. This request is overbroad, unduly burdensome, and disproportionate to the needs of this case. Specifically, this request seeks to have Legacy collect, review, and produce oral and written communications from approximately 500 custodians whose Microsoft Outlook Personal Storage Tables ("PSTs") alone comprise over 2 TB of data, at an estimated cost of $1,608,823.38 (excluding monthly hosting costs). Legacy further objects that, to the extent this request seeks responsive documents from hospitals and clinics other than Legacy Emanuel Hospital & Health Center, it is overbroad, unduly burdensome, and disproportionate to the needs of this case. Additionally, Legacy objects to the request for documents relating to "Putative Collective Members," because there are no members of the alleged putative collective action as Plaintiff has defined it in paragraph 48 of her Complaint. Legacy is withholding responsive documents in light of these objections.

DATED:  June 5, 2019

PERKINS COIE LLP

By _____
Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Sarah J. Crooks, OSB No. 971512
SCrooks@perkinscoie.com
Courtney R. Peck, OSB No. 144012
CPeck@perkinscoie.com
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Ben Stafford *(pro hac vice)*
BStafford@perkinscoie.com
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone:  206.359.8000
Facsimile:  206.359.9000

Attorneys for Defendants

66-

143869179.9

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF JULIANNE HUNTER'S FIRST SET
OF REQUESTS FOR PRODUCTION

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 66 of 68

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served the foregoing **DEFENDANTS' RESPONSES**

**AND OBJECTIONS TO PLAINTIFF JULIANNE HUNTER'S FIRST SET OF**

**REQUESTS FOR PRODUCTION** on the following:

Dana L. Sullivan
Oregon Bar No. 944834
BUCHANAN ANGELI
ALTSCHUL & SULLIVAN LLP
921 SW Washington Street, Suite 516
Portland, Oregon 97204
Tel: (503) 974-5023
Fax: (971) 230-0337
dana@baaslaw.com

Local Counsel for Plaintiff

William M. Hogg (*pro hac vice*)
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
3700 Buffalo Speedway
Suite 300
Houston, TX 77098
Tel: (713) 338-2560
Fax: (415) 421-7105
whogg@schneiderwallace.com

Lead Attorney for Plaintiff

Carolyn H. Cottrell (*pro hac vice*)
California Bar No. 166977
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100
Fax: (415) 421-7105
ccottrell@schneiderwallace.com

Lead Attorney for Plaintiff

1-    CERTIFICATE OF SERVICE

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 67 of 68

by causing true copies thereof to be sent by the following indicated method or methods:

| | |
|:---:|:---|
| **X** | by **U.S. mail**, first-class postage prepaid, from Portland, Oregon. |
| | by **hand-delivery**. |
| | by **overnight courier**. |
| **X** | by **email**. |

DATED:  June 5, 2019

**PERKINS COIE** LLP

By _____

Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Sarah J. Crooks, OSB No. 971512
SCrooks@perkinscoie.com
Courtney R. Peck, OSB No. 144012
CPeck@perkinscoie.com
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Ben Stafford *(pro hac vice)*
BStafford@perkinscoie.com
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone:  206.359.8000
Facsimile:  206.359.9000

Attorneys for Defendants

2-    CERTIFICATE OF SERVICE

143869179.9

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 68 of 68