Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Sarah J. Crooks, OSB No. 971512
SCrooks@perkinscoie.com
C. Rian Peck, OSB No. 144012
CPeck@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

Ben Stafford (*pro hac vice*)
BStafford@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone: 206.359.8000
Facsimile: 206.359.9000

*Attorneys for Defendants*
*Legacy Health and Legacy Emanuel Hospital &*
*Health Center*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JULIANNE HUNTER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LEGACY HEALTH, LEGACY EMANUEL MEDICAL CENTER, LEGACY EMANUEL HOSPITAL & HEALTH CENTER, LEGACY HEALTH PARTNERS, LLC, RANDALL CHILDREN'S HOSPITAL AT LEGACY EMANUEL,<br><br>Defendants. | No. 3:18-CV-02219-AC<br><br>CLASS AND COLLECTIVE ACTION<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL RESPONSES TO WRITTEN DISCOVERY** |

1- DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

145164880.2

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

## I. INTRODUCTION AND BACKGROUND

Plaintiff Julianne Hunter ("Hunter" or "Plaintiff") brings this putative class and collective action lawsuit on behalf of herself and allegedly similarly situated "nursing staff" at all of defendant Legacy Health's (collectively with Legacy Emanuel Hospital & Health Center, "Legacy") hospitals and outpatient clinics. (ECF 1 ("Compl.") ¶¶ 1, 4.) Specifically, Hunter contends that Legacy, "at a corporate level," has instituted unlawful timekeeping and payroll policies systemwide. (*Id.* ¶ 1; ECF 43 (Motion to Compel) at 2.) She focuses in particular on Legacy's alleged failure to provide "nursing staff" the opportunity to take meal breaks, claiming "all Class members, as a matter of [Legacy's] system-wide policies and practices, are required to be on call and subject to interruption during unpaid meal breaks." (ECF 43 (Motion to Compel) at 8.)

Hunter only ever worked at one of Legacy's hospitals and solely as a registered nurse at that hospital. (Compl. ¶ 12.) In her written discovery requests, Hunter seeks the "name, last-known address, last-known phone number, last-known email address, dates of employment, location at which the employee worked, and social security number[]" of every member of Legacy's "nursing staff," systemwide, from December 26, 2012 to the present. (ECF 43-1 at RFP Nos. 13 & 14, Interrogatory Nos. 1 & 2.) In her motion to compel, she contends this discovery is necessary for her to investigate whether her class allegations have merit. (ECF 43 at 8.) Indeed, aside from her rote recitation of the Rule 23 requirements and her unsupported assertions that Legacy's alleged wage and hour violations are systemwide, Hunter has offered no specific facts (much less evidence) to support her contentions that the alleged violations occurred anywhere other than the units in the one hospital at which she worked.

Given her scant allegations, Legacy objected, and still objects, to compiling for Hunter a list of over 5,000 of Legacy's current and former employees' names and personal information. (*See* ECF 43-2, at RFP Nos. 13 & 14, Interrogatory Nos. 1 & 2.) Specifically, Legacy objects that Hunter's requests for a class list are overbroad, premature, and unduly invasive of its employees' privacy interests. (*Id.*) It also objects that there are no members of the putative collective action as

2-    DEFENDANTS' OPPOSITION TO PLAINTIFFS'
      MOTION TO COMPEL

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

145164880.2

Hunter has defined it,[1] and that it is incapable of identifying which employees would be included in a list because Hunter has not clarified what she means by "nursing staff."[2] (*Id.*)

Nevertheless, Legacy has indicated to Plaintiff's counsel that it is willing to provide the names and contact information for a sample of employees who fall within Plaintiff's definition of "nursing staff" and who work or worked at Emanuel from December 26, 2012 to December 26, 2018 (the "relevant time period"), so long as Plaintiff agrees to use the notice and opt-out process described in *Belaire-West Landscape, Inc. v. Superior Court*, 149 Cal. App. 4th 554 (2007). (*See* ECF 43-3 at 5 (memorializing parties' conversation regarding potential *Belaire-West* notice).) In her motion to compel, Plaintiff states that she is willing to use and pay for the *Belaire-West* notice and opt-out process. (ECF 43 at 9). Thus, the only disputes for the Court to resolve with respect to Plaintiff's motion to compel are: (1) the scope of the employees who will receive a *Belaire-West* notice (including requiring Plaintiff to provide clarity on what "nursing staff" means); and (2) the personal information that Legacy is required to provide Plaintiff regarding the employees who do not opt-out of having their information shared with Plaintiff's counsel.

## II.     DISCUSSION

### A.     The party moving to compel discovery bears the burden to show that the responding party's objections are not justified.

