IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JULIANNE HUNTER,<br><br>        Plaintiff,<br>v.<br><br>LEGACY HEALTH and LEGACY EMANUEL HOSPITAL & HEALTH CENTER,<br><br>        Defendants. | Case No.: 3:18-cv-02219-AR<br><br>ORDER |

**Adrienne Nelson, District Judge**

      United States Magistrate Judge Jeff Armistead issued his Findings and Recommendations ("F&R") in this case on January 31, 2024. Judge Armistead recommended that this Court grant plaintiff's Motion for Leave to File Amended Complaint. Defendants Legacy Health and Legacy Emanuel Hospital & Health Center ("Legacy") timely filed objections, to which plaintiff responded.

      A district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(l). When a magistrate judge issues a findings and recommendation related to a dispositive motion and a party files objections, "the court shall make a de novo determination of those portions of the report." *Id.* However, if the magistrate judge's findings and recommendation is related to a non-dispositive matter ad a party files objections, the district judge may reject the determinations *only* if the magistrate judge's order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). If no objections are filed, then no standard of review applies. However, further review by the district court *sua sponte* is not prohibited. *Thomas v. Arn*, 474 U.S. 140, 154 (1985). The Advisory Committee notes to Federal Rule of Civil Procedure 72(b) recommend that unobjected to proposed findings and recommendations be reviewed for "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.

      Plaintiff initiated this case on December 26, 2018, alleging that Legacy, "including all of

the Oregon and Washington hospital facilities and clinics" under Legacy's control, violated the Fair Labor Standards Act ("FLSA") and Oregon law. Compl., ECF [1], ¶ 4. Plaintiff moved for conditional certification of an FLSA collective action on May 26, 2020. Mot. to Certify Class, ECF [78]. Judge Acosta granted that motion on January 4, 2021. Op. & Order of Jan. 4, 2021, ECF [115]. Legacy moved to stay FLSA-related discovery while it moved for an interlocutory appeal of the conditional certification order. Mot. to Certify Interlocutory Appeal, ECF [121]. Judge Acosta tolled the statute of limitations for current and potential class members' claims beginning December 2, 2020, pending resolution of Legacy's motion. Minutes of Proceedings of Feb. 11, 2021, ECF [127]. After denying Legacy's motion, the court granted the parties' joint motion approving FLSA notice by mail, email, and text message, and tolling the statute of limitations from December to June 14, 2021. Op & Order of Apr. 13, 2021, ECF [133]; Order of June 14, 2021, ECF [136].

The FLSA notice period closed on October 27, 2021. 920 individuals opted in to the collective action. Mya Blum ("Blum") filed her consent to join the FLSA collective action on July 6, 2021. Consent to Join, ECF [141]. Blum worked at several of Legacy's facilities, including one in Washington. On April 15, 2022, Legacy sent discovery requests to a subset of opt-in plaintiffs, including Blum. Resp. to Mot. for Leave to File Amended Compl. ("Mot. for Leave"), ECF [227], Ex. A, ¶ 3.

This case was stayed from May 18, 2022 to November 2, 2022 while the parties engaged in alternative dispute resolution. Order of May 18, 2022, ECF [196]; Order of Nov. 2, 2022, ECF [205]. Blum responded to the requests on January 1, 2023. Mot. for Leave, Ex. A, ¶ 4. On July 6, 2023, plaintiff filed the present motion to amend the complaint, seeking to add four new claims under Washington state law, and to add Blum as a class representative. Mot. for Leave, ECF [225].

Since the court granted conditional certification on January 4, 2021, the parties have jointly moved to extend the deadlines related to class certification six times. Currently, the deadline to complete discovery related to class certification is September 24, 2024. Order of Feb. 1, 2024, ECF [241]. The deadline to file motions related to class certification is November 12, 2024. *Id.*

Legacy makes three objections to the F&R: (1) it is improperly based on allegations made

2

outside the scope of plaintiff's Washington class definition; (2) the class allegations are insufficient on their face and amendment is futile; and (3) plaintiff unduly delayed seeking to amend the complaint, causing unfair prejudice to Legacy. These objections are addressed in turn.

