Dana L. Sullivan
Oregon Bar No. 944834
BUCHANAN ANGELI
ALTSCHUL & SULLIVAN LLP
921 SW Washington Street, Suite 516
Portland, Oregon 97205
Tel:  (503) 974-5023; Fax: (971) 230-0337
dana@baaslaw.com
*Local Counsel for Plaintiff*

Carolyn H. Cottrell (*pro hac vice*)
Robert E. Morelli, III (*pro hac vice*)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel:  (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
rmorelli@schneiderwallace.com
*Lead Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## PORTLAND DIVISION

|  |  |
|---|---|
| JULIANNE HUNTER and MYA BLUM, individually and on behalf of all others similarly situated, | Case No.  3:18-CV-02219-AR |
| | CLASS AND COLLECTIVE ACTION |
| Plaintiff, | |
| v. | **PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| LEGACY HEALTH, LEGACY EMANUEL MEDICAL CENTER, LEGACY EMANUEL HOSPITAL & HEALTH CENTER, LEGACY HEALTH PARTNERS, LLC, RANDALL CHILDREN'S HOSPITAL AT LEGACY EMANUEL, | |
| Defendants. | |

## I.    MOTION

Plaintiffs Julianne Hunter and Mya Blum ("Plaintiffs"), through undersigned counsel, hereby move for preliminary approval of the Joint Stipulation of Class and Representative Action Settlement ("Settlement") attached as **Exhibit 1** to the accompanying Declaration of Carolyn H. Cottrell. Defendants do not oppose this motion. The Settlement resolves all the claims in this action. As such, Plaintiffs move for an Order:

(1)    Granting preliminary approval of the Settlement;

(2)    Preliminarily certifying the Class for settlement purposes;[1]

(3)    Approving the proposed schedule and procedure for administering and completing the Settlement, including the Final Approval Hearing;

(4)    Approving the proposed Class Notice (attached as **Exhibit A** to the Settlement);

(5)    Preliminarily appointing and approving Schneider Wallace Cottrell Konecky LLP and Buchanan Angeli Altschul & Sullivan LLP as "Class Counsel" for the Class and Collective members;

(6)    Preliminarily approving Class Counsel's request for attorneys' fees and costs;

(7)    Preliminarily appointing and approving Plaintiffs Julianne Hunter and Mya Blum as Class Representatives;

(8)    Preliminarily approving Plaintiffs' request for Service Payments;

(9)    Preliminarily appointing and approving CPT Group, Inc. as the Settlement Administrator and approving Plaintiffs' request for settlement administration expenses; and

---

[1] The Court already granted conditional certification of the collective action on January 4, 2021. (ECF No. 115).

**SCHNEIDER WALLACE
COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

(10)    Authorizing the Settlement Administrator to mail the approved Class Notice to the

Class members.

Plaintiffs bring this Motion under Federal Rule of Civil Procedure 23(e) and the long-established precedent requiring Court approval for Fair Labor Standards Act ("FLSA") settlements. The Motion is based on the following memorandum of points and authorities, the accompanying Declaration of Carolyn H. Cottrell, all other records, pleadings, and papers on file in the action, and such other evidence or argument as may be presented to the Court at the hearing on this Motion. Plaintiffs also submit a Proposed Order Granting Preliminary Approval of Class and Collective Action Settlement with the moving papers.

Date: August 14, 2024                    Respectfully submitted,

*/s/ Robert E. Morelli, III*
Dana L. Sullivan
Oregon SBN 944834
BUCHANAN ANGELI
ALTSCHUL & SULLIVAN LLP
921 SW Washington Street, Suite 516
Portland, Oregon 97205
Tel: (503) 974-5023; Fax: (971) 230-0337
dana@baaslaw.com
*Local Counsel for Plaintiff*

Carolyn H. Cottrell (*pro hac vice*)
Robert E. Morelli, III (*pro hac vice*)
**SCHNEIDER WALLACE
COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Phone: (415) 421-7100
Fax: (415) 421-7105
ccottrell@schneiderwallace.com
rmorelli@schneiderwallace.com

*Attorneys for Plaintiffs, Class, and
Collective Members*

Unopposed Motion for Preliminary Approval
Case No. 18-cv-02219-AR
Page No. - 3 -

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

## TABLE OF CONTENTS

I.      MOTION…………................................................................................2

II.     INTRODUCTION ..........................................................................11

III.    FACTUAL BACKGROUND..........................................................12

IV.     PROCEDURAL HISTORY ...........................................................13

        A.    Original Complaint.................................................................13

        B.    Discovery ...............................................................................13

        C.    Conditional Certification and Collective Notice....................14

        D.    First Amended Complaint.......................................................15

        E.    Mediation and Settlement ......................................................15

V.      THE SETTLEMENT .....................................................................16

        A.    Basic Terms and Value...........................................................16

        B.    Class and Collective Definitions............................................17

        C.    Allocation and Awards ...........................................................18

        D.    Scope of Release ....................................................................18

        E.    Settlement Administration ......................................................21

VI.     THE COURT SHOULD PRELIMINARILY APPROVE THE SETTLEMENT
        AS TO THE CLASS AND APPROVE THE SETTLEMENT AS TO THE COLLECTIVE. ......22

        A.    The Court should preliminarily certify the Class. ...................24

              1.    The Class is numerous and ascertainable..........................24

              2.    Plaintiffs' claims raise common issues of fact and law. ...................25

              3.    Plaintiffs' claims are typical of the Class..........................27

              4.    Plaintiff and Class Counsel will adequately represent the Class........27

              5.    Rule 23(b)(3)'s requirements are also met.........................28

        B.    The Settlement is fair, reasonable, and adequate. ...................29

              1.    The Settlement is the product of informed, non-collusive, and arm's-
                    length negotiations between experienced counsel. ...................30

              2.    The Settlement amount is fair, reasonable, and adequate.................31

              3.    The parties  agreed to distribute settlement proceeds in a manner
                    tailored to the Class members and their respective claims. .....................33

              4.    The extensive formal and informal discovery and mediation process
                    enabled the parties to make informed decisions regarding the
                    Settlement…………................................................................34

**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

5.   Litigating the Action would not only delay recovery but would be expensive, time-consuming, and risky. ....................................................35

C.    The requested service payments are reasonable.....................................36

D.    The requested attorneys' fees and costs are reasonable. .........................38

E.    The proposed Class Notice is reasonable. ..............................................41

F.    The Court should approve the proposed schedule. .................................44

VII.    CONCLUSION....................................................................................................44

**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

## TABLE OF AUTHORITIES

**Cases**

*Amaraut v. Sprint/United Mgmt. Co.*,
No. 19-cv-411-WQH-AHG, 2021 U.S. Dist. LEXIS 147176 (S.D. Cal. Aug. 5, 2021) ..........24

*Amchem Prod., Inc. v. Windsor*,
521 U.S. 591(1997) ...........................................................................................................29

*Balderas v. Massage Envy Franchising, LLC*,
No. 12-cv-06327-NC, 2014 U.S. Dist. LEXIS 99966 (N.D. Cal. July 21, 2014) ...................31

*Bazzell v. Body Contour Center, LLC*,
No. C16-0202JLR, 2016 U.S. Dist. LEXIS 89012 (W.D. Wash. July 8, 2016)......................26

*Bell v. Consumer Cellular, Inc.*,
2017 U.S. Dist. LEXIS 95401 (D. Or. June 21, 2017)...........................................................39

*Bernstein v. Virgin Am., Inc.*,
No. 15-cv-02277-JST, 2023 U.S. Dist. LEXIS 198029 (N.D. Cal. Nov. 3, 2023)..................38

*Boyd v. Bechtel Corp.*,
485 F. Supp. 610, 617 (N.D. Cal. 1979)................................................................................34

*Carter v. Anderson Merchandisers, LP*,
No. EDCV 08-0025-VAP OPX, 2010 U.S. Dist. LEXIS 55581 (C.D. Cal. May 11, 2010) ....30

*Churchill Village, LLC. v. Gen. Elec.*,
361 F.3d 566 (9th Cir. 2004) ........................................................................................30, 41

*Clifton v. Babb Constr. Co.*,
No. 6:13-cv-1003 MC, 2014 WL 5018897, 2014 U.S. Dist. LEXIS 140951 (D. Or. Oct. 1,
2014)......................................................................................................................................24

*Coates v. Farmers Group, Inc.*,
No. 15-CV-01913-LHK, 2016 U.S. Dist. LEXIS 141982 (N.D. Cal. Sept. 30, 2016)............38

*Cruz v. Sky Chefs, Inc.*,
No. 12-cv-02705- DMR, 2014 U.S. Dist. LEXIS 176393 (N.D. Cal. Dec. 19, 2014) ............32

*Demmings v. KKW Trucking, Inc.*,
No. 3:14-cv-0494-SI, 2018 U.S. Dist. LEXIS 159749 (D. Or. Sept. 19, 2018) ......................39

*Dunn v. Teachers Ins. & Annuity Ass'n of Am.*,
No. 13-CV-05456-HSG, 2016 U.S. Dist. LEXIS 4338 (N.D. Cal. Jan. 13, 2016)..................23

*Eisen v. Carlisle & Jacquelin*,
417 U.S. 156 (1974)..............................................................................................................41

**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

*Franco v. Ruiz Food Prods.*,
  No. 1:10-cv-02354-SKO, 2012 U.S. Dist. LEXIS 169057 (E.D. Cal. Nov. 27, 2012) ............39

*Fry v. Hayt, Hayt & Landau*,
  198 F.R.D. 461 (E.D. Pa. 2000)......................................................................................25, 27

*Gomez v. H & R Gunlund Ranches*,
  No. CV F 10-1163 LJO MJS, 2011 U.S. Dist. LEXIS 135424 (E.D. Cal. Nov. 22, 2011) ......41

*Gonzalez v. Millard Mall Servs., Inc.*,
  281 F.R.D. 455 (S.D. Cal. 2012) ...................................................................................36

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ............................................................................... passim

*Hernandez v. Chritansen Bros. Gen. Eng'g, Inc.*,
  2023 U.S. Dist. LEXIS 72230 (C.D. Cal. 2023).....................................................................36