On a motion to compel discovery under Rule 37, the party seeking to compel discovery has the burden of establishing that its request is for relevant information under Rule 26(b)(1). *Ciufitelli v. Deloitte & Touche LLP*, No. 3:16-cv-00580-AC, 2018 WL 7893052, at *1 (D. Or. Dec. 10, 2018) (citation omitted). The party opposing discovery bears the burden to explain its objections and why

---

[1] That is, Hunter has defined the proposed collective action as including "[a]ll current and former hourly, non-exempt employees, including but not limited to nurses, nursing aides, nursing assistants or other employees with similar job duties employed by Defendants nationwide *and subjected to an automatic time deduction policy during the time period three years prior to the filing of the original Complaint*[.]" (Compl. ¶ 48.) However, as Legacy stated in its Answer to Hunter's Complaint, Legacy switched from using an exception-based reporting system (what Hunter deems an "automatic time deduction policy") to an active clocking system on June 14, 2015—more than three years before Hunter filed her Complaint. (ECF 17 at 2.) Therefore, there are no members of the putative collective action as Hunter has defined it.

[2] For Legacy's position on the lack of clarity with respect to Plaintiff's definition of "nursing staff," *see* Legacy's Motion for Protective Order (ECF 39) at 3, n.2.

3-   DEFENDANTS' OPPOSITION TO PLAINTIFFS'
     MOTION TO COMPEL

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

145164880.2

the discovery should not be allowed. *Id.* (citations omitted). The burden then shifts back to the party moving to compel discovery to "demonstrate why the objection is not justified." *Id.* (citation omitted). This Court should limit Hunter's discovery of the names and contact information of Legacy employees because Legacy's objections are justified.

> **B.**     **The *Belaire-West* notice and opt-out process should be used in this case.**

Because the California Court of Appeal in *Belaire-West* resolved similar issues that Hunter raises in her motion to compel, and because Hunter agrees that using the *Belaire-West* notice and opt-out process is appropriate in this case, it is useful at the outset to describe the court's holding in that case. Like this case, *Belaire-West* was a putative class action of employees alleging wage and hour violations against their employer. 149 Cal. App. 4th at 556. The named plaintiffs sought the names, last-known addresses, and last-known telephone numbers of current and former employees for a specific time period. *Id.* The employer objected and declined to provide the requested information, in part because its employees expected it to protect the confidentiality of their personal information. *Id.* at 561.

The *Belaire-West* court agreed with the employer that employees' personal information "deserves privacy protection." *Id.* Indeed, the court reasoned that "[i]t is most probable that the employees gave their address and telephone number to their employer with the expectation that it would not be divulged externally except as required to governmental agencies . . . or to benefits providers such as insurance companies," an expectation that was reasonable "in light of employers' usual confidentiality customs and practices." *Id.* At the same time, however, the court recognized that class action plaintiffs are typically permitted to discover at least some putative class members' contact information of the sort that the named plaintiffs had requested. *Id.* at 560.

To balance these competing interests, the *Belaire-West* court concluded that employees should be given the opportunity to opt out of having their contact information provided to the plaintiffs' counsel. *Id.* at 561. Thus, the court affirmed the trial court's order that the employer was to provide a list of the names and contact information of certain current and former employees to a

4-    DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

145164880.2

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

third-party administrator, who would deliver a notice to the employees that their information would be provided to the plaintiffs' counsel unless the employee opted out within a certain time period. *Id.* at 562. In short, the court's decision in *Belaire-West* balanced the competing interests between providing class action plaintiffs sufficient access to information and protecting employees' confidential information.[3]

Oregon employees have no different expectations regarding how their employers will protect the confidentiality of the personal information they provide as a condition of their employment. *See, e.g.*, OAR 839-020-0083 (requiring employers to maintain records of confidential employee information in a "safe" place); 29 C.F.R. § 516.7 (same); ORS 192.355(3) (state employees' personal addresses, phone numbers, email addresses, and Social Security Numbers are exempt from disclosure under public records laws). Using a *Belaire-West* notice and opt-out process is therefore appropriate in this case.

C. **Hunter's request for the names and contact information of putative class members should be limited both in terms of scope and in terms of the type of personal information she seeks.**

1. *A random sample of names and contact information for a maximum of 400 current and former "nursing staff" at Legacy Emanuel Hospital & Health Center is sufficient for Hunter to investigate her allegations at this phase of the litigation.*

A random sample of the names and contact information of a maximum of 400 members of "nursing staff" at Legacy Emanuel Hospital & Health Center during the relevant time period is sufficient to meet Hunter's stated needs at this stage of the case.[4] In her motion to compel, Hunter explains that she is requesting the names and contact information of every putative class and collective action member so that she can investigate whether her class allegations have merit. (ECF

---

[3] It does not appear that the employer requested, and thus the *Belaire-West* court did not have occasion to consider, whether the scope of employee contact information should be limited to a subset of the putative class members.