A.   **Allegations Beyond Washington Class Definition**

Legacy's first argument relates to futility of amendment. Judge Armistead found that the proposed Washington state-law claims related back to the date that the original complaint was filed because they arose out of the same facts alleged in the complaint, that the claims were timely under Washington's relevant statute of limitations, RCW § 4.16.080(3), and that the claims stated a plausible claim for relief.

Legacy's first objection relates to Judge Armistead's finding regarding timeliness. Legacy argues that, based on the definition of the "Washington class" set forth in the proposed First Amended Complaint ("FAC"), the class is based on a policy that undisputedly expired before the class members had standing to bring their claims. The proposed FAC defines the Washington class as:

> "All current and former hourly, non-exempt employees, including but not limited to nursing staff, nursing aides, nursing assistants, or other employees with similar job duties employed by Defendants in Washington, and subjected to an automatic time deduction policy and practice at any time starting four years prior to the filing of this Complaint until resolution of this action[.]"

Mot. for Leave, Ex. A, ¶ 77. Judge Armistead found that the proposed FAC, as a whole, alleged "a variety of meal, rest, and overtime wage violations that did not end with the automatic deduction policy in 2015," meaning the proposed Washington claims were not clearly outside the statute of limitations. Findings & Rec. ("F&R"), ECF [239], at 11. Legacy argues that Judge Armistead erred by relying on plaintiff's arguments at the oral argument hearing and "conclusory introduction paragraphs in the proposed FAC" when determining that the proposed Washington claims were not time-barred by the statute of limitations. Defs.' Objs. to F&R ("Defs.' Objs."), ECF [243], at 7. However, Legacy contends that because the Washington class definition is based on the time deduction policy, Judge Armistead should not have looked beyond that definition in assessing the viability of the Washington state-law claims. Rather, Legacy argues that plaintiff "should be constrained to the class definition on the face of her proposed FAC." *Id.*

Legacy's argument relies on a misunderstanding of the law. "There is no rule that the

3

definition of a certified class must exactly match the definition contained in a complaint." *Sandoval v. Cnty. of Sonoma*, No. 11-cv-015817-TEH, 2015 WL 1926269, at *2 (N.D. Cal. Apr. 27, 2015) (citing Fed. R. Civ. P. 23(c)(1)(B)).  Rather, "the class is defined by the order granting certification." *Id.*  As such, alleged flaws in a complaint's class definition may "be remedied at the certification stage." *Webb v. Circle K Stores Inc.*, No. CV -22-00716-PHX-ROS, 2022 WL 16649821, at *2 (D. Ariz. Nov. 3, 2022).  Here, in his well-reasoned F&R, Judge Armistead properly determined that the proposed FAC alleged Washington claims that continued after 2015 and were "not clearly outside the statute of limitations." F&R 11.  That the alleged claims were not explicitly included in the class definition is inapposite; the only binding class definition is that created by the order granting certification.

Although Judge Armistead referenced the introductory paragraphs of the proposed FAC, the Court does not find these allegations to be conclusory in light of the document as a whole.  As plaintiff aptly points out, paragraph 34 of the proposed FAC references a "payroll policy" that "applies to all hourly-paid, non-exempt nursing staff who are responsible for patient care," and paragraph 38 specifically alleges that Blum "was subjected to Defendants' time, pay, meal break, and overtime policies and practices" and "performed work while 'off-the-clock' with Defendant's [*sic*] knowledge and was denied compensation for the time she spent engaged in this work." Mot. for Leave, Ex. A, ¶¶ 34, 38.  These allegations cannot be construed as conclusory.