*Hoffman v. Securitas Sec. Servs.*,
  No. CV-07-502-S-EJL, 2008 U.S. Dist. LEXIS 123883 (D. Idaho Aug. 27, 2008) ...............26

*Holmes v. Continental Can Co.*,
  706 F.2d 1144 (11th Cir. 1983) ..................................................................................33

*Ikonen v. Hartz Mountain Corp.*,
  122 F.R.D. 258 (S.D. Cal. 1988) .................................................................................25

*In re Activision Sec. Litig.*,
  723 F. Supp. 1373 (N.D. Cal. 1989) .............................................................................39

*In re AT & T Mobility Wireless Data Servs. Sales Tax Litig.*,
  789 F.Supp.2d 935 (N.D. Ill. 2011) ..............................................................................33

*In re Mego Fin. Corp. Sec. Litig.*,
  213 F.3d 454 (9th Cir.2000) .......................................................................................31

*In re Omnivision Techs. Inc.*,
  559 F.Supp.2d 1036 (N.D. Cal. 2008) .........................................................................32

*In re Syncor ERISA Litig.*,
  516 F.3d 1095 (9th Cir. 2008) ....................................................................................30

*In re Uber FCRA Litig.*,
  No. 14-cv-05200-EMC, 2017 U.S. Dist. LEXIS 101552 (N.D. Cal. June 29, 2017)...............32

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
  19 F.3d 1291(9th Cir. 1994) .......................................................................................39

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

*J.N. v. Or. Dep't of Educ.*,
  338 F.R.D. 256 (D. Or. 2021) ................................................................................27

*Jeter-Polk v. Casual Male Store, LLC*,
  No. EDCV 14-891-VAP (DTBx), 2016 U.S. Dist. LEXIS 193466 (C.D. Cal. Mar. 4, 2016) .40

*Jones, et al. v. CertifiedSafety, Inc.*,
  Case No. 3:17-cv-02229-EMC (N.D. Cal. June 1, 2020) ......................................................24

*Khadera v. ABM Indus., Inc.*,
  701 F.Supp.2d 1190 (W.D. Wash. 2010) .............................................................................26

*Kilbourne v. Coca-Cola Co.*,
  No. 14CV984-MMA BGS, 2015 U.S. Dist. LEXIS 118756 (S.D. Cal. July 29, 2015) ..........32

*Knight v. Red Door Salons, Inc.*,
  No. 08-01520 SC, 2009 U.S. Dist. LEXIS 11149 (N.D. Cal. Feb. 2, 2009)...........................39

*Laffitte v. Robert Half Int'l Inc.*,
  1 Cal.5th 480 (2016) ............................................................................................................38

*Lazy Oil Co. v. Witco Corp.*,
  No. 94-110 Erie, 1997 U.S. Dist. LEXIS 21397 (W.D. Pa. Dec. 31, 1997) ...........................31

*Lewis v. Starbucks Corp.*,
  No. 2:07-cv-00490-MCE-DAD, 2008 U.S. Dist. LEXIS 83192 (E.D. Cal. Sept. 11, 2008)....34

*Lynn's Food Stores, Inc. v. United States*,
  679 F.2d 1350 (11th Cir. 1982) ......................................................................................23, 29

*Millan v. Cascade Water Services, Inc.*,
  No. 1:12-cv-01821-AWI-EPG, 2016 U.S. Dist. LEXIS 72198 (E.D. Cal. June 2, 2016) ........37

*Monterrubio v. Best Buy Stores, L.P.*,
  291 F.R.D. 443 (E.D. Cal. 2013) .........................................................................................34

*Mullane v. Cent. Hanover Bank & Trust Co.*,
  339 U.S. 306 (1950)..............................................................................................................41

*Noyes v. Kelly Servs., Inc.*,
  2:02-CV-2685-GEB-CMK, 2008 U.S. Dist. LEXIS 73437 (E.D. Cal. Aug. 4, 2008).............40

*Officers for Justice v. Civil Serv. Comm'n*,
  688 F.2d 615 (9th Cir. 1982) ....................................................................................29, 31, 32

*Ordonez v. Radio Shack, Inc.*,
  2013 U.S. Dist. LEXIS 7868 (C.D. Cal. 2013)......................................................................36

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

*Otey v. CrowdFlower, Inc.*,
    No. 12-CV-05524-JST, 2015 U.S. Dist. LEXIS 141338 (N.D. Cal. Oct. 16, 2015) .......... 23, 29

*Perkins v. Singh*,
    No. 3:19-cv-01157-AC, 2021 U.S. Dist. LEXIS 211578 (D. Or. nov. 2, 2021) ...................... 40

*Phillips Petroleum Co. v. Shutts*,
    472 U.S. 797 (1985) ........................................................................................... 41

*Rodriguez v. W. Publ'g Corp.*,
    563 F.3d 948 (9th Cir. 2009) ............................................................................ 31

*Romero v. Producers Dairy Foods, Inc.*,
    235 F.R.D. 474 (E.D. Cal. 2006) ................................................................. 25, 41

*Rosales v. El Rancho Farms*,
    No. 1:09-CV-00707 -AWI-JLT, 2015 U.S. Dist. LEXIS 95775 (E.D. Cal. July 21, 2015) ..... 39

*Silber v. Mabon*,
    18 F.3d 1449 (9th Cir. 1994) ............................................................................ 41

*Soto, et al. v. O.C. Commc'ns, Inc., et al.*,
    No. 3:17-cv-00251-VC (N.D. Cal. Oct. 23, 2019) ............................................... 24

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ................................................................. 36, 37, 38

*Stetson v. Grissom*,
    821 F.3d 1157 (9th Cir. 2016) .......................................................................... 40

*Vasquez v. Coast Valley Roofing*,
    266 F.R.D. 482 (E.D. Cal. 2010) ..................................................................... 38

*Viceral v. Mistras Grp., Inc.*,
    No. 15-cv-02198-EMC, 2016 U.S. Dist. LEXIS 140759 (N.D. Cal. Oct. 11, 2016) .............. 31

*Wang v. Chinese Daily News, Inc.*,
    737 F.3d 538 (9th Cir. 2013) ...................................................................... 25, 28

*Wilson v. TE Connectivity Networks, Inc.*,
    2017 U.S. Dist. LEXIS 219899 (N.D. Cal. 2017) ............................................... 36

*Wren v. RGIS Inventory Specialists*,
    No. C-06-05778 JCS, 2011 U.S. Dist. LEXIS 38667 (N.D. Cal. Apr. 1, 2011) ............... 30, 31

*York v. Starbucks Corp.*,
    No. CV 08-07919 GAF PJWX, 2011 U.S. Dist. LEXIS 155682 (C.D. Cal. Nov. 23, 2011) ... 32

**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

## Statutes

29 U.S.C. § 216..................................................................................................23

29 U.S.C. § 225..................................................................................................14

Fed. R. Civ. P. 23..........................................................................................passim

Fed. R. Civ. P. 30..............................................................................................16

OAR 839-020-0030..............................................................................................12

OAR 839-020-0050..............................................................................................12

ORS 652.140........................................................................................................12

ORS 652.610........................................................................................................12

ORS 653.261........................................................................................................12

RCW 49.12.020....................................................................................................12

RCW 49.46.130....................................................................................................12

RCW 49.48.010....................................................................................................12

RCW 49.52.050....................................................................................................12

Treas. Reg. §1.468B-1..........................................................................................22

WAC 296-126-092................................................................................................12

## Other Authorities

Conte,
  *Newberg on Class Actions*, § 8.39 (3rd Ed. 1992)................................................42

*Manual for Complex Litigation*,
  *Judicial Role in Reviewing a Proposed Class Action Settlement*, § 21.61 (4th ed. 2004) . 22, 42, 43

Newberg and Conte,
  Newberg on Class Actions § 14.6 (4th ed. 2007) ..........................................41, 43

Posner,
  *Economic Analysis of the Law* (4th ed. 1992) ....................................................40

**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

## MEMORANDUM OF POINTS AND AUTHORITIES

**II.    INTRODUCTION**

This class and collective action ("Action") is brought by Plaintiffs Julianne Hunter and Mya Blum ("Plaintiffs") on behalf of themselves and current and former hourly, non-exempt employees who worked for Defendants Legacy Health, Legacy Emanuel Medical Center, Legacy Emanuel Hospital & Health Center, Legacy Health Partners, LLC, and/or Randall Children's Hospital at Legacy Emanuel (collectively, "Defendants") at any time from December 26, 2012 through the date on which the Court grants this motion for preliminary approval. The Action is based on Defendants' alleged violation of Federal, Oregon, and Washington labor laws by maintaining an improper automatic time deduction practice, which deprived Plaintiffs and the Class and Collective members of duly earned wages, and by forcing Plaintiffs and the Class and Collective members to work "off the clock" during meal breaks and before and after their shifts. After nearly six years of litigation, including two mediations and extensive negotiations over the scope and terms of settlement, the parties reached a global resolution of the Action, memorialized in the proposed Joint Stipulation of Class and Representative Action Settlement ("Settlement"), attached as **Exhibit 1** to the Declaration of Carolyn H. Cottrell ("Cottrell Decl.") filed herewith. Plaintiffs now seek preliminary approval of the Settlement.

The parties resolved the claims of approximately 17,037 employees for a substantial total settlement amount of $14,500,000.00. The Settlement resolves numerous wage-and-hour claims unlikely to be prosecuted as individual actions. The Settlement provides an excellent benefit to the Class and Collective members and an efficient outcome in the face of further protracted litigation. The Settlement is fair, reasonable, and adequate in all respects. Plaintiffs therefore respectfully request the Court grant the requested approval.

Unopposed Motion for Preliminary Approval
Case No. 18-cv-02219-AR
Page No. - 11 -

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

## III.    FACTUAL BACKGROUND

Defendants operate a network of clinics and hospitals in Oregon and Washington, where they employ thousands of hourly, non-exempt patient care workers similarly situated to Plaintiffs. (ECF No. 246, ¶¶ 32–33; Declaration of Carolyn H. Cottrell ("Cottrell Decl."), ¶ 8). Plaintiff Julianne Hunter was employed by Defendants as a nurse at their Legacy Emanuel Medical Center location in Portland, Oregon, from approximately March 3, 2009 to April 20, 2016. (ECF No. 246, ¶ 14; Cottrell Decl., ¶ 9; Settlement, ¶ 3.1). Plaintiff Mya Blum worked for Defendants as a medical assistant at various facilities throughout Oregon and Washington from approximately March 23, 2015 to April 7, 2019. (ECF No. 246, ¶ 15; Cottrell Decl., ¶ 10; Settlement, ¶ 3.1).