[4] Alternatively, if the Court were to reject Legacy's request to limit the employee list to Legacy Emanuel Hospital & Health Center and order a random sample of employees systemwide (as Hunter requests in the alternative in her motion to compel), Legacy requests that the Court limit the sample to a maximum of 400 employees.

5- DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

145164880.2

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

43 at 8.) However, she makes no attempt to explain why having access to contact information for over 5,000 Legacy employees is necessary for her to accomplish that goal.

It is not. The driving theory behind Hunter's claims is that Legacy has a corporate, top-down, policy prohibiting "nursing staff" from taking uninterrupted meal and rest breaks and requiring "nursing staff" to perform work before they clock in and after they clock out. (ECF 43 at 8.) As described in Legacy's motion for protective order, Hunter's personal experience with Legacy is limited to just three units in just one hospital, serving in just one position (registered nurse). (ECF 39 at 3.) She does not appear to have spoken to "nursing staff" from other Legacy hospitals or clinics, or even those serving in different job positions from her at Legacy Emanuel Hospital & Health Center. (*Id*. at 4.) Despite her limited experience, she seeks to represent all "nursing staff" at every Legacy hospital and outpatient clinic systemwide. (Compl. ¶¶ 48, 66.) But, as described in Legacy's motion for protective order, it will not take long for Plaintiff's counsel to realize that Legacy's corporate, systemwide policies regarding taking meal and rest breaks and off-the-clock work are lawful and that, to the extent any violations exist, they are, as Hunter puts it, "tethered to the whims of a few supervisors." (ECF 43 at 8; ECF 39 at 7-9.)

Given Hunter's overall case theory and the speculative nature of her allegations, Legacy's objections regarding burden, overbreadth, proportionality, and its employees' privacy interests are justified at this phase of the litigation. With respect to burden, although Legacy does maintain records regarding its current and former employees to the extent the law requires,[5] it does not maintain those records in the form of a neatly compiled list of the nature that Hunter seeks. (ECF 43-2 at Interrogatory Nos. 1 & 2, RFP Nos. 13 & 14.) Thus, there is a burden on Legacy to produce such a list, especially if, as Hunter would have it, the list comprises thousands of people. Regarding overbreadth, proportionality, and undue invasion of employees' privacy interests, Hunter does not contend that she intends to contact more than 5,000 former and current employees to investigate her

---

[5] Contrary to Plaintiffs' counsel's representations, neither federal nor state law requires Legacy to maintain records of employees' personal phone numbers or email addresses. *Compare* Motion to Compel, ECF 43, at 6, *with* 29 C.F.R. § 516.2 (requiring employers to retain employees' names and home addresses), OAR 839-020-0080 (same).

6-   DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

145164880.2

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

allegations. Nor does she need to—if Legacy maintains the corporate, top-down policies and practices that she contends exist, a vast number of interviews regarding individual employees' personal experiences is unnecessary.

Thus, in similar cases, where the named plaintiff has proposed a broad class definition—encompassing different job positions with different responsibilities at different locations—courts have managed discovery by permitting the plaintiff to discover the names and contact information of only those employees who worked at the same location where the named plaintiff worked. *See Currie-White v. Blockbuster, Inc.*, No. C 09-2593 MMC (MEJ), 2010 WL 1526314, at *3 (N.D. Cal. Apr. 15, 2010) (allowing named plaintiff to discover names and contact information classwide because class was narrowly defined to employees whose position was to work cash register, and distinguishing from *Martinet v. Spherion Atlantic Enterprises, LLC*, No. 07cv2178 W(AJB), 2008 WL 2557490 (S.D. Cal. June 23, 2008), which limited discovery to facility where named plaintiff worked because putative class included 10,000-plus employees encompassing many different job industries and many job positions unique from the plaintiff's). *See also Calleros v. Rural Metro of San Diego, Inc.*, No. 17cv686-CAB(BLM), 2017 WL 4391708 (S.D. Cal. Oct. 3, 2017) (production of putative class members' contact information limited to geographic area where named plaintiff worked, where plaintiff sought contact information for approximately 1,600 employees); *Silva v. Avalonbay Comms., Inc.*, No. CV15-4157-JAK (PLAx), 2015 WL 11438549 (C.D. Cal. Sept. 2, 2015) (production of putative class members' contact information limited to location where named plaintiff worked, where plaintiff sought to certify class of all 1,400 hourly, non-exempt employees across 132 offices); *DeLodder v. Aerotek, Inc.*, No. CV-08-6044-CAS (AGRx), 2009 WL 10674457 (C.D. Cal. Oct. 20, 2009) (production of putative class members' contact information limited to location where named plaintiffs worked, where they sought contact information for approximately 1,500 employees across 20 offices but had not made showing of companywide violations); *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 556 (N.D. Ill. 2008) (production of potential class members' contact information limited to position in which named plaintiff worked, where plaintiff

7- DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

145164880.2

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

sought contact information of all hourly employees but had not made showing that all hourly employees were subject to challenged practices).[6]

Like the plaintiffs in the cases cited above, Hunter has cast a similarly broad net with respect to her class definition while failing to provide any support for her assertion that she is capable of representing such a broad class of employees. To begin with, even though her only experience at Legacy was as a registered nurse, she seeks to represent all "nursing staff"—a term she has failed to define beyond alleging vaguely that it includes "nurses, nurse aides, nurse assistants, and other non-exempt hourly employees." (Compl. ¶ 1; ECF 42 at ¶ 2 & Ex. 4 at 18.) Further, Hunter has not substantiated how her experience as a registered nurse would be similar to that of a laboratory technician, for instance. Not only does she seek to represent many different job positions that differ substantially from her role as a registered nurse, she also seeks to represent all nursing staff at all of Legacy's nearly 100 hospitals and outpatient clinics systemwide. (ECF 39 at 3.) Again, Hunter has not substantiated how her specific experience in the pediatric intensive care unit at Legacy's busiest hospital is similar to that of, for example, a medical assistant at an outpatient urgent care clinic. In short, Hunter's proposed class definition is not narrowly tailored, and her unsupported assertion that such a broad class could be certified is implausible.

The majority of the cases that Hunter cites are thus distinguishable, because those named plaintiffs proposed narrower classes, limited to the specific job descriptions that the named plaintiff held or the specific locations where the named plaintiff worked. *See Chastain v. Cam*, No. 3:13-cv-01802-SI, 2014 WL 3734368, at *2 (D. Or. July 28, 2014) (proposed class limited to employees at one restaurant); *Aldapa v. Fowler Packing Co.*, 310 F.R.D. 583, 586 (E.D. Cal. 2015) (proposed class limited to agricultural employees who cultivated and harvested fruit); *Cedano v. Thrifty Payless, Inc.*, No. CV-10-237-HZ, 2011 WL 8609402, at *1 (D. Or. May 9, 2011) (proposed class limited to one job position at defendant's Rite Aid stores); *Arthur v. Murphy Co.*, No. 1:10-CV-

---

[6] For additional authority supporting this position, *see* Legacy's Motion for Protective Order (ECF 39) at 6-7, n.3.

8- DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

145164880.2

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

3142-CL, 2012 WL 13047759, at *1 (D. Or. Nov. 8, 2012) (requested contact information limited to specific employees listed by Plaintiff).

Limiting the *Belaire-West* notice and opt-out process to a maximum of 400 "nursing staff" at Legacy Emanuel Hospital & Health Center, Legacy's largest hospital with the highest concentration of nurses, is in line with the cases described above and will provide Hunter ample opportunity to investigate her classwide allegations. That is, even assuming that half of the employees who receive a *Belaire-West* notice opt out of having their contact information disclosed (which is a high estimate), Hunter would still have access to 200 employees to interview and potentially collect documents from regarding her allegations. Therefore, Legacy's proposal strikes the balance between providing Hunter sufficient opportunity to investigate her classwide allegations, while at the same time avoiding unnecessarily disclosing the names and personal information of thousands of Legacy employees.

2. *This Court should also limit the type of personal employee information that Hunter has requested.*

Legacy also respectfully requests that this Court limit the type of information that it must provide in response to Hunter's requests for a list of employees. That is, in her requests, Hunter seeks three forms of contact information (last-known address, last-known phone number, and last-known email) for all "nursing staff" employees, plus their dates and locations of employment and their Social Security Numbers. (ECF 43-1 at RFP Nos. 13 & 14.) In her motion to compel, Hunter does not provide any explanation for why she requests such an overbroad and exhaustive amount of information. To reduce the burden on Legacy and protect employees' privacy interests, Legacy requests that the Court limit the information to: (1) employee name; (2) last known-address; and (3) last-known phone number. *See, e.g.*, *Belaire-West*, 149 Cal. App. 4th at 561 (disclosure limited to name, last-known address, and last-known phone number).

9- DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

145164880.2

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

### III. CONCLUSION

For the reasons stated above, Legacy respectfully requests that the Court deny Plaintiff's Motion to Compel, instead limiting discovery of employees' names and contact information as described above.

DATED: August 6, 2019                       PERKINS COIE LLP

By: */s/ Sarah Crooks*
Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Sarah J. Crooks, OSB No. 971512
SCrooks@perkinscoie.com
C. Rian Peck, OSB No. 144012
CPeck@perkinscoie.com
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Ben Stafford (*pro hac vice*)
BStafford@perkinscoie.com
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone: 206.359.8000
Facsimile: 206.359.9000

*Attorneys for Defendants*
*Legacy Health and Legacy Emanuel Hospital*
*& Health Center*

10- DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

145164880.2

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222