Legacy appears to make the argument that Judge Armistead erroneously relied on plaintiff's oral arguments.  Yet, even if such a proposition were true, Legacy's implication that plaintiff's counsel only made the argument "that the proposed Washington class claims went beyond the automatic deduction policy" at oral argument is belied by the record.  Defs.' Objs. 7.  Plaintiff's reply in support of her motion explicitly states, "Defendants' claim that all the Washington claims in the FAC are predicated on Legacy's auto-deduct practice is false.  The FAC, like the original Complaint, alleges wage and hour violations based on other 'off-the-clock' scenarios." Reply in Supp. of Mot. to Amend, ECF [230], at 4 n.5.  Plaintiff's argument that the proposed FAC contains alleged violations that continued after the automatic time deduction policy ended in 2015 is apparent on the face of plaintiff's briefs and the proposed FAC, and Judge

4

Armistead did not err by relying on this argument.

Finally, Judge Armistead's reliance on the proposed FAC's allegations in determining that the Washington state-law claims are not time-barred does not unduly prejudice Legacy. Although Legacy argues that the amendment will "allow the addition of an entirely new putative class with entirely novel claims based on the law of an entirely new state," the Court is unconvinced. Defs.' Objs. 7. As Judge Armistead aptly noted, Blum opted into the FLSA action in 2021 and the Washington state-law claims "assert the same basic legal scheme . . . as those asserted in the original complaint." F&R 10. Far from raising "entirely novel claims," the Washington state-law claims mirror the Oregon claims. Though they may be based on a different state's law, Legacy has declined to identify differences in that law, or otherwise adequately explain how litigating identical claims under Washington law would create unfair prejudice.

Second, Legacy argues that because the automatic time deduction policy undisputedly ended in 2015, the Washington class members lack standing because any Washington claim based on this policy was time-barred by the statute of limitations before the original complaint was filed. That is, Legacy argues that the no class members, based on the FAC's class definition, have suffered an injury within the applicable period of time, and, thus, they have no standing to assert additional claims that allegedly continued after the policy ended. This argument was never made before Judge Armistead; thus, it is in this Court's discretion whether to consider this new argument. *See Jones v. Blanas*, 292 F.3d 918, 935 (9th Cir. 2004).

The Court considers this argument only to reiterate that a complaint's class definition is not binding. The motion at issue is not a motion to certify—it is a motion to amend the complaint, and any purported flaws with the complaint's Washington class definition may "be remedied at the certification stage" if appropriate. *Webb*, 2022 WL 16649821, at *2.

B.  **Sufficiency of Class Allegations**

Legacy also argues that amendment is futile because, based on its prior arguments, it could successfully bring a motion to dismiss and/or a motion to strike the class claims if the proposed FAC was accepted. Though Legacy raised a motion to dismiss before Judge Armistead, it did not present arguments

5

related to a motion to strike.  For the reasons already stated, the Court finds that the amending the complaint would not be futile because it contains plausible claims for relief.

Further, numerous courts in this circuit have denied motions to strike class allegations prior to discovery as premature.  *See Mattson v. New Penn Fin., LLC*, No. 3:18-cv-00990-YY, 2018 WL 6735088, at *2 (D. Or. Nov. 6, 2018) (collecting cases).  Though Legacy argues that "'discovery would not cure [the] defect' in the class allegations," the Court is less convinced.  Defs.' Objs. 10.  As highlighted by Judge Armistead's well-reasoned F&R, the proposed FAC contains allegations of continuing violations beyond 2015 that are unrelated to the automatic time deduction policy.  That is to say, the automatic time deduction policy is not the only basis upon which a Washington class could be based, and the Court is unconvinced that further discovery could not cure the alleged defect in the class definition.  Accordingly, the Court disagrees that "the class allegations are insufficient on their face," and agrees with Judge Armistead that amendment is not futile.  *Id.*

**C.     Undue Delay**

Finally, Legacy argues that Judge Armistead erred in fining that, although the eight-month delay between terminating settlement discussions in November 2022 and filing the motion to amend in July 2023 was unreasonable, the delay alone was not sufficient to justify denying leave to amend.  Defs.' Objs. 11.  Legacy asserts that the delay was more than unreasonable, arguing that plaintiff should have known about the facts raised in the amendments at the time of the original complaint because plaintiff stated that the Washington claims are predicated on the "same facts informing the original Complaint" and that "[t]he same evidence used to prove the Oregon claims will be used to prove the Washington claims."  *Id.* (internal quotation marks omitted).  Thus, Legacy argues that these facts and theories could have been included in the original complaint.  *Id.* (citing *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990)).