Plaintiffs and the Class and Collective members allege that Defendants require them to work without pay during their meal periods and before and after their shifts. (ECF No. 246, ¶¶ 1, 2, 4; Cottrell Decl., ¶ 11). Specifically, Plaintiffs allege that Defendants fail to pay overtime compensation for improper automatic time deductions and off-the-clock work, in violation of the Fair Labor Standards Act ("FLSA"); fail to pay all earned overtime, in violation of Oregon Revised Statute ("ORS") 653.261 and Oregon Administrative Rule ("OAR") 839-020-0030; unlawfully deduct wages, in violation of ORS 652.610; fail to pay all wages due upon separation of employment, in violation of ORS 652.140; fail to provide compliant meal and rest breaks, in violation of OAR 839-020-0050; fail to pay all earned overtime, in violation of Revised Code of Washington ("RCW") 49.46.130; fail to provide meal and rest breaks and ensure those breaks are taken, in violation of RCW 49.12.020 and Washington Administrative Code ("WAC") 296-126-092; fail to pay wages owed at termination, in violation of RCW 49.48.010; and willfully refuse to pay wages, in violation of RCW 49.52.050. (ECF No. 246, ¶¶ 87–164; Cottrell Decl., ¶ 11; Settlement, ¶ 3.1).

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

Defendants have at all times denied, and continue to deny, these allegations, and deny any and all liability for Plaintiffs' claims. (Settlement, ¶ 4.1).

## IV.    PROCEDURAL HISTORY

### A.  Original Complaint

On December 26, 2018, Plaintiff Julianne Hunter filed this Action under the FLSA, Federal Rule of Civil Procedure 23, and Oregon law, alleging the violations of the FLSA and Oregon law set forth above. (ECF No. 1; Cottrell Decl., ¶ 12; Settlement, ¶ 3.1). Defendants answered the lawsuit on January 23, 2019, asserting various affirmative defenses and a counterclaim for attorneys' fees and costs pursuant to ORS 653.055. (ECF No. 17). Plaintiff Hunter answered the counterclaim on February 22, 2019. (ECF No. 26).

### B.  Discovery

On March 22, 2019, Plaintiff Hunter served Defendants with her first set of interrogatories and requests for production, to which Defendants responded on June 5, 2019.  (Cottrell Decl., ¶ 13). Plaintiff Hunter served her first set of requests for admission on Defendants on March 16, 2023, to which Defendants responded on May 8, 2023. (*Id.*).

On March 14, 2022, Plaintiff Hunter served her second set of interrogatories, to which Defendants responded on March 16, 2022. (*Id.* at ¶ 14). Plaintiff Hunter served her second set of requests for production on February 3, 2022, and Defendants responded on March 10, 2022. (*Id.*). Plaintiff Hunter served a third set of requests for production on March 7, 2022. (*Id.*). Defendants did not serve formal responses to these requests but have continued to supplement their document production since Plaintiff Hunter served them. (*Id.*).

On March 26, 2019, Defendants served Plaintiff Hunter with their first sets of interrogatories and requests for production. (Cottrell Decl., ¶ 15). Plaintiff Hunter responded on

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

June 5, 2019. (*Id.*). On April 15, 2022, Defendants served discovery requests on 50 opt-in plaintiffs, including interrogatories, requests for production, and requests for admission. (*Id.*). Twenty-eight opt-ins responded on a rolling basis between January 17, 2023 and February 23, 2023. (*Id.*).

In addition, Plaintiffs deposed two 30(b)(6) representatives: Jason Schibel, on September 29, 2023 and Joshua Dunn, on November 17, 2023. (Cottrell Decl., ¶ 16). Plaintiffs also deposed Plaintiff Hunter's supervisor, Mary E. Bacon, on December 6, 2023. (*Id.*). Defendants deposed Plaintiff Hunter on October 12, 2023. (*Id.*).

The parties also exchanged informal discovery in advance of mediation, including payroll and timekeeping data. (Cottrell Decl., ¶ 17). Plaintiffs used this extensive discovery to calculate their estimated damages. (*Id.*). Plaintiffs' analysis of the data and evidence indicated that approximately 57% of the shifts or workweeks worked by the Class and Collective resulted in unlawful off the clock work under the FLSA and the applicable state statutes. (*Id.*)

### C. Conditional Certification and Collective Notice

Plaintiffs moved for conditional certification of the FLSA Collective on May 26, 2020. (ECF No. 78; Cottrell Decl., ¶ 18). On January 4, 2021, the Court granted the motion and conditionally certified an FLSA Collective of "all individuals who have worked for Defendant[s] as non-exempt, hourly paid employees with patient care responsibilities, such as nurses, nursing aides, nursing assistants, and other similarly situated workers in the United States at any time within the three year statute of limitations period or FLSA claims under 29 U.S.C. § 225(a)." (ECF No. 115, p. 15; Cottrell Decl., ¶ 18). Notice was sent to the Collective on June 28, 2021. (Cottrell Decl., ¶ 19).

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

Defendants moved to certify an interlocutory appeal of the Court's order granting conditional certification on January 29, 2021. (ECF No. 121; Cottrell Decl., ¶ 19). The Court denied that motion on April 13, 2021. (ECF No. 133; Cottrell Decl., ¶ 19). Since then, 918 individuals filed consent forms to opt into the Action. (Cottrell Decl., ¶ 19). The opt-in period closed on October 27, 2021. (*Id.*).

### D.  First Amended Complaint

On July 6, 2023, Plaintiff Hunter filed an opposed motion for leave to file the FAC adding Named Plaintiff Mya Blum and claims under Washington law. (ECF No. 225). The Magistrate Judge recommended granting the motion on January 31, 2024. (ECF No. 239). Defendants objected to the Magistrate Judge's recommendation (ECF No. 243), Plaintiff Hunter responded to Defendants' objections (ECF No. 244), and the Court ultimately adopted the recommendation and granted the motion to amend on March 18, 2024 (ECF No. 245). Plaintiffs filed the FAC on March 19, 2024, and it is the operative complaint in the Action. (ECF No. 246).

### E.  Mediation and Settlement

The parties first attended mediation on October 18, 2022 before Eric English from Resolution Strategies LLP but were unable to reach a resolution. (Cottrell Decl., ¶ 20). On April 26, 2024, after the filing of the FAC and several depositions, the parties attended a full-day mediation before Hon. Patrick J. Walsh (Ret.) with Signature Resolution. (*Id.* at ¶ 20).  Unlike the first, this mediation included the Washington state-law claims. (*Id.*). Throughout the mediation process, the parties engaged in serious and arm's-length negotiations, culminating in the $14,500,000.00 Settlement. (*Id.* at ¶ 21). After the mediation, counsel for the parties worked to finalize the proposed long-form Settlement and corresponding notice documents, subject to the

Unopposed Motion for Preliminary Approval
Case No. 18-cv-02219-AR
Page No. - 15 -

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

Court's approval. (Cottrell Decl., ¶ 20). The parties executed the final, long-form Settlement on August 5, 2024. (*Id.*).

## V.    THE SETTLEMENT

### A.  Basic Terms and Value

Defendants agreed to pay a non-reversionary Gross Settlement Amount of $14,500,000.00 to settle the Action. (Settlement, ¶ 2.21). Employer payroll taxes on the portion of the settlement shares allocated as wages will be paid by Defendants 50% from the Gross Settlement Amount and 50% separately from the Gross Settlement Amount. (*Id.*). The Net Settlement Amount, which is the amount available to pay settlement awards to the Participating Class Members and Participating Opt-In Class Members, is defined as the portion of the Gross Settlement Amount remaining after deduction of Settlement Administration Costs ($69,000.00), Class Counsel's attorneys' fees and costs ($4,833,333.00 plus actual costs), Plaintiffs' Service Payments ($25,000.00 each), and 50% of the employer's payroll taxes. (Settlement, ¶ 2.21).

The Gross Settlement Amount is a negotiated amount that resulted from arm's-length negotiations and significant investigation and analysis by Plaintiffs' counsel. (Cottrell Decl., ¶ 21). Plaintiffs' counsel based their damages analysis, which is outlined further in Section V below, on extensive formal and informal discovery, including payroll and timekeeping data, three 30(b)(6) depositions of key employees of Defendants, and dozens of interviews with Class members. (*Id.* at ¶¶ 22-24).

The Gross Settlement Amount of $14,500,000.00 is a substantial sum, representing a an excellent recovery of 65.07% of Plaintiffs' estimated unpaid overtime wages. The $14,500,000.00 settlement also represents approximately 20.69% of the $70,080,992.72 in unliquidated damages that Plaintiffs estimated for all substantive claims (FLSA, OR, and WA). (Cottrell Decl., ¶ 23.)

The risks of continued litigation were front and center in this Action, particularly given the nature of the off-the-clock work and interrupted meal break claims, which would be challenging to certify as a class action and/or to prove on the merits, as well as the potential difficulty in proving that Defendants acted willfully. (Cottrell Decl., ¶ 19). In contrast, the Settlement will result in immediate and certain payment to the Class and Collective members of meaningful amounts. (Cottrell Decl., ¶ 23.) These amounts provide significant compensation to the Class and Collective members, and the Settlement provides an excellent recovery in the face of expansive and uncertain litigation. (*Id.*). In light of all the risks, the settlement amount is fair, reasonable, and adequate. (*Id.*).

### B.  Class and Collective Definitions

The Oregon Class is defined as all current and former hourly, non-exempt employees, including but not limited to nurses, nursing aides, nursing assistants, or other employees with similar job duties employed by Defendants in Oregon and subjected to an automatic time deduction policy at any time from December 26, 2012 until resolution of this Action. (ECF No. 246, ¶ 76; Settlement, ¶¶ 2.8, 3.1).

The Washington Class is defined as all current and former hourly, non-exempt employees, including but not limited to nursing staff, nursing aides, nursing assistants, or other employees with similar job duties employed by Defendants in Washington at any time from December 26, 2015 through the Preliminary Approval Date. (Settlement, ¶ 2.9 and 2.10.)