The Court disagrees.  The Washington claims arose from information received from the FLSA opt-in plaintiffs, for whom the notice period closed on October 27, 2021.  Blum was one of the 920 individuals who opted in and filed her consent to join the FLSA collective action on July 6, 2021.  Class and collective discovery for this large group of plaintiffs has been ongoing, as evidenced by the numerous

6

deadline extensions that the parties jointly requested. Blum herself responded to discovery requests on January 1, 2023, and plaintiff moved to add her as a named plaintiff only six months later. Though plaintiff's original complaint referenced Legacy's Washington facilities, plaintiff could not have added the Washington claims to the original complaint because she herself did not allege to suffer any injuries in Washington. Only after completing some class and collective discovery did plaintiff identify Blum as someone with specific allegations related to the claims of putative class members working in Legacy's Washington facilities. In essence, crediting Legacy's argument would require this Court to ignore the purpose and structure of a class action lawsuit.

Second, Legacy argues that the eight-month delay standing alone, for which it alleges plaintiff has provided no explanation, is sufficient to deny the motion to amend. Legacy relies primarily on *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946 (9th Cir. 2006), a case in which the Ninth Circuit affirmed the district court's denial of leave to amend when fifteen months had passed between the plaintiff learning of its amendment theory and bringing its motion to amend. *Id.* at 953. Based on this case, Legacy argues that "it is plainly evident that [it] will be unfairly prejudiced if Plaintiff is permitted leave to amend." Defs.' Objs. 13. Again, the Court disagrees.

There are two key distinctions between *AmerisourceBergen* and the present case: (1) the plaintiff in *AmerisourceBergen* knew of the facts underlying its proposed amendment before the case was even filed; and (2) the plaintiff's proposed amendment would have "drastically changed its litigation theory." 465 F.3d at 953. For the reasons already discussed, the Court disagrees that plaintiff knew of the facts underlying the proposed amendments at the time she filed the original complaint. Additionally, Judge Armistead found that Legacy would not suffer unfair prejudice because "the same evidence . . . will be used to prove the Washington claims and is largely in Legacy's hands" and "[t]he parties have not yet briefed class certification, merits discovery has not closed, and no trial date has been set." F&R 13. The Court agrees with Judge Armistead's thoughtful analysis. Although this case was initiated five years ago, numerous extensions and a stay have kept this case in the early stages of litigation. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187-88 (9th Cir. 1987) ("Given that this case is still at the discovery stage

7

with no trial date pending, nor has a pretrial conference been schedule, there is no evidence that [defendant] would be prejudiced by the timing of the proposed amendment."). Nor has Legacy provided adequate evidence that plaintiff's amendments would drastically change the litigation theory or tactics such that Legacy would suffer unfair prejudice as this case progresses. *See Adidas Am., Inc. v. TRB Acquisitions LLC*, No. 3:15-cv-2113-SI, 2016 WL 11673273, at *3 (D. Or. July 26, 2016).

## CONCLUSION

Upon review, the Court ADOPTS the F&R, ECF [239], as its own opinion. Plaintiff's Motion for Leave to File Amended Complaint, ECF [225], is GRANTED. Plaintiff is ordered to file the First Amended Complaint within fourteen (14) days of this order.

IT IS SO ORDERED.

DATED this 18th day of March, 2024.

*/s/ Adrienne Nelson*
Adrienne Nelson
United States District Judge