The FLSA Collective is defined as all current and former hourly, non-exempt employees, including but not limited to nurses, nursing aides, nursing assistants or other employees with similar job duties, employed by Defendants during the time period three years prior to December

Unopposed Motion for Preliminary Approval
Case No. 18-cv-02219-AR
Page No. - 17 -

SCHNEIDER WALLACE
COTTRELL KONECKY  LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

26, 2018 until resolution of this Action and who have filed a consent to join this Action. (ECF No. 246, ¶ 58).

### C.  Allocation and Awards

The Net Settlement Amount to be paid to Participating Class Members and Participating Opt-In Class Members is approximately $9,421,160.96. (Cottrell Decl., ¶ 24). Each Class member's settlement share will be determined as a *pro rata* share of the Net Settlement Amount based on the total number of workweeks employed during the Class Period. (*Id.* at ¶ 41; Settlement ¶ 6.5.2). One-third of each settlement share is in settlement of wage claims, and two-thirds of each settlement share is in settlement of claims for interest and penalties. (Cottrell Decl., ¶ 42; Settlement, ¶ 6.5.4). Class members will be able to object to the Settlement or request exclusion from the Settlement by submitting a valid request within 30 days after the Settlement Administrator mails the Class Notices. (Cottrell Decl., ¶ 42; Settlement, ¶ 7.2.4, 7.2.5).

Settlement award checks will remain valid for 180 days from the date of their mailing. (Cottrell Decl., ¶ 42; Settlement, ¶ 7.4.3). If a Participating Class Member or Participating Opt-In Class Member fails to negotiate his or her settlement check within 180 days of mailing, including if a check is returned as undeliverable and a valid mailing address cannot be ascertained, his or her settlement award check will be sent to the State of Oregon's or State of Washington's, as applicable, Unclaimed Property Fund in the name of the relevant Participating Class Member or Participating Opt-In Class Member. (Cottrell Decl., ¶ 42; Settlement, ¶ 7.4.3).

### D.  Scope of Release

Upon the Date of Final Judgment,[2] each Participating Class Member will be deemed to

---

[2] "Date of Final Judgment" means the latest of the following dates: (i) if no Class Member files an objection to the Settlement, or if a Class Member files an objection to the Settlement which is

Unopposed Motion for Preliminary Approval
Case No. 18-cv-02219-AR
Page No. - 18 -

SCHNEIDER WALLACE
COTTRELL KONECKY  LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

have fully, finally, and forever released Defendants and all affiliated parties and entities ("Released Parties") from any and all wage-and-hour claims, obligations, demands, actions, rights, causes of action, and liabilities (including state statutory and common law claims), based on any theory whatsoever, that were alleged in the FAC, arising out of the facts alleged in the FAC, or that could have been alleged in the FAC based on such facts, including, but not limited to, failure to pay minimum wages, failure to pay overtime wages, improper automatic time deductions, unlawful deductions from wages, failure to pay all wages due upon separation of employment, rounding, off-the-clock work, failure to provide and/or ensure any and all meal and rest periods (and any and all other meal and/or rest period violation claims and theories), willful refusal to pay wages, failure to provide accurate itemized employee wage statements, any and all common law or equitable claims arising out of or related to the facts alleged in the FAC, and any and all claims for damages, penalties (including civil, statutory, and/or wage penalties), liquidated damages, declaratory relief, interest, attorneys' fees, litigation costs, restitution, equitable relief, or additional damages which allegedly arise from the claims described above under any applicable law, for the period from December 26, 2012 through the Preliminary Approval Date[3] ("Released Claims"). (Settlement, ¶¶ 2.12, 2.29, and 6.6).

---

subsequently withdrawn by the Class Member, then the date the Court enters an Order of Final Approval of the Settlement and Judgment; (ii) if a Class Member files an objection to the Settlement, then after the applicable date for seeking appellate review of the Court's Order of Final Approval of the Settlement has passed, assuming no appeal or request for review is filed; and (iii) if an appeal is filed, the final resolution of that appeal (including any requests for rehearing and/or petitions for review) resulting in the final judicial approval of the Settlement. (Settlement, ¶ 2.19).

[3] "Preliminary Approval Date" means the date on which the Court approves the Settlement and enters an Order providing for mailing of the Class Notice to Class Members and an opportunity to submit timely objections to the Settlement, and setting a hearing on the fairness of the terms of Settlement, including approval of the requested service payments and attorneys' fees, and costs. (Settlement, ¶ 2.27).

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

Also upon the Date of Final Judgment, and subject to receiving Service Payments of up to $25,000.00 each, the Class Representatives (Plaintiffs Hunter and Blum) will be deemed to have fully, finally, and forever released the Released Parties from any and all wage-and-hour claims, obligations, demands, actions, rights, causes of action, and liabilities (including, but not limited to, the Released Claims, and all known and unknown claims, state statutory, and common law claims against the Released Parties, based on any theory whatsoever, that were alleged in the FAC, arising out of the facts alleged in the FAC, or that could have been alleged in the FAC based on such facts including, but not limited to, failure to pay minimum wages, failure to pay overtime wages, improper automatic time deductions, unlawful deductions from wages, failure to pay all wages due upon separation of employment, rounding, off-the-clock work, failure to provide and/or ensure any and all meal and rest periods (and any and all other meal and/or rest period violation claims and theories), willful refusal to pay wages, failure to provide accurate itemized employee wage statements, any and all common law or equitable claims arising out of or related to the facts alleged in the FAC, and any and all claims for damages, penalties (including civil, statutory, and/or wage penalties), liquidated damages, declaratory relief, interest, attorneys' fees, litigation costs, restitution, equitable relief, or additional damages which allegedly arise from the claims described above under any applicable law, and any and all claims under the Fair Labor Standards Act under any theory whatsoever, through the date of Final Approval ("Class Representatives' Released Claims"). (Settlement, ¶¶ 2.12, 6.6.2).

Participating Class Members, including Participating Opt-In Class Members, who cash their settlement checks will be deemed to have opted into the Settlement and will be deemed to have released any and all claims under the FLSA under any theory whatsoever. (Settlement, ¶ 2.29). Participating Class Members, including Participating Opt-In Class Members, who do not

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 ● Fax: (415) 421-7105

cash their settlement checks and who do not opt out of the Settlement will still be subject to the releases set forth in the Settlement and will have released all claims under the Settlement except for their FLSA claims. (*Id.*). Settlement checks will include the following opt-in and release language on the back of each check:

> By signing, cashing, and/or depositing this check, I am opting into the case captioned *Hunter et al.* v. *Legacy Health et al.*, U.S. District Court, District of Oregon, Case No. 3:18-cv-02219, and I affirm my release of Legacy Health, Emanuel Hospital & Health Center, and all other Released Parties from the Class Members' Released Claims as defined in the Settlement Agreement approved by the Court.

(Settlement, ¶ 2.29).

### E.  Settlement Administration

The parties have agreed to use CPT Group, Inc.to administer the Settlement, for total fees and costs not to exceed $69,000.00 (Cottrell Decl., ¶ 25; Settlement, ¶¶ 2.32, 2.33, and 6.4.1). These costs will include all costs and fees associated with administering the Settlement, including, but not limited to: calculating damages, all tax document preparation, custodial fees, and accounting fees; preparing, issuing and mailing any and all notices and other correspondence to Class members; communicating with Class members, Class Counsel, and Defendants' counsel; computing, processing, reviewing, and paying the settlement awards and resolving disputed claims; calculating tax withholdings and payroll taxes, including making related payments to federal and state tax authorities and issuing tax forms relating to payments made under the Settlement; preparing any tax returns and any other filings required by any governmental taxing authority or agency; preparing any other notices, reports, or filings to be prepared in the course of administering the Settlement; and any other tasks performed by the Settlement Administrator in execution of its duties under the Settlement. (Settlement, ¶ 6.4.1).

Unopposed Motion for Preliminary Approval
Case No. 18-cv-02219-AR
Page No. - 21 -

**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

The Settlement administrator will also (1) open and administer a Qualified Settlement Fund ("QSF") in such a manner as to qualify and maintain the qualification of the QSF as a "Qualified Settlement Fund" under Section 468B of the Code and Treas. Reg. §1.468B-1; (2) satisfy all federal, state, and local income and other tax reporting, return, and filing requirements with respect to the QSF; and (3) satisfy out of the QSF all fees, expenses, and costs incurred in connection with the opening and administration of the QSF and the performance of its duties and functions as described in the Settlement. (Settlement, ¶ 6.4.2).

## VI.   THE COURT SHOULD PRELIMINARILY APPROVE THE SETTLEMENT AS TO THE CLASS AND APPROVE THE SETTLEMENT AS TO THE COLLECTIVE.

A class action may not be settled without Court approval. *See* Fed. R. Civ. P. 23(e). Approval of a class-action settlement requires three steps: (1) preliminary approval of the proposed settlement upon a written motion; (2) dissemination of notice of the settlement to all class members; and (3) a final settlement approval hearing at which objecting class members may be heard, and at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement is presented. *Manual for Complex Litigation*, *Judicial Role in Reviewing a Proposed Class Action Settlement*, § 21.61 (4th ed. 2004). The decision to approve or reject a proposed settlement is committed to the sound discretion of the Court. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998).

Rule 23 requires that all class-action settlements satisfy two primary prerequisites before a court may grant certification for purposes of preliminary approval: (1) that the settlement class meets the requirements for class certification if it has not yet been certified; and (2) that the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(a), (e)(2); *Hanlon*, 150 F.3d at 1020. The Settlement here satisfies the requirements of Rule 23(a) and (b), and it is fair,

reasonable, and adequate in accordance with Rule 23(e)(2). (Cottrell Decl., ¶ 29). Accordingly, the Court should preliminarily approve the Settlement.

Court approval is also required for settlements of collective actions under the FLSA, but the Ninth Circuit has not established the criteria that a district court must consider in determining whether a FLSA settlement warrants approval. *See, e.g., Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, No. 13-CV-05456-HSG, 2016 U.S. Dist. LEXIS 4338, at *9 (N.D. Cal. Jan. 13, 2016); *Otey v. CrowdFlower, Inc.*, No. 12-CV-05524-JST, 2015 U.S. Dist. LEXIS 141338, at *12 (N.D. Cal. Oct. 16, 2015). Most courts within the Ninth Circuit, however, first consider whether the named plaintiff is "similarly situated" to the putative collective members within the meaning of 29 U.S.C. § 216(b), and then evaluate the settlement under the standard established by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), which requires the settlement to constitute "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Otey*, 2015 U.S. Dist. LEXIS 141338 at *4. "If a settlement in an employee FLSA suit reflects a reasonable compromise over issues . . . that are actually in dispute," the district court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354; *Otey*, 2015 U.S. Dist. LEXIS 141338 at *4. As of May 3, 2022, 918 individuals filed their written consent to join this Collective action along with Plaintiffs. (Cottrell Decl., ¶ 27). The parties agree, for purposes of settlement, that these individuals are similarly situated to each other under the FLSA, and the Court has already determined that that they are. (*Id.* at ¶ 27; ECF No. 115, p. 14). Accordingly, the Court should approve the Settlement as to the Collective.

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

## A.  The Court should preliminarily certify the Class.

A class may be certified under Rule 23 if (1) the class is so numerous that joinder of all members individually is "impracticable"; (2) questions of law or fact are common to the class; (3) the claims or defenses of the class representative are typical of the claims or defenses of the class; and (4) the person representing the class is able to fairly and adequately protect the interests of all members of the class. Fed. R. Civ. P. 23(a). Furthermore, Rule 23(b)(3) provides that a class action seeking monetary relief may only be maintained if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Applying this standard, numerous courts have certified similar classes of employees who have suffered wage-and-hour violations under the wage-and-hour laws of Oregon and Washington. *See, e.g., Amaraut v. Sprint/United Mgmt. Co.*, No. 19-cv-411-WQH-AHG, 2021 U.S. Dist. LEXIS 147176, at *2 (S.D. Cal. Aug. 5, 2021) (granting final approval of a settlement that included both FLSA and Washington law claims); *Jones, et al. v. CertifiedSafety, Inc.*, Case No. 3:17-cv-02229-EMC, ECF 232 (N.D. Cal. June 1, 2020) (same); *Soto, et al. v. O.C. Commc'ns, Inc., et al.*, Case No. 3:17-cv-00251-VC, ECF 299, 305 (N.D. Cal. Oct. 23, 2019) (same); *Clifton v. Babb Constr. Co.*, No. 6:13-cv-1003 MC, 2014 WL 5018897, 2014 U.S. Dist. LEXIS 140951, at *1 (D. Or. Oct. 1, 2014) (granting final approval of a settlement that included both FLSA and Oregon law claims). [4]

### 1.  The Class is numerous and ascertainable.

The numerosity prerequisite demands that a class be large enough that joinder of all members would be impracticable. Fed. R. Civ. P. 23(a)(1). While there is no exact numerical cut-

---

[4] Likewise, Plaintiffs contend that the Collective here meets all of these requirements.

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

off, courts have routinely found numerosity satisfied with classes of at least 40 members. *See, e.g.,*

*Ikonen v. Hartz Mountain Corp.*, 122 F.R.D. 258, 262 (S.D. Cal. 1988); *Romero v. Producers*

*Dairy Foods, Inc.*, 235 F.R.D. 474, 485 (E.D. Cal. 2006). Here, there are over 17,000. putative

Class members, which far exceeds the standard "40 class member" minimum for numerosity

purposes, and such a number would render joinder impracticable. (Cottrell Decl., ¶ 29. The Class

members are also readily identifiable from Defendants' payroll and personnel records. (*Id.*).

### 2. Plaintiffs' claims raise common issues of fact and law.

The commonality requirement of Rule 23(a)(2) "is met if there is at least one common

question or law or fact." *Fry v. Hayt, Hayt & Landau*, 198 F.R.D. 461, 467 (E.D. Pa. 2000). Rule

23(a)(2) has been construed permissively. *Hanlon*, 150 F.3d at 1019. Plaintiffs "need not show

that every question in the case, or even a preponderance of questions, is capable of classwide

resolution." *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 544 (9th Cir. 2013). "[E]ven a single

common question" can satisfy the commonality requirement of Rule 23(a)(2). *Id.*

There are common questions of law and fact predominate here, satisfying paragraphs (a)(2)

and (b)(3) of Rule 23. (Cottrell Decl., ¶ 29). Defendants have uniform policies applicable to each

of the approximately 17,037 Class members. (*Id.*). Specifically, Plaintiffs allege that the Class

members all perform the same primary job duties—providing patient care services—regardless of

location. (*Id.*). Plaintiffs allege that the wage-and-hour violations at issue are in large measure

borne of Defendants' standardized policies, practices, and procedures that impact these patient

care providers in the same ways, creating pervasive issues of fact and law that are amenable to

resolution on a class-wide basis. (*Id.*). In particular, the approximately 17,037 Class members are

subject to the same hiring and training process; timekeeping, payroll, and compensation policies;

and meal and rest period policies and practices, including the automatic deduction for meal periods

Unopposed Motion for Preliminary Approval
Case No. 18-cv-02219-AR
Page No. - 25 -

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

when that practice was in place. (*Id.*). Plaintiffs' other derivative claims will rise or fall with the primary claims. (*Id.*). Because these questions can be resolved at the same juncture, Plaintiffs contend the commonality requirement is satisfied for the Class. (*Id.*).

With regard to the FLSA Collective, there is little question that these 918 Collective members are also "similarly situated" as that term has been interpreted by copious case law. *See, e.g., Bazzell v. Body Contour Center, LLC*, No. C16-0202JLR, 2016 U.S. Dist. LEXIS 89012, at *15–16 (W.D. Wash. July 8, 2016) (finding hourly paid employees "similarly situated" and conditionally certifying collective with overtime claims across 12 states); *Khadera v. ABM Indus., Inc.*, 701 F.Supp.2d 1190, 1194 (W.D. Wash. 2010) (certifying collective of employees who worked for employer at various locations); *Hoffman v. Securitas Sec. Servs.*, No. CV-07-502-S-EJL, 2008 U.S. Dist. LEXIS 123883, at *3 (D. Idaho Aug. 27, 2008) (conditionally certifying collective of employees who worked "on an hourly basis, in several job classifications, and at different locations" and who were subjected to same employer policies).

The Court found on a conditional basis that the Collective members are similarly situated (ECF No. 115), and the parties agree for settlement purposes that they are similarly situated. (Cottrell Decl., ¶ 30). Indeed, all of these workers have similar job duties and patient care responsibilities, each is a non-exempt, hourly worker, and they are all subject to virtually identical overtime, deduction, and meal-break policies and practices. (*Id.* at ¶ 31). Because Defendants maintain various common policies and practices as to their meal-break requirements, off-the-clock work, and automatic deductions, and apply these policies and practices to the Class and Collective members, Plaintiffs contend that there are no individual defenses available to Defendants. (*Id.*).

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

### 3.   Plaintiffs' claims are typical of the Class.

"Rule 23(a)(3) requires that the claims of the named parties be typical of the claims of the members of the class." *Fry*, 198 F.R.D. at 468. "Under the rule's permissive standards, a representative's claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. Here, Plaintiffs claims are typical of those of all other Class members as they assert the same harm and seek the same redress. (Cottrell Decl., ¶ 32). Interviews with Class members and review of voluminous discovery, including timekeeping and payroll data, confirm that these non-exempt patient care employees were all subjected to the same alleged illegal policies and practices to which Plaintiffs allege they were subjected. (*Id.*). Accordingly the typicality requirement is satisfied. (*Id.*).

### 4.   Plaintiff and Class Counsel will adequately represent the Class.

To meet the adequacy of representation requirement in Rule 23(a)(4), Plaintiffs must show that they "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This "turns on two questions: (1) whether the named plaintiffs and their counsel have any conflicts of interest with other class members; and (2) whether the named plaintiffs and their counsel [will] prosecute the action vigorously on behalf of the class." *J.N. v. Or. Dep't of Educ.*, 338 F.R.D. 256, 273 (D. Or. 2021) (internal quotation marks omitted) (alteration in original). Here, Plaintiffs' claims are in line with the claims of the Class, and Plaintiffs' claims are not antagonistic to the claims of Class members. (Cottrell Decl., ¶ 33). Plaintiffs and their counsel vigorously prosecuted this case with the interests of the Class members in mind and will continue to do so through settlement. (*Id.*). In addition, Plaintiffs' counsel have extensive experience in class-action and employment litigation, including wage-and-hour class actions, and do not have any conflict with the Class. (*Id.* at ¶¶ 5-6; 33; 38; and 44).

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

### 5. Rule 23(b)(3)'s requirements are also met.

Under Rule 23(b)(3), Plaintiffs must demonstrate that common questions "predominate over any questions affecting only individual members" and that a class action is "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "The predominance analysis under Rule 23(b)(3) focuses on 'the relationship between the common and individual issues' in the case and 'tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Wang*, 737 F.3d at 545.

Here, common questions raised in this action predominate over any individualized questions concerning the Class. (Cottrell Decl., ¶ 34). Specifically, there are several predominant common questions of law and fact, including: (a) whether Defendants failed to pay regular and overtime wages to non-exempt patient care workers during on-duty meal breaks; (b) whether Defendants automatically deducted a 30-minute meal break from patient care workers' shifts regardless of whether a break was taken, resulting in underpayment of wages; and (c) whether Defendants forced patient care workers to work off-the-clock before and after their shifts. (*Id.*).

Further, Plaintiffs contend the class-action mechanism is a superior method of adjudication compared to a multitude of individual suits. (*Id.* at ¶ 35). To determine whether the class approach is superior, courts consider: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation in the particular forum; and (D) the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3)(A)–(D).

Here, the Class members do not have a strong interest in controlling their individual claims. (Cottrell Decl., ¶ 35). The Action involves thousands of workers with similar, but relatively small,

Unopposed Motion for Preliminary Approval
Case No. 18-cv-02219-AR
Page No. - 28 -

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

claims for monetary injury. (*Id*.). If the Class members were to proceed on their claims as individuals, their many individual suits would require duplicative discovery and duplicative litigation, and each Class member would have to personally participate in the litigation to an extent that would never be required in a class proceeding. (*Id*.). Thus, Plaintiffs contend the class-action mechanism would efficiently resolve numerous substantially identical claims at the same time while avoiding a waste of judicial resources and eliminating the possibility of conflicting decisions from repetitious litigation. (*Id*.).

The issues raised by this case are much better handled collectively by way of a settlement, where manageability is not a concern. (Cottrell Decl., ¶ 36); *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 593 (1997). The Settlement provides finality, ensures that workers receive substantial redress for their claims, and avoids clogging the legal system with numerous cases. (Cottrell Decl., ¶ 36). Accordingly, class treatment is efficient and warranted, and the Court should conditionally certify the Class for settlement purposes. (*Id*.).

### B. The Settlement is fair, reasonable, and adequate.

In deciding whether to approve a proposed class or collective settlement, the Court must find that the proposed settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); *Lynn's Food Stores*, 679 F.2d at 1354-55; *Otey*, 2015 U.S. Dist. LEXIS 141338 at *4. Included in this analysis are considerations of: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *Churchill*

Unopposed Motion for Preliminary Approval
Case No. 18-cv-02219-AR
Page No. - 29 -

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

*Village, LLC. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (citing *Hanlon*, 150 F.3d at 1026).

Importantly, courts apply a presumption of fairness "if the settlement is recommended by class counsel after arm's length bargaining." *Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2011 U.S. Dist. LEXIS 38667, at *20 (N.D. Cal. Apr. 1, 2011). There is also "a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008). In light of these factors, the proposed Settlement is fair, reasonable, and adequate under both Rule 23 and the FLSA's approval standards. (Cottrell Decl., ¶ 37).

### 1. The Settlement is the product of informed, non-collusive, and arm's-length negotiations between experienced counsel.

Courts routinely presume a settlement is fair where it is reached through arm's-length bargaining. *See Hanlon*, 150 F.3d at 1027; *Wren*, 2011 U.S. Dist. LEXIS 38667, at *20. Furthermore, where counsel are well-qualified to represent the proposed class and collective in a settlement based on their extensive class and collective action experience and familiarity with the strengths and weaknesses of the action, courts find this factor to support a finding of fairness. *Wren*, 2011 U.S. Dist. LEXIS 38667 at *30–31; *Carter v. Anderson Merchandisers, LP*, No. EDCV 08-0025-VAP OPX, 2010 U.S. Dist. LEXIS 55581, at *27 (C.D. Cal. May 11, 2010) ("Counsel's opinion is accorded considerable weight.").

Here, the Settlement was a product of non-collusive, arm's-length negotiations. (Cottrell Decl., ¶ 38). The parties participated in two mediations over the course of the litigation. (*Id.*). The first did not produce a settlement, but the second did. (*Id.*). The parties then spent several weeks negotiating the terms and details of the long-form settlement agreement, with several rounds of revisions and proposals. (*Id.* at ¶ 38). Plaintiffs are represented by experienced and respected litigators of representative wage-and-hour actions, and these attorneys feel strongly that the

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

proposed Settlement achieves an excellent result for the Class members. (*Id.* at ¶¶ 38, 50, and 55). Accordingly, the Court should presume that the Settlement is fair. *Wren*, 2011 U.S. Dist. LEXIS 38667 at *20.

### 2. The Settlement amount is fair, reasonable, and adequate.

In further evaluating the fairness of a proposed settlement, courts compare the settlement amount with the estimated maximum damages recoverable in a successful litigation. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir.2000). Courts routinely approve settlements that provide a fraction of the maximum potential recovery. *See, e.g., Officers for Justice*, 688 F.2d at 623. Indeed, "[i]t is well-settled law that a cash settlement amounting to only a fraction of the potential recovery does not per se render the settlement inadequate or unfair." *In Re Mego*, 213 F.3d at 459.

Here, the Gross Settlement Amount of $14,500,000.00 is a substantial sum, representing a recovery of 65.07% of Plaintiffs' estimated unpaid overtime wages. The $14,500,000.00 settlement also represents approximately 20.69% of the $70,080,992.72 in unliquidated damages that Plaintiffs estimated for all substantive claims (FLSA, OR, and WA). This is in line with class action recoveries approved by courts across the nation. *See e.g.*, *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) (approving settlement amounting to 10% of total potential damages); *Viceral v. Mistras Grp., Inc.*, No. 15-cv-02198-EMC, 2016 U.S. Dist. LEXIS 140759, at *21 (approving wage-and-hour settlement representing 8.1% of the total verdict value); *Balderas v. Massage Envy Franchising, LLC*, No. 12-cv-06327-NC, 2014 U.S. Dist. LEXIS 99966, at *17 (N.D. Cal. July 21, 2014) (approving settlement amounting to 5% of the total value of the claims); *Lazy Oil Co. v. Witco Corp.*, Civil Action No. 94-110 Erie, 1997 U.S. Dist. LEXIS 21397, at *153 (W.D. Pa. Dec. 31, 1997) (court approved settlement amounting to 5.35% of

damages for the entire class period); *In re Omnivision Techs. Inc.* (N.D. Cal. 2008) 559 F.Supp.2d 1036, 1042 (approving settlement of 6–8% of estimated damages); *In re Uber FCRA Litig.* (N.D. Cal. June 29, 2017) No. 14-cv-05200-EMC, 2017 U.S. Dist. LEXIS 101552, at *23–24 (granting preliminary approval of a class-action settlement where gross settlement fund was valued at 7.5% or less of total possible verdict); *Cruz v. Sky Chefs, Inc.* (N.D. Cal. Dec. 19, 2014) No. 12-cv-02705- DMR, 2014 U.S. Dist. LEXIS 176393, at *14 (granting final approval where gross settlement amount represented 8.6% of the maximum potential recovery from the class claims).

As noted above, off-the-clock claims can be difficult to certify, given that the nature, cause, and amount of the off-the-clock work may vary based on the individualized circumstances of the worker. *See, e.g., Kilbourne v. Coca-Cola Co.*, No. 14CV984-MMA BGS, 2015 U.S. Dist. LEXIS 118756, at *45–46 (S.D. Cal. July 29, 2015); *York v. Starbucks Corp.*, No. CV 08-07919 GAF PJWX, 2011 U.S. Dist. LEXIS 155682, at *83–87 (C.D. Cal. Nov. 23, 2011). Certification of off-the-clock claims is also complicated by the necessary lack of documentary evidence and reliance on employee testimony, and Plaintiffs would likely face motions for decertification as the case progressed. (Cottrell Decl., ¶ 39).

Plaintiffs adjusted for these and other risks in calculating Defendant' estimated total exposure. (*Id.* at ¶ 40). The $14,500,000.00 total settlement amount accounts for the substantial risks inherent in any class-action wage-and-hour case, as well as the specific nature of the claims and defenses asserted in this case. (Cottrell Decl., ¶ 40); *see Officers for Justice*, 688 F.2d at 623. The $14,500,000.00 Settlement represents an average gross recovery of $851.08 per Class member, a considerable feat in light of the number of Class members in this Action. (*Id.*). Accordingly, the terms of the Settlement are fair, reasonable, and adequate.

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

### 3. The parties agreed to distribute settlement proceeds in a manner tailored to the Class members and their respective claims.

In an effort to ensure fairness, the parties have agreed to allocate the settlement proceeds amongst Class and Collective members in a manner that recognizes that amount of time each particular Class or Collective member worked for Defendants during the applicable limitations period. (Cottrell Decl., ¶ 41). The allocation method is based on the number of workweeks a Class or Collective member was employed during the liability period. (*Id*.; Settlement, ¶ 6.5.2).

Each workweek worked by a Class member is equal to one settlement share. (Settlement, ¶ 6.5.2.) To reflect the varying value between the Auto-Deduct Period[5] and non-auto-deduct claims, workweeks during which work was performed during the Auto-Deduct Period will be equal to six (6) settlement shares, and workweeks during which work was performed after the Auto-Deduct Period will be equal to three (3) settlement shares. (*Id*. at § c.) The total number of settlement payments made to Participating Class Members will be added together, and the resulting sum will be divided into the Net Settlement Amount reach a per share dollar figure. That figure will then be multiplied by each Participating Class Member's number of settlement shares to determine each Participating Class Member's *pro rata* portion of the Class Fund. (*Id*. at § d.).

These allocations were based on Class Counsel's assessment to ensure that employees are compensated in the most equitable manner. (Cottrell Decl., ¶ 42). A class-action settlement need not benefit all class members equally. *Holmes v. Continental Can Co.*, 706 F.2d 1144, 1148 (11th Cir. 1983); *In re AT & T Mobility Wireless Data Servs. Sales Tax Litig.*, 789 F.Supp.2d 935, 979–80 (N.D. Ill. 2011). Rather, although disparities in the treatment of class and collective members

---

[5] "Auto-Deduct Period" means the period from December 26, 2012 until June 13, 2015. (Settlement, ¶ 2.2).

may raise an inference of unfairness and/or inadequate representation, this inference can be rebutted by showing that the unequal allocations are based on legitimate considerations. *Holmes*, 706 F.2d at 1148; *In re AT & T*, 789 F.Supp.2d at 979–80. Plaintiffs provide rational and legitimate bases for the allocation methods here, and the parties submit that they should be approved by the Court.

### 4. The extensive formal and informal discovery and mediation process enabled the parties to make informed decisions regarding the Settlement.

The amount of discovery completed prior to reaching a settlement is important because it bears on whether the parties and the Court have sufficient information before them to assess the merits of the claims. *See, e.g., Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 617, 625 (N.D. Cal. 1979); *Lewis v. Starbucks Corp.*, No. 2:07-cv-00490-MCE-DAD, 2008 U.S. Dist. LEXIS 83192, at *16–17 (E.D. Cal. Sept. 11, 2008). Informal discovery may also assist parties with "form[ing] a clear view of the strengths and weaknesses of their cases." *Monterrubio v. Best Buy Stores, L.P.*, 291 F.R.D. 443, 454 (E.D. Cal. 2013).

As discussed above in Section IV (B), the parties engaged in extensive formal and informal discovery enabling both sides to assess the claims and potential defenses in this action. (Cottrell Decl., ¶ 43). From this extensive discovery, the parties were able to accurately assess the legal and factual issues that would arise if the case proceeded to trial and formulate a detailed damages model that ultimately led to settlement. (*Id.*).

In addition, in reaching the Settlement, Class Counsel relied on their substantial litigation experience in similar wage-and-hour class and collective actions. (*Id.* at ¶¶ 5-6; 33; 38; and 44.) Class Counsel's liability and damages evaluation was premised on a careful and extensive analysis of the effects of Defendants' compensation policies and practices on Class members' pay. (*Id.* at

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

¶ 44). Ultimately, facilitated by the Hon. Patrick J. Walsh (Ret.), the parties used this information and discovery to fairly resolve the litigation. (*Id.*). Thus, the parties had adequate discovery to reach a fair settlement.

### 5. Litigating the Action would not only delay recovery but would be expensive, time-consuming, and risky.

The monetary value of the proposed Settlement represents a fair compromise given the risks and uncertainties posed by continued litigation. (Cottrell Decl., ¶ 45). If the Action were to go to trial as a class and collective action (which Defendants would vigorously oppose if the Settlement were not approved), Class Counsel estimates that fees and costs would increase significantly. (*Id.*). Litigating the class and collective action claims would require substantial additional preparation and discovery. (*Id.*). It would require depositions of experts, the presentation of percipient and expert witnesses at trial, as well as the consideration, preparation, and presentation of voluminous documentary evidence and the preparation and analysis of expert reports. (*Id.*).

Recovery of the damages and penalties discussed above would also require complete success and certification of all of Plaintiffs' claims, a questionable feat considering developments in wage-and-hour and class and collective action law as well as the legal and factual grounds that Defendants have asserted to defend this action. (*Id.* at ¶ 46).

As discussed above, off-the-clock claims can be difficult to certify for class treatment. (*See* Section VI(B)(2) above). While Plaintiffs are confident that they would successfully establish that common policies and practices give rise to the off-the-clock work for the patient care staff at issue here, Plaintiffs acknowledge that such off-the-clock work was performed at various locations, each with its own supervisors and management staff. (Cottrell Decl., ¶ 47). Further, Plaintiffs' meal-break claims were premised on being able to establish that all patient care workers were "on call"

during their meal breaks. Failing that, Plaintiffs' claims as to meal breaks would then only be limited to interrupted meal breaks, creating great risk in moving forward on those claims, as well as significantly reducing damages. (*Id.*). With those considerations in mind, Plaintiffs recognized that obtaining class certification (and surviving FLSA decertification) would present an obstacle, with the risk that the Class members could only pursue individual actions in the event that certification was denied. (Cottrell Decl., ¶ 47).

Similarly, interrupted and on-duty meal-break claims can also be difficult to certify for class treatment. *See, e.g., Hernandez v. Chritansen Bros. Gen. Eng'g, Inc.*, 2023 U.S. Dist. LEXIS 72230 at *38 (C.D. Cal. 2023) (denying certification of on-duty meal period subclass); *Ordonez v. Radio Shack, Inc.*, 2013 U.S. Dist. LEXIS 7868 at *7-8 (C.D. Cal. 2013); *Gonzalez v. Millard Mall Servs., Inc.*, 281 F.R.D. 455, 463-64 (S.D. Cal. 2012); *Wilson v. TE Connectivity Networks, Inc.*, 2017 U.S. Dist. LEXIS 219899 (N.D. Cal. 2017). While Plaintiffs are confident that they would certify the meal-break claims, Plaintiffs recognize that obtaining class certification could present an obstacle, with the risk that the patient care staff might only be able pursue individual meal-break claims in the event certification was denied. (Cottrell Decl., ¶ 48).

In contrast to litigating this suit, resolving this case by means of the Settlement will yield a prompt, certain, and substantial recovery for the Class members. (*Id.* at ¶ 49). Such a result will benefit the parties and the court system. (*Id.*). It will bring finality to nearly six years of litigation and will foreclose the possibility of expanding litigation. (*Id.*).

### C.  The requested service payments are reasonable.

Named plaintiffs in class action litigation are eligible for reasonable service awards. *See Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003). Plaintiff Hunter's and Plaintiff Blum's service payments of up to $25,000.00 are intended to compensate them for the critical role they

played in this case and the time, effort, and risks undertaken in helping secure the excellent result obtained on behalf of the Class members, as well as their agreement to a broader, general release. (Cottrell Decl., ¶ 50).

Throughout this protracted and intensive litigation, Plaintiffs expended substantial time assisting in the prosecution of the claims in this Action. (Cottrell Decl., ¶ 51). They spent considerable time providing information to counsel, assisting in the drafting of pleadings and other documents, responding to discovery, participating in the settlement decision, sitting for deposition (Hunter), and regularly discussing the facts and proceedings with Class Counsel. (*Id.*). Plaintiff Hunter has been an active participant in this litigation for nearly six years, and Plaintiff Blum has been an active participant since July 6, 2021.[6] (*Id.*).

In addition, in agreeing to serve as Class Representatives, Plaintiffs bore the risks of having their names associated with a wage-and-hour class action. (*Id*. at ¶ 52). In evaluating the propriety of service awards, courts may consider "reasonabl[e] fear[s of] workplace retaliation." *Staton*, 327 F. 3d at 977 (internal citation omitted); *see also Millan v. Cascade Water Services, Inc.*, No. 1:12-cv-01821-AWI-EPG, 2016 U.S. Dist. LEXIS 72198, at *37(E.D. Cal. June 2, 2016) (reasoning that service awards "are particularly appropriate in wage-and-hour actions where plaintiffs undertake a significant 'reputational risk' by bringing suit against their present or former employers"). Furthermore, Plaintiff Blum agreed to serve as representative of the Washington Class despite the risk that her claims would be entirely time-barred. (Cottrell Decl., ¶ 52).

---

[6] The Court did not ultimately approve the filing of the FAC (adding Plaintiff Blum) until March 18, 2024, but Plaintiff Blum has been working with Class Counsel to represent the Washington Class since July 6, 2021 despite it being unclear if she would even be allowed to be named as a Named Plaintiff. (Cottrell Decl., ¶ 51).

**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

Defendants do not oppose the requested payment to Plaintiffs as reasonable service payments. (*Id.* at ¶ 53; Settlement, ¶ 7.3.2). Moreover, the payments are fair when compared to the payments approved in similar protracted cases. *See, e.g., Coates v. Farmers Group, Inc.*, No. 15-CV-01913-LHK, 2016 U.S. Dist. LEXIS 141982, at *5–6 (N.D. Cal. Sept. 30, 2016) ("The request for service awards … in the amount of $25,000 each is reasonable given the risks these Plaintiffs assumed and the amount of time they spent in conjunction with prosecuting this case[]"); *Bernstein v. Virgin Am., Inc.*, No. 15-cv-02277-JST, 2023 U.S. Dist. LEXIS 198029, at * 11 (N.D. Cal. Nov. 3, 2023) (approving $25,000 service award for a plaintiff who "expended substantial time and effort pursuing this litigation over a span of [several] years").

### D. The requested attorneys' fees and costs are reasonable.

In Plaintiffs' fee motion to be submitted with the final approval papers, Plaintiffs' counsel will request up to one-third of the Gross Settlement Amount, or $4,833,333.00, plus reimbursement of costs, which Defendants do not oppose. (Cottrell Decl., ¶ 54; Settlement, ¶ 6.1). Plaintiffs' counsel will provide the lodestar information for Schneider Wallace Cottrell Konecky LLP and Buchanan Angeli Altschul & Sullivan LLP with the fee motion. (*Id.*). As of the date of this motion, Class Counsels' lodestar already exceeds $2,300,000.00. (*Id.*). On this basis, the requested attorneys' fees award of one-third of the Gross Settlement Amount is reasonable. *See Laffitte v. Robert Half Int'l Inc.*, 1 Cal.5th 480, 505 (2016) (finding reasonable a one-third attorneys' fee request supported by a lodestar cross-check).

The typical range of acceptable attorneys' fees in the Ninth Circuit is 20% to one-third of the total settlement value, with 25% considered the "benchmark." *Vasquez v. Coast Valley Roofing*, 266 F.R.D. 482, 491–92 (E.D. Cal. 2010) (citing *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000)); *Hanlon*, 150 F.3d at 1029; *Staton*, 327 F.3d at 952. However, the exact

Unopposed Motion for Preliminary Approval
Case No. 18-cv-02219-AR
Page No. - 38 -

**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

percentage varies depending on the facts of the case, and in "most common fund cases, the award exceeds that benchmark." *Id.* (citing *Knight v. Red Door Salons, Inc.*, No. 08-01520 SC, 2009 U.S. Dist. LEXIS 11149, at *17 (N.D. Cal. Feb. 2, 2009); *In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1377–78 (N.D. Cal. 1989) ("nearly all common fund awards range around 30%")).

"In cases where recovery is uncertain, an award of one third of the common fund as attorneys' fees has been found to be appropriate." *Demmings v. KKW Trucking, Inc.*, No. 3:14-cv-0494-SI, 2018 U.S. Dist. LEXIS 159749, at *39 (D. Or. Sept. 19, 2018) (quoting *Franco v. Ruiz Food Prods.*, No. 1:10-cv-02354-SKO, 2012 U.S. Dist. LEXIS 169057, at *46 (E.D. Cal. Nov. 27, 2012)). Indeed, the "risk of costly litigation and trial is an important factor in determining the fee award." *Bell v. Consumer Cellular, Inc.*, 2017 U.S. Dist. LEXIS 95401, at *29 (D. Or. June 21, 2017) (citing *Rosales v. El Rancho Farms*, No. 1:09-CV-00707 -AWI-JLT, 2015 U.S. Dist. LEXIS 95775, at *52 (E.D. Cal. July 21, 2015); *Chemical Bank v. City of Seattle* (*In re Washington Pub. Power Supply Sys. Sec. Litig.*), 19 F.3d 1291, 1299–1301 (9th Cir. 1994). In this case, given the excellent results achieved, the effort expended on informal and formal discovery, motion practice, extensive mediated settlement negotiations, and the risks inherent in litigating this hybrid class/collective case, an upward adjustment from the benchmark is warranted. (Cottrell Decl., ¶ 55).

Additionally, there was no guarantee of compensation or reimbursement. (*Id.* at ¶ 56). Instead, Class Counsel undertook all the risks of this litigation on a completely contingent-fee basis despite the difficult to prove (maintain on a class basis) nature of "off the clock" claims. (*Id.*). Nevertheless, Plaintiffs and their counsel committed themselves to developing and pressing Plaintiffs' claims to enforce the Class members' rights and maximize the class and collective recovery and reviewed and analyzed tens of thousands of documents to assist prosecuting this case.

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 ● Fax: (415) 421-7105

(Cottrell Decl., ¶ 56). The challenges that Class Counsel had to confront and the risks they had to fully absorb on behalf of the Class and Collective here are the reasons for multipliers in contingency-fee cases. (*Id.*)*; see, e.g., Noyes v. Kelly Servs., Inc.*, 2:02-CV-2685-GEB-CMK, 2008 U.S. Dist. LEXIS 73437, at *17 (E.D. Cal. Aug. 4, 2008); Posner, *Economic Analysis of the Law*, 534, 567 (4th ed. 1992) ("A contingent fee must be higher than a fee for the same legal services paid as they are performed . . . because the risk of default (the loss of the case, which cancels the debt of the client to the lawyer) is much higher than that of conventional loans.").

Attorneys who litigate on a wholly or partially contingent basis expect to receive significantly higher effective hourly rates in cases where compensation is contingent on success, particularly in hard-fought cases where, like in the case at bar, the result is uncertain. *See Stetson v. Grissom*, 821 F.3d 1157, 1166 (9th Cir. 2016). Adjusting court-awarded fees upward in contingency-fee cases to reflect the risk of recovering no compensation whatsoever for hundreds of hours of labor simply makes those fee awards consistent with the legal marketplace, and in so doing, helps to ensure that meritorious cases will be brought to enforce important public interest policies and that clients who have meritorious claims will be better able to obtain qualified counsel. *Jeter-Polk v. Casual Male Store, LLC*, No. EDCV 14-891-VAP (DTBx), 2016 U.S. Dist. LEXIS 193466, at *19 (C.D. Cal. Mar. 4, 2016).

Compared to similar cases, the requested award is reasonable. *See Etcheverry v. Franciscan Health System*, No. 3:19-cv-05261-RJB-MAT, Docket No. 85 (W. D. Wa. Oct. 19, 2021) (approving one-third fee award in class and collective action that included FLSA and Washington-law wage-and-hour claims); *Perkins v. Singh*, No. 3:19-cv-01157-AC, 2021 U.S. Dist. LEXIS 211578, at *8 (finding counsel's request for attorney's fees equal to thirty-three percent of the fund reasonable and justified under the relevant factors and the trend in numerous

courts to increase the benchmark to thirty percent of the common fund); *Romero v. Producers Dairy Foods, Inc.*, No. 1:05cv0484 DLB, 2007 U.S. Dist. LEXIS 86270, at *10 (E.D. Cal. 2007) (finding that "fee awards in [wage and hour] class actions average around one-third of the recovery" and awarding fees in that amount) (citing 4 Newberg and Conte, Newberg on Class Actions § 14.6 (4th ed. 2007)); *Gomez v. H & R Gunlund Ranches*, No. CV F 10-1163 LJO MJS, 2011 U.S. Dist. LEXIS 135424, at *6, 16 (E.D. Cal. Nov. 22, 2011) (awarding fees amounting to approximately 46% of the total settlement fund).

For these reasons, Class Counsel respectfully submits that a one-third recovery for fees is appropriate. Class Counsel also requests reimbursement of their litigation costs in the amount of $126,506.04 (This figure will be slightly adjusted at final approval to account for counsel's costs.) (Cottrell Decl., ¶ 24 and 57). Class Counsel's efforts resulted in an excellent settlement, and the requested fee and costs award should be preliminarily approved as fair and reasonable.

### E. The proposed Class Notice is reasonable.

The Court must ensure that Class members receive the best notice practicable under the circumstances of the case. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811–12 (1985); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174–75 (1974). Procedural due process does not guarantee any particular procedure but rather requires only notice reasonably calculated "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994). A settlement notice "is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Village LLC*, 361 F.3d at 575 (internal quotation marks omitted).

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

Here, the Class Notice, attached as **Exhibit A** to the Settlement, and manner of distribution negotiated and agreed upon by the parties are "the best notice practicable." Fed. R. Civ. P. 23(c)(2)(B). Within twenty (20) business days of receiving the Class Data from Defendants, the Settlement Administrator will mail the Class Notice to each Class member's last-known address via first-class U.S. mail. (Settlement, ¶ 7.2.2) The Class Notice is clear and straightforward, and provides information on the nature of the action and the proposed Class, and Collective, the terms and provisions of the Settlement, and the monetary awards that the Settlement will provide. (Settlement, Ex. A)

The proposed Class Notice fulfills the requirement of neutrality in class notices. *See* Conte, *Newberg on Class Actions*, § 8.39 (3rd Ed. 1992). It summarizes the proceedings necessary to provide context for the Settlement and summarizes the terms and conditions of the Settlement, including an explanation of how the settlement amount will be allocated between Plaintiffs, Plaintiffs' counsel, the Settlement Administrator, and the Class/Collective members, in an informative, coherent and easy-to-understand manner, all in compliance with the Manual for Complex Litigation's recommendation that "the notice contain a clear, accurate description of the terms of the settlement." *Manual for Complex Litigation*, *Settlement Notice*, § 21.312 (4th ed. 2004).

The Class Notice clearly explains the procedures and deadlines for requesting exclusion from the Settlement and objecting to the Settlement, the consequences of taking or foregoing the various options available to Class members, and the date, time and place of the Final Approval Hearing. (Settlement, Ex. A). Pursuant to Rule 23(h), the proposed Class Notice also sets forth the amount of attorneys' fees and costs sought by Plaintiffs, as well as an explanation of the procedure by which Class Counsel will apply for them. (*Id.*). The Class Notice clearly states that

**SCHNEIDER WALLACE**
**COTTRELL KONECKY  LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 ● Fax: (415) 421-7105

the Settlement does not constitute an admission of liability by Defendants. (*Id.*). The Class Notice makes clear that the final settlement approval decision has yet to be made. (*Id.*). Accordingly, the Class Notice complies with the standards of fairness, completeness, and neutrality required of a settlement class notice disseminated under authority of the Court. See Conte, *Newberg on Class Actions*, §§ 8.21 and 8.39 (3rd Ed. 1992); *Manual for Complex Litigation, Certification Notice*, § 21.311; *Settlement Notice*, § 21.312 (4th ed. 2004).

Furthermore, reasonable steps will be taken to ensure that all Class Members receive the Class Notice. Before mailing, Defendants will provide to the Settlement Administrator a database that contains the full names, social security numbers, and last known addresses of each Class Member and Opt-In Class Member, and each Class Member's and Opt-In Class Members' dates of employment with Defendants. (Settlement, ¶ 7.2.2). Within five (5) business days of receiving this information, the Settlement Administrator will mail the Class Notice to the Class members by first-class U.S. mail. (*Id.* at ¶ 7.2.2). If a Class Notice is returned, the Settlement Administrator will run a skip-trace in an effort to attempt to ascertain the current address of the relevant Class member. (*Id.* at ¶ 7.2.3). If such address is ascertained, the Settlement Administrator will re-mail the Class Notice within ten calendar days. (*Id.*). Class members will have 30 calendar days from the initial mailing of the Class Notices to object to or request exclusion from the Settlement. (*Id.* at ¶¶ 7.2.4 and 7.2.5).

Because the proposed Class Notice clearly and concisely describes the terms of the Settlement and the awards and obligations of Class members who participate, and because the Class Notice will be disseminated in a way calculated to provide notice to as many Class members as possible, the proposed Class Notice should be preliminarily approved.

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

**F.  The Court should approve the proposed schedule.**

The Settlement contains the following proposed schedule, which Plaintiffs respectfully request the Court approve:

| | |
|---|---|
| Preliminary Approval Date | TBD |
| Deadline for Defendants to provide Settlement Administrator with the Class Data. | No later than 20 business days after Preliminary Approval Date. |
| Deadline for Settlement Administrator to mail the Class Notice. | No later than 5 business days after receiving the Class Data. |
| Deadline for Settlement Administrator to search for current address and remail Class Notice. | No later than 10 days from receiving undeliverable notification. |
| Deadline for Class Members to object to or request exclusion from the Settlement. | No later than 30 days after the Settlement Administrator mails the Class Notice. |
| Deadline for Settlement Administrator to provide parties with list of all Participating Class Members, Participating Opt-In Class Members, objections, and requests for exclusion. | No later than 5 business days after the close of the Class Notice period. |
| Deadline for Settlement Administrator to provide parties with declaration of due diligence. | No later than 5 business days after the close of the Class Notice period. |
| Final Approval Hearing. | Plaintiffs request the Court schedule the Final Approval Hearing will be set within 14 days after close of notice period. |

**VII.     CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request the Court grant preliminary approval of the Settlement, in accordance with the schedule set forth herein.

SCHNEIDER WALLACE
COTTRELL KONECKY  LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 ● Fax: (415) 421-7105

Date: August 14, 2024

Respectfully submitted,


*/s/ Robert E. Morelli, III*
Dana L. Sullivan
Oregon SBN 944834
BUCHANAN ANGELI
ALTSCHUL & SULLIVAN LLP
921 SW Washington Street, Suite 516
Portland, Oregon 97205
Tel: (503) 974-5023; Fax: (971) 230-0337
dana@baaslaw.com
*Local Counsel for Plaintiff*


Carolyn H. Cottrell (*pro hac vice*)
Robert E. Morelli, III (*pro hac vice*)
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Phone: (415) 421-7100
Fax: (415) 421-7105
ccottrell@schneiderwallace.com
rmorelli@schneiderwallace.com


*Attorneys for Plaintiff, Class, and Collective*
*Members*

## **CERTIFICATE OF COMPLIANCE**

This brief complies with the applicable word-count limitation under LR 7-2(b)(1) because it contains 10,488 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

*/s/ Robert E. Morelli, III*
Robert E. Morelli, III


## **CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.

*/s/ Robert E. Morelli, III*
Robert E. Morelli, III