# EXHIBIT 1

Dana L. Sullivan
Oregon Bar No. 944834
BUCHANAN ANGELI
ALTSCHUL & SULLIVAN LLP
921 SW Washington Street, Suite 516
Portland, Oregon 97205
Tel:  (503) 974-5023; Fax: (971) 230-0337
dana@baaslaw.com

*Local Counsel for Plaintiffs*

Carolyn H. Cottrell (*pro hac vice*)
Robert E. Morelli, III (*pro hac vice*)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel:  (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
rmorelli@schneiderwallace.com

*Lead Attorney for Plaintiff*

*Additional Attorneys Listed on Next Page*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| JULIANNE HUNTER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LEGACY HEALTH, LEGACY EMANUEL MEDICAL CENTER, LEGACY EMANUEL HOSPITAL & HEALTH CENTER, LEGACY HEALTH PARTNERS, LLC, RANDALL CHILDREN'S HOSPITAL AT LEGACY EMANUEL,<br><br>Defendants. | Case No.  3:18-CV-02219-AR<br><br>CLASS AND COLLECTIVE ACTION<br><br>**JOINT STIPULATION OF CLASS AND COLLECTIVE ACTION SETTLEMENT** |

Doc ID: 4c400a9d6207f4495d20ac570ccc41135464b71f

MORGAN, LEWIS & BOCKIUS LLP
Douglas R. Hart (*pro hac vice*)
Kathy H. Gao (*pro hac vice*)
Sheryl Horwitz (*pro hac vice*)
Anahi Cruz (*pro hac vice*)
Eva Nofri (*pro hac vice*)
300 South Grand Ave., 22nd Floor
Los Angeles, CA 90071
douglas.hart@morganlewis.com
kathy.gao@morganlewis.com
sheryl.horwitz@morganlewis.com
anahi.cruz@morganlewis.com
eva.nofri@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
Damon C. Elder (OSB No. 085313)
1301 Second Ave., Suite 2800
Seattle, WA 98101-3807
damon.elder@morganlewis.com

*Attorneys for Defendants*

Doc ID: 4c400a9d6207f4495d20ac570ccc41135464b71f

## <u>JOINT STIPULATION OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT</u>

This Joint Stipulation of Class and Collective Action Settlement (herein "Stipulation" or "Settlement Agreement") is made and entered into between Plaintiffs Julianne Hunter and Mya Blum ("Plaintiffs" or "Class Representatives"), on behalf of themselves and as representatives of the Class (as defined below) and Defendants Legacy Health, Legacy Emanuel Medical Center, Legacy Emanuel Hospital & Health Center, Legacy Health Partners, LLC, Randall Children's Hospital at Legacy Emanuel, and Legacy Salmon Creek Hospital (collectively, "Defendants" or "Legacy") (Plaintiffs and Defendants hereinafter are collectively referred to as the "Parties") who are parties to the above-captioned litigation.

## 1.    <u>THE CONDITIONAL NATURE OF THIS STIPULATION</u>

1.1.    This Stipulation and all associated exhibits or attachments is made for the sole purpose of settling the above-captioned action. This Stipulation and the settlement it evidences ("Settlement") is made in compromise of disputed claims. Because this action is being settled in part as a class action, this settlement must receive preliminary and final approval by the Court. Fed. R. Civ. Proc. 23(e). The settlement of the collective claims under the Fair Labor Standards Act ("FLSA") is also subject to Court approval. *See Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350 (11th Cir. 1982)). Accordingly, the Settling Parties (as defined in Section 2.36) enter into this Stipulation and associated settlement on a conditional basis. If the Court does not enter the Order of Final Approval or the proposed Judgment does not become a Final Judgment for any reason, this Stipulation shall be deemed null and void *ab initio*, it shall be of no force or effect whatsoever, it shall not be referred to or utilized for any purpose whatsoever, and the negotiation, terms and entry of the Stipulation shall remain subject to the provisions of Federal Rule of Evidence 408, Washington's Evidence Rule 408, and Oregon Evidence Code 408 and any other analogous rules of evidence that are applicable.

1.2.    Defendants deny all claims as to liability, damages, penalties, interest, fees, and restitution, and all other forms of relief as well as the class and collective allegations asserted in the Action, as that term is defined in Section 2.1. Defendants agreed to resolve the Action via this Stipulation, but to the extent this Stipulation is deemed void or the Final Judgment does not occur, Defendants do not waive, and expressly reserve, all rights to challenge all such claims and

Doc ID: 4c400a9d6207f4495d20ac570ccc41135464b71f

allegations in the Action upon all procedural and factual grounds, as well as asserting any and all other potential defenses or privileges including, but not limited to, that class and conditional certification are not appropriate for the alleged claims.  Class Counsel and Class Representatives (as defined in Sections 2.4 and 2.11, respectively) agree that Defendants retain and reserve these rights, and agree not to argue or present any argument, and hereby waive any argument that, based on this Stipulation, Defendants cannot assert any and all potential defenses and privileges if the Action were to proceed.

## 2.    DEFINITIONS

The following terms, when used in this Stipulation, shall have the following meanings:

2.1.    "Action" means the above captioned action, identified as *Julianne Hunter; Mya Blum v. Legacy Health; Legacy Emanuel Medical Center; Legacy Emanuel Hospital & Health Center; Legacy Health Partners, LLC; and Randall Children's Hospital at Legacy Emanuel*, U.S. District Court, District of Oregon, Case No. 3:18-cv-02219.

2.2.    "Auto-Deduct Period" means the period from December 26, 2012 until June 13, 2015.

2.3.    "Class" means all current and former hourly, non-exempt employees, including but not limited to nurses, nursing aides, nursing assistants or other employees with similar job duties[1] employed by Defendants Legacy Health and Emanuel Hospital & Health Center during the period December 26, 2012, through preliminary approval.

2.4.    "Class Counsel" means Schneider Wallace Cottrell Konecky, LLP and Buchanan Angeli Altschul & Sullivan LLP.

2.5.    "Class Data" means the following information in Excel spreadsheet format provided by Defendants to the Settlement Administrator (as defined below): the full names, social security numbers, and last known addresses of each Class Member and Opt-In Class Member, and each Class Member's and Opt-In Class Members' dates of employment with Defendants.

2.6.    "Class Member" means each person eligible to participate in this Settlement who is a member of the Class defined above.

---

[1] The list of job titles and job codes included in the Class is attached hereto as **Exhibit A**.

Doc ID: 4c400a9d6207f4495d20ac570ccc41135464b71f

2.7.    "Class Period" or "Settlement Period" mean the time period from December 26, 2012 through the Preliminary Approval Date.

2.8.    "Oregon Class Period" means December 26, 2012 through the Preliminary Approval Date.

2.9.    "Washington Class Period" means December 26, 2015 through the Preliminary Approval Date.

2.10.    "Class Periods" means the Washington Class Period and Oregon Class Period collectively.

2.11.    "Class Representatives" means Plaintiffs Julianne Hunter and Mya Blum.

2.12.    "Class Representatives' Released Claims" means any and all wage and hour claims, obligations, demands, actions, rights, causes of action, and liabilities (including, but not limited to, the Released Claims, and all known and unknown claims, state statutory, and common law claims against the Released Parties (as defined below)) based on any theory whatsoever, that was alleged in the First Amended Complaint, arising out of the facts alleged in the First Amended Complaint, or that could have been alleged in the First Amended Complaint based on such facts including, but not limited to, failure to pay minimum wages, failure to pay overtime wages, improper automatic time deductions, unlawful deductions from wages, failure to pay all wages due upon separation of employment, rounding, off-the-clock work, failure to provide and/or ensure any and all meal and rest periods (and any and all other meal and/or rest period violation claims and theories), willful refusal to pay wages, failure to provide accurate itemized employee wage statements, any and all common law or equitable claims arising out of or related to the facts alleged in the First Amended Complaint, and any and all claims for damages, penalties (including civil, statutory, and/or wage penalties), liquidated damages, declaratory relief, interest, attorneys' fees, litigation costs, restitution, equitable relief, or additional damages which allegedly arise from the claims described above under any applicable law, and any and all claims under the Fair Labor Standards Act under any theory whatsoever, through the date of Preliminary Approval for any type of relief.  Class Representatives further covenant that they will not become a member of any other legal actions against the Releasees asserting Class Representative's Released Claims, and will opt out of any

Doc ID: 4c400a9d6207f4495d20ac570ccc41135464b71f

such actions if necessary. This is intended to cover all claims that were or could have been alleged against Defendants in the Action.

2.13. "Complaint" means the First Amended Complaint filed in the Action.

2.14. "Court" shall mean the United States District Court, District of Oregon.

2.15. "Defendants' Counsel" means Morgan, Lewis & Bockius LLP.

2.16. "Final Approval Date" means the date on which the Court enters the Order of Final Approval and Judgment.

2.17. "Final Approval Hearing" means a hearing set by the Court for the purpose of: (i) determining the fairness, adequacy, and reasonableness of the Stipulation terms and associated Settlement pursuant to class action procedures and requirements; (ii) determining the amount of the award of attorneys' fees and costs to Class Counsel; (iii) determining the amount of the Service Payments to Class Representatives and (iv) entering the Order of Final Approval of the Settlement and Judgment.

2.18. "FLSA Period" means the time period from December 26, 2015 through the Preliminary Approval Date.

2.19. "Date of Final Judgment" means the latest of the following dates: (i) if no Class Member files an objection to the Settlement, or if a Class Member files an objection to the Settlement which is subsequently withdrawn by the Class Member, then the date the Court enters an Order of Final Approval of the Settlement and Judgment; (ii) if a Class Member files an objection to the Settlement, then after the applicable date for seeking appellate review of the Court's Order of Final Approval of the Settlement has passed, assuming no appeal or request for review is filed; and (iii) if an appeal is filed, the final resolution of that appeal (including any requests for rehearing and/or petitions for review) resulting in the final judicial approval of the Settlement. Notwithstanding the foregoing, any proceeding, order, or appeal pertaining solely to the award of attorneys' fees or costs or Service Payments shall not by itself in any way delay or preclude the Judgment from taking effect on the Date of Final Judgment.

2.20. "Funding Date" shall be thirty (30) calendar days following Defendants' receipt of electronic wiring instructions and final amount to be wired from the Settlement Administrator after the Date of Final Judgment, if no objection to the Settlement is made. If an objection to the

Doc ID: 4c400a9d6207f4495d20ac570ccc41135464b71f

Settlement is made but no appeal is filed, then payment to the Settlement Administrator of the Gross Settlement Amount (defined below) shall be made within thirty (30) calendar days after the running of the appeal period. If an appeal is filed, then payment to the Settlement Administrator of the Gross Settlement Amount (defined below) shall be made within thirty (30) calendar days after the date the judgment is final and no longer subject to appeal.

2.21.   "Gross Settlement Amount" or "GSA" is the sum of Fourteen Million Five Hundred Thousand Dollars and Zero Cents ($14,500,000.00) which represents the non-reversionary amount payable in this Settlement by Defendants, which includes payment of Settlement Administrator Costs, Class Counsel's attorneys' fees and costs, and Plaintiffs' Service Awards, and the amounts payable to Participating Class Members. The employer's share of payroll taxes shall be paid 50% by Defendants separately from the GSA and 50% from the GSA.

2.22.   "Judgment" means the judgment to be executed and filed by the Court pursuant to this Stipulation along with the Order Granting Final Approval of the Settlement.

2.23.   "Net Settlement Amount" or "NSA" is the amount distributable to Class Members who participate in the settlement and Opt-In Class Members after deducting Settlement Administrator Costs, Class Counsel's attorneys' fees and costs, Plaintiffs' Service Awards, and 50% of the employer's share of payroll taxes.

2.24.   "Notice of Settlement" shall mean the document attached hereto as **Exhibit B.**

2.25.   "Opt-In Class Member" shall mean any Class Member that has already filed a consent to join the conditionally certified collective action.

2.26.   "Participating Class Member" shall mean Class Members who participate in the Settlement (i.e., Class Members who do not validly opt out of the Settlement).

2.27.   "Preliminary Approval Date" means the date the Court approves this Stipulation, and the exhibits thereto, and enters an Order providing for mailing of the Notice of Settlement to Class Members, an opportunity to submit timely objections to the Settlement, and setting a hearing on the fairness of the terms of Settlement, including approval of the Service Payments, attorneys' fees, and costs.

Doc ID: 4c400a9d6207f4495d20ac570ccc41135464b71f

2.28.  "Qualified Settlement Fund" or "QSF" means the fund established by the Settlement Administrator for the benefit of Participating Class Members and from which the Settlement Payments shall be paid.

2.29.  "Released Claims" shall mean the following:

- For the period from December 26, 2012 through the Preliminary Approval Date, any and all wage and hour claims, obligations, demands, actions, rights, causes of action, and liabilities (including state statutory and common law claims), based on any theory whatsoever against the Released Parties, that was alleged in the First Amended Complaint, arising out of the facts alleged in the First Amended Complaint, or that could have been alleged in the First Amended Complaint based on such facts including, but not limited to, failure to pay minimum wages, failure to pay overtime wages, improper automatic time deductions, unlawful deductions from wages, failure to pay all wages due upon separation of employment, rounding, off-the-clock work, failure to provide and/or ensure any and all meal and rest periods (and any and all other meal and/or rest period violation claims and theories), willful refusal to pay wages, failure to provide accurate itemized employee wage statements, any and all common law or equitable claims arising out of or related to the facts alleged in the First Amended Complaint, and any and all claims for damages, penalties (including civil, statutory, and/or wage penalties), liquidated damages, declaratory relief, interest, attorneys' fees, litigation costs, restitution, equitable relief, or additional damages which allegedly arise from the claims described above under any applicable law.

- Class Members who cash their settlement check will be deemed to have opted into the Action and, along with all Opt-In Class Members, will be deemed to have released any and all claims under the FLSA under any theory whatsoever. Class members who do not cash their settlement check and who do not opt-out of the settlement are still deemed Participating Class Members, but are not Participating Opt-In Class Members. The settlement

Doc ID: 4c400a9d6207f4495d20ac570ccc41135464b71f

checks shall include the following opt-in and release language on the back of each Settlement Payment check:

> By signing, cashing, and/or depositing this check, I am opting into the case captioned *Hunter et al.* v. *Legacy Health et al.*, U.S. District Court, District of Oregon, Case No. 3:18-cv-02219, and I affirm my release of Legacy Health, Emanuel Hospital & Health Center, and all other Released Parties from the Class Members' Released Claims as defined in the Settlement Agreement approved by the Court.

2.30.   "Released Parties" means Defendants  Legacy Health, Legacy Emanuel Medical Center, Legacy Emanuel Hospital & Health Center, Legacy Health Partners, LLC, Randall Children's Hospital at Legacy Emanuel, Legacy Salmon Creek Hospital, and all affiliated parties and entities (including their respective past and present affiliates, parents, subsidiaries, predecessors, owners, successors, investors, shareholders, divisions, and each of these entities' respective past and present directors, officers, managing agents, employees, partners, benefit plans, shareholders, attorneys, and representatives).

2.31.   "Service Payment" means the amount approved by the Court, not to exceed $25,000 for each Class Representative, to be paid to Class Representatives in recognition of their efforts and time on behalf of the Class and as consideration for a full, general, and comprehensive release of the Class Representatives' Released Claims.  Any portion of the Service Payments that is not approved by the Court shall be added to the NSA for distribution to the Class Members.

2.32.   "Settlement Administrator" shall be CPT Group, Inc.

2.33.   "Settlement Administrator Costs" shall mean the amount approved by the Court to be paid to the Settlement Administrator as described in Section 6.4.  Unless good cause is shown, Settlement Administrator Costs shall not exceed the estimate of the Settlement Administrator to administer the Settlement, which is estimated to be $69,000.00.

2.34.   "Settlement Class" shall mean all Participating Class Members (including Opt-In Class Members), all of whom will become bound by the Judgment if the Date of Final Judgment occurs.

2.35.   "Settlement Payment" means the amount due to each Participating Class Member under the terms of this Stipulation and as calculated by the Settlement Administrator pursuant to Section 6.5.

Doc ID: 4c400a9d6207f4495d20ac570ccc41135464b71f

2.36.   "Settling Parties" shall mean Plaintiffs and Defendants.

2.37.   "Stipulation" or "Settlement" shall mean this Joint Stipulation of Class and Collective Action Settlement, signed by the Parties and their respective counsel.

## 3.   DESCRIPTION OF THE LITIGATION

3.1.   Plaintiff Julianne Hunter is a former employee who worked for Legacy from approximately March 3, 2009 to approximately April 20, 2016.  On December 26, 2018, Plaintiff filed a class and collective action in the United States District Court, District of Oregon, alleging under the FLSA (i) failure to pay overtime compensation for improper automatic time deductions; and (ii) failure to pay overtime compensation for "off-the-clock" work; and alleging Rule 23 class allegations under Oregon law for (i) failure to pay overtime in violation of ORS 653.261 and OAR 839-020-0030; (ii) unlawful deductions from wages in violation of ORS 652.610; (iii) failure to pay all wages due upon separation of employment in violation of ORS 652.140; (iv) meal break violations in violation of OAR 839-020-0050; and (v) rest period violations in violation of OAR 839-020-0050(6) for declaratory relief. In connection with the Parties' assessment and evaluation of the Action, the Parties exchanged formal discovery, including documents and information.  On June 4, 2021, the Court conditionally certified a collective action consisting of "[a]ll individuals who have worked for Defendant as non-exempt, hourly paid employees with patient care responsibilities, such as nurses, nursing aides, nursing assistants, and other similarly situated workers in the United States at any time within the three-year statute of limitations period or FLSA claims under 29 U.S.C. § 225(a)."  920 individuals opted into the collective action, and the parties exchanged discovery for a sample of opt-ins.  Two individuals later withdrew their consent to opt-in to the collective action.  On March 19, 2024, Plaintiffs filed a First Amended Complaint adding Mya Blum as a named plaintiff and representative of a Rule 23 Washington class, alleging additional claims for (i) failure to pay overtime in violation of RCW 49.46.130; (ii) failure to provide meal and rest breaks and ensure those breaks are taken in violation of RCW 49.12.020 AND WAC 296-126-092; (iii) failure to pay wages owed at termination in violation of RCW 49.48.010; and (iv) willful refusal to pay wages in violation of RCW 49.52.050.  Plaintiff Blum worked for Legacy from approximately March 23, 2015, to approximately April 7, 2019.  The First Amended Complaint defines the Rule 23 Oregon class as: "All current and former hourly, non-

Doc ID: 4c400a9d6207f4495d20ac570ccc41135464b71f

exempt employees, including but not limited to nurses, nursing aides, nursing assistants, or other employees with similar job duties employed by Defendants in Oregon and subjected to an automatic time deduction policy at any time starting six years prior to the filing of this Complaint until resolution of this action ('the Oregon Class')."  The First Amended Complaint defines the Rule 23 Washington class as: "All current and former hourly, non-exempt employees, including but not limited to nursing staff, nursing aides, nursing assistants, or other employees with similar job duties employed by Defendants in Washington and subjected to an automatic time deduction policy and practice at any time starting four years prior to the filing of this Complaint until resolution of this action ('the Washington Class')."

3.2.    The Parties mediated this case on October 18, 2022, but were unable to resolve this case.

3.3.    On April 26, 2024, the Parties participated in a second full-day private mediation with third-party neutral Hon. Patrick Walsh (Ret.).  At the mediation, the Parties negotiated to resolve Plaintiffs' claims on a class and collective basis.  At all times, the Parties' settlement negotiations have been non-collusive, adversarial, and at arm's length.  The Parties agree that the above-described investigation and evaluation, as well as discovery and the information exchanged during the settlement negotiations, are more than sufficient to assess the merits of the Parties' respective positions and to compromise the issues on a fair and equitable basis.

## 4.    <u>DEFENDANTS' DENIAL OF WRONGDOING OR LIABILITY</u>

4.1.    Defendants specifically and generally deny any and all liability or wrongdoing of any kind with regard to any and all of the claims alleged, and make no concessions or admissions of liability of any kind.  Defendants make no concessions or admissions that class or collective action treatment is appropriate, warranted, or manageable.  Defendants additionally maintain that for any purpose other than Settlement, the Action is not appropriate for class or collective action treatment.  Neither this Stipulation, nor any document referred to in it, nor any actions taken pursuant to this Stipulation, is or should be construed as an admission by Defendants of any fault, wrongdoing, or liability whatsoever.  There has been no determination by any agency or court as to the merits of the claims asserted by Plaintiffs against Defendants.  Nonetheless, Defendants have concluded that further conduct of the Action would be protracted, and expensive, and that it is

Doc ID: 4c400a9d6207f4495d20ac570ccc41135464b71f

desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.  Defendants have also taken into account the uncertainty and risks inherent in any litigation.  Defendants have therefore determined that it is desirable and beneficial to them to settle the Action in the manner and upon the terms and conditions set forth in this Stipulation.

## 5.    BENEFITS OF THE SETTLEMENT TO THE CLASS AND DEFENDANTS

5.1.    Class Counsel have diligently pursued an investigation of Plaintiffs' claims against Defendants.  Based on their own independent investigation and evaluation, Class Counsel are of the opinion that settlement with Defendants for the consideration and on the terms set forth in this Settlement is fair, reasonable, and adequate, and is in the best interest of the Class in light of all known facts and circumstances, including the risk of significant delay and uncertainty associated with litigation, various factual and legal defenses asserted by Defendants including the risk that the Class would not be certified and the risk that the conditionally certified collective would be decertified when Defendants moved for decertification.  In addition to the above, Class Counsel weighed the monetary benefit provided by the Settlement to the Class against the expenses and length of continued proceedings that would be necessary to prosecute the Action against Defendants through further litigation, trial, and possible appeals.  Therefore, Class Counsel has determined that the settlement set forth in this Stipulation is in the best interests of the Class.

5.2.    Defendants and Defendants' Counsel also agree that the Settlement is fair and reasonable given the uncertainty and risks and costs of further litigation because Defendants concluded that further conduct of the Action would be protracted, distracting, and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.  Defendants therefore determined that it is desirable and beneficial to them to settle the Action in the manner and upon the terms and conditions set forth in this Stipulation.

5.3.    It is the Parties' intention that this Settlement shall constitute a full and complete settlement and release of any and all of the Class Members' Released Claims against any and all of the Released Parties.

Doc ID: 4c400a9d6207f4495d20ac570ccc41135464b71f

6.    **OPERATIVE TERMS OF THE CLASS ACTION SETTLEMENT**

The Parties stipulate to Fed. R. Civ. P. 23 class certification of the Class as defined herein for settlement purposes only.  As set forth in Sections 7.3.3 to 7.3.5, this provision is void and all terms of this Settlement are void if this Settlement is not approved by the Court.  The Parties further stipulate that, for settlement purposes only, Schneider Wallace Cottrell Konecky, LLP and Buchanan Angeli Altschul & Sullivan LLP may be appointed Class Counsel and that Plaintiffs may be appointed Class Representatives.  Defendants' stipulation to this Settlement Class shall not be construed as an admission or acknowledgement of any kind that any class should be certified or given collective treatment for any purpose other than settlement.

Additionally, the Parties to the Action agree as follows:

6.1.    Gross Settlement Amount

Defendants shall pay the Gross Settlement Amount ("GSA") of Fourteen Million Five Hundred Thousand Dollars and Zero Cents ($14,500,000.00) to resolve the Action on a class and collective action basis, as more fully described below.  The GSA includes attorneys' fees and costs in the amount of up to $4,833,333.00 for fees (approximately $33^{1}/_{3}$ percent of the GSA) and costs in an amount as documented in Class Counsel's billing and as submitted to the Court for approval, costs of settlement administration by the Settlement Administrator, the Service Payments to the Class Representatives (not to exceed $25,000 each), and the amounts payable to the Settlement Class (including Opt-In Class Members who do not validly opt out of the Settlement). Any portion of the attorneys' fees or costs that is not approved by the Court shall be added to the NSA for distribution to the Participating Class Members. The GSA shall be all-in with no reversion to Defendants. The employer's share of payroll taxes shall be paid 50% by Defendants separately from the GSA and 50% from the GSA.

6.2.    Class Representatives' Service Payments

The Class Representative' Service Payments will, subject to Court approval, be in an amount not to exceed $25,000 for each Class Representative.  Because the Service Payments represent payment to the Class Representatives for service to the Class Members and consideration for the General Release, taxes will not be withheld from the Service Payments.  The Settlement Administrator will report the Service Payments on IRS Form 1099s, and any other required tax

Doc ID: 4c400a9d6207f4495d20ac570ccc41135464b71f

forms, and will provide said form(s) to the Class Representatives and to the pertinent taxing authorities as required by law. The Class Representatives assume full responsibility for paying all taxes, federal and state, if any, due as a result of the Service Payments. Any amount of the Class Representatives' Service Payments that is not awarded by the Court shall be added to the NSA. Defendants, Defendants' attorneys, and Plaintiffs' attorneys make no representations regarding the tax consequences, if any, or liability arising from the Service Payments of any portion of the NSA. Accordingly, the Parties agree that any tax consequences or liability arising from the NSA or the Service Payments shall be the sole responsibility of the respective Plaintiff, other than Defendants' herein defined employer's share of taxes. The Parties also agree that should any governmental authority determine that all or any part of the Gross Settlement Amount is taxable to any Plaintiff, each such Plaintiff will be solely responsible for the payment of all taxes. Plaintiffs further agree to indemnify and hold Defendants, Defendants' attorneys, and Plaintiffs' attorneys harmless if any governmental authority seeks payment from Defendants for taxes, withholdings, costs, assessments, penalties, damages, fees, fines, or interest because of any nonpayment by any Plaintiff for any taxes owed by her in connection with this Agreement. Plaintiffs further agree not to seek or make any claim against Defendants, Defendants' attorneys, or Plaintiffs' attorneys for compensation, damages, costs, interest, fees, assessments, withholdings, penalties, or other losses should a claim or determination be made that all or part of the Service Payments is taxable to any Plaintiff or that any Plaintiff failed to pay applicable taxes for any of the amounts paid pursuant to this Agreement. Plaintiffs also understand and agree that Defendants, Defendants' attorneys, and Plaintiffs' attorneys have no duty to defend against any claim or assertion that all or part of the Service Payments should be treated as taxable income to any Plaintiff, nor any obligation to appeal any determination that all or part of the Service Payments should be treated as taxable income to any Plaintiff.

6.3.    <u>Class Counsel's Attorneys' Fees and Costs</u>

Class Counsel shall apply to the Court for an award of reasonable attorneys' fees in the amount of up to $4,833,333.00 (approximately $33^1/_3$ percent of the GSA), and costs in an amount as documented in Class Counsel's billing and as submitted to the Court for approval. Defendants will not oppose Class Counsel's request for attorneys' fees and costs in accordance with

Doc ID: 4c400a9d6207f4495d20ac570ccc41135464b71f

the terms of this provision.  In the event the Court awards less than the amount of requested fees and/or costs, any unapproved or unrequested amounts shall be added to the NSA for distribution to the Participating Class Members.

      6.4.    <u>Settlement Administrator</u>

      6.4.1.  The Settlement Administrator shall be CPT Group, Inc.  The fees and expenses reasonably incurred by the Settlement Administrator as a result of the procedures and processes expressly required by this Stipulation (the "Settlement Administrator Costs") shall be paid out of the GSA, estimated to not exceed $69,000.00.  The Settlement Administrator Costs shall include:  all costs of administering the Settlement, including, but not limited to, calculating settlement shares, all tax document preparation, custodial fees, and accounting fees incurred by the Settlement Administrator; all costs and fees associated with preparing, issuing and mailing any and all notices and other correspondence to Class Members; all costs and fees associated with communicating with Class Members, Class Counsel, and Defendants' Counsel; all costs and fees associated with computing, processing, reviewing, and paying the Settlement Payments, and resolving disputed claims; all costs and fees associated with calculating tax withholdings and payroll taxes, including making related payments to federal and state tax authorities, and issuing tax forms relating to payments made under the Settlement; all costs and fees associated with preparing any tax returns and any other filings required by any governmental taxing authority or agency; all costs and fees associated with preparing any other notices, reports, or filings to be prepared in the course of administering Settlement Payments; and any other costs and fees incurred and/or charged by the Settlement Administrator in connection with the execution of its duties under this Stipulation.

      6.4.2.  The Parties agree that the Settlement Administrator shall establish a Qualified Settlement Fund ("QSF") that is intended to be pursuant to Section 468B of the Code and Treas. Reg. §1.468B-1, 26 CFR § 1.468B-1 *et seq*., and will be administered by the Settlement Administrator as such.  With respect to the QSF, the Settlement Administrator shall:  (1) open and administer a settlement account in such a manner as to qualify and maintain the qualification of the QSF as a "Qualified Settlement Fund" under Section 468B of the Code and Treas. Reg. §1.468B-1; (2) satisfy all federal, state and local income and other tax reporting, return, and filing

Doc ID: 4c400a9d6207f4495d20ac570ccc41135464b71f

requirements with respect to the QSF; and (3) satisfy out of the QSF all fees, expenses, and costs incurred in connection with the opening and administration of the QSF and the performance of its duties and functions as described in this Agreement. The aforementioned fees, costs, and expenses shall be treated as and included in the costs of administering the QSF and as Settlement Administrator Costs.

6.4.3. The actions of the Settlement Administrator shall be governed by the terms of this Stipulation and any Orders from the Court.

6.4.4. In the event that either Defendants' Counsel or Class Counsel takes the position that the Settlement Administrator is not acting in accordance with the terms of the Stipulation, such Party shall meet and confer first with opposing counsel and/or, if necessary, with the Settlement Administrator or the Court to attempt to resolve the issue.

6.5.    Calculation of Settlement Payments

6.5.1. Class Members and Opt-In Class Members. The allocation of the Net Settlement Amount among the Class Members shall be paid based on each Participating Class Member's respective number of workweeks worked during the Class Period, whether they are members of the putative Oregon and/or Washington class, and whether they opted into the FLSA collective action.

6.5.2. Settlement Payments will be calculated according to the below. Participating Class Members and Opt-In Class Members shall receive a pro rata portion of the Net Settlement Amount as follows:

a.    When calculating the individual Settlement Payments to Participating Class Members following Final Approval (for purposes of preparing individual Settlement Payment checks), the Settlement Administrator will not include Class Members who validly request exclusion from the Settlement.

b.    For each week during which the Participating Class Member performed work for Defendants during the Class Periods, he or she shall be eligible to receive a pro rata portion of the Net Settlement Amount.

c.    To reflect the varying value of the state law claims and different statutes of limitation, each workweek during which work was performed in the Auto Deduct Period

14

in Oregon will be equal to six (6) additional settlement shares, and in the non-Auto Deduct period will be equal to three (3) additional settlement shares.  Opt-In Class Members shall be entitled to an additional one (1) settlement share for each workweek credited, regardless of whether the work was performed in Washington or Oregon.

d.    The total number of settlement shares for all Participating Class Members will be added together and the resulting sum will be divided into the Net Settlement Amount to reach a per share dollar figure.  That figure will then be multiplied by each Participating Class Member's number of settlement shares to determine the Participating Class Member's pro rata portion of the Net Settlement Amount ("Settlement Payment").

6.5.3.  All Settlement Payment determinations shall be based on the weeks worked, as reflected by Defendants' timekeeping, payroll, and/or other records.  If the Parties determine, based upon further review of available data, that a person previously identified as being a Class Member is not a Class Member, or an individual who was not previously identified as a Class Member is in fact a Class Member but was not so included, the Settlement Administrator shall promptly make such addition or deletion as appropriate.

6.5.4.  The Parties recognize that the Settlement Payments to be paid to Participating Class Members reflect settlement of a bona fide dispute over claimed wages, statutory and civil penalties, and other alleged damages.  The Settlement Administrator shall issue the appropriate tax forms (if any) relating to Settlement Payments made to Participating Class Members as required by federal, state, and local law.  The Settlement Payments to Class Members are allocated as follows: (1) one-third wages subject to withholdings; and (ii) two-thirds as non-wage amounts paid for Class Members' penalties and interest.

6.5.5.  Participating Class Members will be responsible for paying all other local, state, and federal taxes due on their Settlement Payments, other than as herein provided for.  Other than as set forth above, the Settlement Administrator will not make any deductions, withholdings, or additional payments, including without limitation, medical or other insurance payments or premiums, employee 401(k) contributions or matching employer contributions, wage garnishments to extent permitted by law, or charity withholdings, from or with respect to the payments to Class

Doc ID: 4c400a9d6207f4495d20ac570ccc41135464b71f

Members, and entry of the Order of Final Approval by the Court shall be deemed authority not to make any such deductions, withholdings, or additional payments.

6.5.6.  Neither the Settlement nor any amounts paid under the Settlement will modify any previously credited hours or service under any employee and/or agent benefit plan, policy, or bonus program sponsored by Defendants.  Such amounts will not form the basis for additional contributions to, benefits under, or any other monetary entitlement under Defendants' sponsored benefit plans, policies, or bonus programs.  The payments made under the terms of this Stipulation shall not be applied retroactively, currently, or on a going-forward basis, as salary, earnings, wages, pensionable earnings, eligible commissions, or any other form of compensation for the purposes of the Released Parties' benefit plans, policies, or bonus programs.  The Released Parties retain the right to modify the language of their benefit plans, policies, and bonus programs to effect this intent, and to make clear that any amounts paid pursuant to this Settlement are not for "hours worked," "hours paid," "hours of service," "service," "vesting service," or any similar measuring term as defined by applicable plans, policies, and bonus programs for purposes of eligibility, vesting, benefit accrual, or any other purpose, and that additional contributions or benefits are not required by this Stipulation.

6.6.    Releases

6.6.1.  Upon the Date of Final Judgment, each Participating Class Member shall be deemed to have fully, finally, and forever released the Released Parties from all Released Claims through the Preliminary Approval Date.  These releases will take effect whether or not a Participating Class Member cashes or deposits any check for their Settlement Payment.

6.6.2.  Also upon the Date of Final Judgment, and subject to receiving Service Payments of up to Twenty-Five Thousand Dollars ($25,000) each, the Class Representatives shall be deemed to have fully, finally, and forever released the Released Parties from all of the Class Representatives' Released Claims through the Final Approval Date.

6.6.3.  The above releases given are conditional and shall only take effect unconditionally upon the Date of Final Judgment.

7.    **NOTICE TO CLASS AND SETTLEMENT PROCEDURE**

7.1.    Preliminary Approval

Doc ID: 4c400a9d6207f4495d20ac570ccc41135464b71f

Class Counsel shall submit to the Court this Joint Stipulation, and exhibits thereto, for preliminary approval by the Court. Class Counsel will prepare and file the Preliminary Approval motion papers, but will send the Preliminary Approval motion papers to Defendants' counsel for their review, and give Defendants' counsel two (2) weeks to review and suggest reasonable revisions (with the Parties to confer in good faith on proposed revisions) before filing. The Court's preliminary approval of this Settlement shall be embodied in an order preliminarily approving the Settlement (*see* Exhibit C), and providing for the Notice of Settlement (*see* Exhibit B) to be mailed to the Class Members, and which will also set the date for the Final Approval Hearing.

    7.2.   <u>Notice of Settlement</u>

    7.2.1.  <u>CAFA Notice</u>: Defendants shall timely provide notices not later than ten (10) calendar days after the filing of the motion seeking preliminary approval of the class settlement, as required by the Class Action Fairness Act ("CAFA") and simultaneously provide copies of such notices to Class Counsel.

    7.2.2.  Within twenty (20) business days business days following the Preliminary Approval Date, Defendants will send to the Settlement Administrator the Class Data. Upon receipt of the Class Data, the Settlement Administrator shall check the names of Class Members with the U.S. Postal Service National Change of Address Database and update any addresses with any new information found regarding the location of those Class Members. The Settlement Administrator will update the Class Data with the new contact information found pursuant to its obligations in this paragraph, or based on information provided by Class Members during the claims process. The Class Data shall be used by the Settlement Administrator solely for the purpose of administering the Settlement. The Class Data shall be kept confidential by the Settlement Administrator and none of its contents shall be disclosed, shared with, or communicated to Class Counsel.

    7.2.2.  Within five (5) business days of receiving the Class Data from Defendants, the Settlement Administrator will send via first class mail the Notice of Settlement approved by the Court to the Class Members using the Class Data Defendants provided to the Settlement Administrator as updated by the Settlement Administrator as described in Section 7.2.2 above.

Doc ID: 4c400a9d6207f4495d20ac570ccc41135464b71f

7.2.3.   If any Notices of Settlement are returned to the Settlement Administrator as undeliverable, the Settlement Administrator shall run a skip-trace in an effort to attempt to ascertain the current address of the Class Member.   If such address is ascertained, the Settlement Administrator shall re-mail the Notice of Settlement within ten (10) calendar days.   If alternative addresses are obtained for a Class Member, the Settlement Administrator shall send the Notice of Settlement to up to three (3) alternative addresses.

7.2.4.   Class Members, except Plaintiffs, will have thirty (30) calendar days from the date of mailing the Notices of Settlement within which to file an objection to the Settlement. To object, a Class Member must send to the Settlement Administrator a written objection as set forth in the Notice of Settlement, and provide notice of any intent to appear at the Final Approval Hearing.  Plaintiffs cannot object to the Settlement.  Plaintiffs and Class Counsel agree that they will not solicit, encourage, or advise any individual to object to the Settlement.

7.2.5.   Class Members, except Plaintiffs, will have thirty (30) calendar days from the date of mailing the Notices of Settlement within which to opt out of and be excluded from the Settlement.  To opt out, a Class Member must submit a written request to opt out to the Settlement Administrator ("Request for Exclusion") within this 30-day deadline.  Written requests to opt out from the Settlement that are post-marked after this 30-day deadline will be rejected, and Class Members submitting untimely requests to opt out shall be bound by the Settlement and its releases and will be Participating Class Members for settlement distribution purposes unless this Court orders that the request to opt out is a valid Request for Exclusion.  A Class Member who submits a valid Request for Exclusion will not participate in or be bound by the Settlement and the Judgment.

7.3.   <u>Final Approval</u>

7.3.1.   Prior to the Final Approval Hearing, Plaintiffs will move the Court for entry of the Order of Final Approval (and associated entry of Judgment):  (a) finally approving the Settlement on a class basis as fair and adequate; (b) approving the FLSA settlement; (c) approving Class Counsel's application for an award of attorneys' fees and costs; (d) approving the Class Representatives' application for Service Payments; (e) approving the payment of reasonable Settlement Administrator Costs; and (f) releasing and barring any further Released Claims by Class Members.  The Parties and their counsel shall make all reasonable efforts to secure entry of the

Doc ID: 4c400a9d6207f4495d20ac570ccc41135464b71f

Order of Final Approval and Judgment. The Motion for Final Approval, proposed Order of Final Approval, and the associated proposed Judgment shall be sent to Defendants' counsel for review. Class Counsel shall give Defendants' counsel two (2) weeks to review and suggest reasonable revisions (with the Parties to confer in good faith on proposed revisions) before their filing with the Court in connection with the Final Approval Hearing.

7.3.2.  Prior to the Final Approval Hearing, concurrent with or prior to the filing of the Motion for Final Approval, Class Counsel shall file a Motion for Approval of Attorneys' Fees and Costs and seeking the proposed Service Payments to the Class Representatives as set forth in the Stipulation. The Class Representatives and Class Counsel agree that they shall be responsible for justifying the amount of the Service Payments and attorneys' fees and costs to the Court, and they agree to submit, as appropriate, the necessary materials to justify these payments. Defendants will not oppose the amount of the Service Payments and attorneys' fees and costs sought as long as they are consistent with the Stipulation. If the Court (or any appellate court) awards less than the amount requested for attorneys' fees and/or costs, or less than the amount requested for the Service Payments for the Class Representatives, only the awarded amounts shall be paid and shall constitute satisfaction of the obligations of Defendants under this Stipulation, and the unawarded amounts shall be added to the NSA for calculation of Participating Class Members' Total Settlement Payments.

7.3.3.  If an order by the Court or in any appellate proceeding results in an order materially modifying, setting aside, or vacating any portion of the Stipulation, with the exception of any modification of the amount of attorneys' fees or costs to be paid to Class Counsel, or the amount of the Service Payments paid to the Class Representatives, any Party adversely impacted by the order shall have the right, at its sole discretion, to treat such order as an event voiding the Settlement and preventing the Date of Final Judgment. To exercise this right, the Party must inform the other Party and the Settlement Administrator, in writing, of the exercise of this right, within ten (10) business days of receiving notice of any order meeting the conditions set forth above. Before either Party elects to exercise its right to treat such order as an event permanently preventing the Date of Final Judgment, that Party must meet and confer in good faith with the other Party to determine if an agreement can be reached modifying this Settlement to the mutual satisfaction of

Doc ID: 4c400a9d6207f4495d20ac570ccc41135464b71f

the Parties along with any necessary court approval.

      7.3.4.   Defendants may withdraw from Settlement if any of the following occur:  (a) 10% or more Class Members opt out of the Settlement; (b) the Settlement is construed in such a fashion that Defendants are required to pay more than the GSA (other than Defendants' 50% share of employer payroll taxes that is to be paid in addition to the GSA); (c) the Court does not approve the Released Claims as set forth in the Settlement; or (d) Plaintiffs breach this Stipulation.  In the event that Defendants exercise their right to withdraw and in the absence of a breach by Plaintiffs or their counsel, Defendants shall be solely responsible for all costs of the Settlement Administrator accrued to that point.

      7.3.5.   If the Date of Final Judgment does not occur, or if this Stipulation is terminated or canceled pursuant to its terms, the Parties to this Stipulation shall be deemed to have reverted to their respective status as of the date and time immediately prior to the execution of this Stipulation.  In such an event, if the Stipulation is not approved by the Court substantially in the form agreed to by the Parties, or if the Settlement set forth in the Stipulation is terminated, cancelled, declared void, or fails to become effective in accordance with its terms, or if the Date of Final Judgment does not occur, or if the Final Approval Date does not occur, this Stipulation (except for those provisions relating to non-admission, denial of liability set forth above, and the confidentiality agreements entered into by the Parties) shall be deemed null and void, its terms and provisions shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated *nunc pro tunc*. Notwithstanding any other provision of this Stipulation, no order of the Court, modification, or reversal on appeal of any order of the Court, reducing the amount of any attorneys' fees or costs to be paid by Defendants to Class Counsel, or reducing the amount of the Service Payments paid to the Class Representatives, shall constitute grounds for cancellation or termination of the Stipulation, or grounds for limiting any other provision of the Judgment.

      7.4.   <u>Funding and Distribution of the Settlement</u>

      7.4.1.  Within three (3) business days after the Date of Final Judgment, the Settlement Administrator shall send to Defendant's Counsel electronic wiring instructions and

Doc ID: 4c400a9d6207f4495d20ac570ccc41135464b71f

confirmation of the amount to be wired in order to fund the GSA into the QSF set up, held, and controlled by the Settlement Administrator that qualifies as a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1 *et seq.*

7.4.2.   By the Funding Date, *i.e.*, thirty (30) calendar days following Defendant's receipt of electronic wiring instructions from the Settlement Administrator after the Date of Final Judgment, Defendants shall pay the GSA and employer's share of payroll taxes calculated by the Settlement Administrator.

7.4.3.   Within ten (10) calendar days after Defendants fund the QSF, the Settlement Administrator shall issue and mail Settlement Payments to Participating Class Members in the form of a check which shall become null and void if not deposited within 180 calendar days of mailing. Within ninety (90) calendar days remaining, a reminder letter (Exhibit Dherein) will be sent via U.S. mail to those who have not yet cashed their settlement check, and during the last sixty (60) days of the check cashing period, a call will be placed to those that have still not cashed their check to remind them to do so.  If a Participating Class Member fails to cash or deposit his/her settlement check within 180 days of mailing, including if a Settlement Payment is returned undeliverable and a valid mailing address cannot be ascertained, his/her Settlement Payment shall be sent to the State of Oregon's or State of Washington's, respectively, Unclaimed Property Fund in the name of the Participating Class Member.  Participating Class Members who fail to cash their check within 180 calendar days of mailing will still be bound by the Settlement, including the Released Claims.

7.4.4.   Within three (3) calendar days after Defendants fund the QSF, the Settlement Administrator shall pay the Court-approved attorneys' fees and costs to Class Counsel or a trust account designated by Class Counsel.  Class Counsel shall provide to the Settlement Administrator, with a copy to Defendants, the pertinent taxpayer identification number and IRS Form W-9 within seven (7) calendar days after the Funding Date.  Notwithstanding, if as of the Funding Date, there is any ongoing proceeding or appeal pertaining solely to the award of Court-approved attorneys' fees and costs to Class Counsel, then such payment will be delayed until fourteen (14) calendar days after the entry of a final non-appealable ruling and/or judgment concerning Court-approved attorneys' fees and costs to Class Counsel.

Doc ID: 4c400a9d6207f4495d20ac570ccc41135464b71f

7.4.5.   Within three (3) calendar days after Defendants fund the QSF, the Settlement Administrator shall send checks by mail for the Court-approved Service Payments directly to the Class Representatives.  Notwithstanding, if as of the Funding Date, there is any ongoing proceeding or appeal pertaining solely to Court-approved Service Payments to the Class Representatives, then such payments will be delayed until fourteen (14) calendar days after the entry of a final non-appealable ruling and/or judgment concerning the Court-approved Service Payments to the Class Representatives.

## 8.    **MISCELLANEOUS PROVISIONS**

8.1.    Each of the Parties has entered into this Stipulation with the intention to avoid further disputes and litigation with the attendant inconvenience, expenses, and contingencies.

8.2.    The Parties agree to cooperate fully with one another to accomplish and implement the terms of this Settlement.  Such cooperation shall include, but not be limited to, execution of such other documents and the taking of such other action as may reasonably be necessary to fulfill the terms of this Settlement.  The Parties to this Settlement shall exercise reasonable efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by Court order, or otherwise, to effectuate this Settlement and the terms set forth herein.

8.3.    Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the date of receipt by email or first-class mail, addressed as follows:

To the Class:

Dana L. Sullivan
BUCHANAN ANGELI
ALTSCHUL & SULLIVAN LLP
921 SW Washington Street, Suite 516
Portland, Oregon 97205
Tel:  (503) 974-5023; Fax: (971) 230-0337
dana@baaslaw.com

Carolyn H. Cottrell
Robert E. Morelli, III
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel:  (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
rmorelli@schneiderwallace.com

Doc ID: 4c400a9d6207f4495d20ac570ccc41135464b71f

To Defendants:

Kathy H. Gao
Anahi Cruz
Morgan, Lewis and Bockius LLP
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071
kathy.gao@morganlewis.com
anahi.cruz@morganlewis.com

8.4.    Plaintiffs and Class Counsel agree not to disclose the terms of this Settlement until this Stipulation is filed in court.  At any time, Plaintiffs and Class Counsel shall not issue a press release, hold a press conference, publish information about the Settlement or this Stipulation on any website or other public medium or forum, or otherwise publicize the Settlement or this Stipulation (except for filing this Stipulation in Court and filing papers to obtain court approval of the Settlement).  At any time, Plaintiffs and Class Counsel agree not to respond to any press inquiries, except to refer the inquirer to the filed Stipulation.  Class Counsel can discuss the Settlement with Class Members that contact Class Counsel's office about the Settlement.

8.5.    Neither Class Counsel nor any other attorneys acting for, or purporting to act for, the Class, Class Members, Opt-In Class Members, or Plaintiffs, may recover or seek to recover any amounts for attorneys' fees, costs, or disbursements from the Released Parties or the Gross Settlement Amount except as expressly provided herein.

8.6.    Plaintiffs represent that they have not participated in or encouraged the bringing of any claims against Defendants by any of Defendants' current or former employees that are not covered by the Class Members' Released Claims.  Class Counsel, with the exception of Dana Sullivan of Buchanan Angeli Altschul & Sullivan LLP, represents that they do not currently represent any person or persons who have filed any other pending claims, complaints, or grievances against Defendants and/or the Releasees, or who are considering filing any claims, complaints, or grievances against Defendants and/or the Releasees, and are not aware of any individuals who are planning to bring any claims, charges, complaints, or other matters against Defendants.  By making this representation, Class Counsel is not restricting their right to represent future clients in any matter against Defendants.  Class Counsel also represents that Class Counsel has not used any

23

Doc ID: 4c400a9d6207f4495d20ac570ccc41135464b71f

information obtained from the Settlement to solicit or assist any other persons or attorneys to commence a claim or proceeding against Defendants.

8.7.    This Agreement upon its full execution constitutes the entire settlement agreement between the Parties hereto and no representations, warranties, or inducements have been made to any Party concerning the Stipulation or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each Party shall bear his or its own costs.  Defendants' complete obligations are detailed herein, and the Parties agree and understand that there shall be no injunctive relief included as part of any term of the Settlement.

8.8.    This Stipulation may not be changed, altered, or modified, except in writing signed by the Parties hereto and approved by the Court.  This Stipulation may not be discharged except by performance in accordance with its terms or by a writing used by the Parties hereto.

8.9.    If any provision of this Stipulation or the application thereof is held invalid, such invalidation shall not affect other provisions or applications of this Stipulation (except as otherwise expressly provided herein) and to this end the provisions of this Stipulation are declared to be severable (except as otherwise provided).

8.10.    This Stipulation shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors, and assigns.

8.11.    Plaintiffs represent that they have not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein of any claims covered by the Class Representatives' Released Claims.

8.12.    Because the members of the Class are so numerous, the Parties agree that it is impossible or impractical to have each Class Member sign this Stipulation.  It is agreed that, for purposes of seeking approval of this class action Settlement, this Stipulation may be executed on behalf of Class Members by Class Counsel.

8.13.    This Stipulation shall become binding upon its execution by all of the undersigned, subject to Court approval as provided herein.  This Stipulation may be executed in one or more counterparts by facsimile, electronic signature, or email which for purposes of this agreement shall be accepted as an original.  All executed counterparts and each of them will be deemed to be one

24

and the same instrument. Any executed counterpart will be admissible in evidence to prove the existence and contents of this agreement.

8.14.    The rights and obligations of the Parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of Oregon, without regard to principles of conflict of laws.

8.15.    The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Stipulation, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.  Any action to enforce this Stipulation shall be commenced and maintained only in the Court.  To the extent any Party seeks to enforce the terms of this Settlement or this Stipulation in Court, the prevailing party to any such action shall be entitled to recover reasonable attorneys' fees and costs associated with any such enforcement action.

8.16.    Paragraph titles or captions contained in the Stipulation are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Stipulation, or any provision thereof.

8.17.    This Stipulation shall be construed and interpreted as if all of its language were prepared jointly by the Parties.  No language in this Stipulation shall be construed against a Party on the ground that such Party drafted or proposed that language.

8.18.    Each attorney signing below represents that he or she has been authorized to execute this Stipulation on behalf of the attorney's respective client(s).  Class Counsel, on behalf of the Settlement Class, represents that, after consultation with and approval by the Class Representatives, Class Counsel is expressly authorized by Class Representatives to take all appropriate action required or permitted to be taken pursuant to the Stipulation to effect its terms, and also is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class, which Class Counsel deems appropriate.  Similarly, Defendants' counsel represents that they are expressly authorized to take all appropriate action required or permitted to be taken by Defendants pursuant to the Stipulation to effect its terms, and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of Defendants which they deem appropriate.

Doc ID: 4c400a9d6207f4495d20ac570ccc41135464b71f

IN WITNESS WHEREOF, this Joint Stipulation of Class and Collective Action Settlement is executed by the Parties and their duly authorized attorneys, as of the day and year herein set forth.

**IT IS SO STIPULATED**.

**NAMED PLAINTIFF:**

DATED: 08 / 03 / 2024          By: _____
                                    Julianne Hunter

**NAMED PLAINTIFF:**

DATED: 08 / 02 / 2024          By: _____
                                    Mya Blum

**DEFENDANTS:**

DATED: _____, 2024   By: _____
                                    Legacy Health, Legacy Emanuel Medical Center,
                                    Legacy Emanuel Hospital & Health Center,
                                    Legacy Health Partners, LLC, Randall Children's
                                    Hospital at Legacy Emanuel, and Legacy Salmon
                                    Creek Hospital

**CLASS COUNSEL AS TO FORM
AND CONTENT:**

DATED: __August 5_____, 2024   By: _____
                                    Schneider Wallace Cottrell Konecky, LLP

**CLASS COUNSEL AS TO FORM
AND CONTENT:**

DATED: ___August 5_____, 2024   By: _____
                                    Buchanan Angeli Altschul & Sullivan LLP

*Attorney for Named Plaintiffs & the Settlement Class*

26

**IT IS SO STIPULATED**.

**NAMED PLAINTIFF:**

DATED: _____, 2024          By: _____
                                           Julianne Hunter

**NAMED PLAINTIFF:**

DATED: _____, 2024          By: _____
                                           Mya Blum

**DEFENDANTS:**

DATED: 8/5/2024 , 2024          By: _____
                                           Legacy Health, Legacy Emanuel Medical Center,
                                           Legacy Emanuel Hospital & Health Center,
                                           Legacy Health Partners, LLC, Randall Children's
                                           Hospital at Legacy Emanuel, and Legacy Salmon
                                           Creek Hospital

**CLASS COUNSEL AS TO FORM
AND CONTENT:**

DATED: _____, 2024          By: _____
                                           Schneider Wallace Cottrell Konecky, LLP

**CLASS COUNSEL AS TO FORM
AND CONTENT:**

DATED: _____, 2024          By: _____
                                           Buchanan Angeli Altschul & Sullivan LLP

*Attorney for Named Plaintiffs & the Settlement Class*

EXHIBIT A

**COURT-APPROVED NOTICE OF CLASS ACTION SETTLEMENT AND HEARING DATE FOR FINAL COURT APPROVAL**

*JULIANNE HUNTER and MYA BLUM, individually, and on behalf of other members of the general public similarly situated,*
*v*
*LEGACY HEALTH, LEGACY EMANUEL MEDICAL CENTER, LEGACY EMANUEL HOSPITAL & HEALTH CENTER, LEGACY HEALTH PARTNERS, LLC, RANDALL CHILDREN'S HOSPITAL AT LEGACY EMANUEL,*

United States District Court for the District of Oregon, No. Case No.  3:18-CV-02219-AR

***The United States District Court for the District of Oregon and all parties to the case authorized this Notice.  Read it carefully! It's not junk mail, spam, an advertisement, or solicitation by a lawyer.  You are not being sued.***

**YOUR LEGAL RIGHTS MAY BE AFFECTED WHETHER YOU ACT OR DO NOT ACT.  PLEASE READ THIS NOTICE CAREFULLY.**

**You may be eligible to receive money** from an employee class action lawsuit ("Action") against Legacy Health, Legacy Emanuel Medical Center, Legacy Emanuel Hospital & Health Center, Legacy Health Partners, LLC, Randall Children's Hospital at Legacy Emanuel, ("Legacy") for alleged wage and hour violations.  The Action was filed by former Legacy employee Julianne Hunter, and she and Mya Blum ("Plaintiffs") serve as class representatives and seek payment of back wages and other relief for a class of non-exempt employees ("Class Members") who worked for Legacy from December 26, 2012 through  (Preliminary Approval Date).

The proposed Class Settlement requires Legacy to fund Individual Class Payments. Based on Legacy's records, and the Parties' current assumptions, **your Individual Class Payment is estimated to be $_____ (less withholding).** The actual amount you may receive may be different and will depend on a number of factors. These above estimates are based on Legacy's records showing that you worked ____ workweeks during the Auto-Deduct Period (from Dec. 26, 2012 to June 13, 2015) and ___ workweeks during the non-Auto-Deduct Period (from June 14, 2015 through Preliminary Approval Date).  If you believe that you worked more workweeks during either period, you can submit a challenge by the deadline date.  See Section 5 of this Notice.

The Court has already preliminarily approved the proposed Settlement and approved this Notice.  The Court has not yet decided whether to grant final approval.  Your legal rights are affected whether you act or not act.  **READ THIS NOTICE CAREFULLY**.  You will be deemed to have carefully read and understood it.  At the Final Approval Hearing, the Court will decide whether to finally approve the Settlement and how much of the Settlement will be paid to Plaintiffs and Plaintiffs' attorneys ("Class Counsel").  The Court will also decide whether to enter a judgment that requires Legacy to make payments under the Settlement and requires Class Members to give up their rights to assert certain claims against Legacy.

If you worked for Legacy during the Class Period, you have two basic options under the Settlement:

1. **Do Nothing**.  You don't have to do anything to participate in the proposed Settlement and be eligible for an Individual Class Payment.  As a Participating Class Member, though, you will give up your right to assert Class Period wage and hour claims against Legacy.

2. **Opt-Out of the Class Settlement**.  You can exclude yourself from the Class Settlement (opt-out) by submitting the written Request for Exclusion or otherwise notifying the Administrator in

writing.  If you opt-out of the Settlement, you will not receive an Individual Class Payment.  You will, however, preserve your right to personally pursue Class Period wage claims against Legacy.

**LEGACY will not retaliate against you for any actions you take with respect to the proposed Settlement.**

### SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **You Don't Have to Do Anything to Participate in the Settlement** | If you do nothing, you will be a Participating Class Member, eligible for an Individual Class Payment. In exchange, you will give up your right to assert the wage claims against Legacy that are covered by this Settlement (Released Claims). |
| **You Can Opt-out of the Class Settlement**<br><br>**The Opt-out Deadline is** _____ | If you do not want to fully participate in the proposed Settlement, you can opt-out of the Class Settlement by sending the Administrator a written Request for Exclusion.  Once excluded, you will be a Non-Participating Class Member and no longer eligible for an Individual Class Payment.  Non-Participating Class Members cannot object to any portion of the proposed Settlement.  See Section 7 of this Notice. |
| **Participating Class Members Can Object to the Class Settlement**<br><br>**Written Objections Must be Submitted by** _____ | All Class Members who do not opt-out ("Participating Class Members") can object to any aspect of the proposed Settlement. The Court's decision whether to finally approve the Settlement will include a determination of how much will be paid to Class Counsel and Plaintiffs who pursued the Action on behalf of the Class.  You are not personally responsible for any payments to Class Counsel or Plaintiffs, but every dollar paid to Class Counsel and Plaintiffs reduces the overall amount paid to Participating Class Members.  You can object to the amounts requested by Class Counsel or Plaintiffs if you think they are unreasonable.  See Section **8** of this Notice. |
| **You Can Participate in the** _____ **Final Approval Hearing** | The Court's Final Approval Hearing is scheduled to take place on _____ at _____ **[a.m./p.m.].**  You do not have to attend but you do have the right to appear (or hire an attorney to appear on your behalf at your own cost), in person, by telephone or by using the Court's virtual appearance platform.  Participating Class Members can verbally object to the Settlement at the Final Approval Hearing. See Section **9** of this Notice. |
| **You Can Challenge the Calculation of Your Workweeks/Pay Periods**<br><br>**Written Challenges Must be Submitted by** _____ | The amount of your Individual Class Payment depend on how many workweeks you worked at least one day during the Class Period. The number Class Period Workweeks you worked according to Legacy's records is stated on the first page of this Notice.  If you disagree with either of these numbers, you must challenge it by contacting the Administrator.  See Section **5** of this Notice. |

1.     **WHY DID I GET THIS NOTICE?**

A proposed class action settlement (the "Settlement") of the above-captioned action pending in the United States District Court for the District of Oregon (the "Court"), has been reached between Plaintiffs and Legacy and has been granted preliminary approval by the Court.  You may be entitled to receive money from this Settlement.

You have received this Class Notice because you have been identified as a member of the Class, which is defined as patient care workers who worked for Legacy from December 26, 2012 through (Preliminary Approval Date).

The "Class Period" is December 26, 2012 through (Preliminary Approval Date).

2.     **WHAT IS THE ACTION ABOUT?**

Plaintiffs are former Legacy employees. The Action accuses Legacy of violating Federal, Oregon, and Washington labor laws by failing to pay all wages, including overtime, for time patient care employees worked during their unpaid meal periods and before or after their shift times. Plaintiffs also claim that Legacy employed an automatically deducted meal break policy for a period of time in Oregon that exacerbated said violations.

Legacy strongly denies violating any laws or failing to pay any wages and contends it complied with all applicable laws. Specifically, Legacy contends that Plaintiff and the Class Members were, at all times, properly compensated for wages under all Federal and state law. Legacy also maintains that this Action cannot be maintained as a class or representative action.

3.     **WHAT DOES IT MEAN THAT THE ACTION HAS SETTLED?**

So far, the Court has made no determination whether Legacy  or Plaintiffs are correct on the merits.  In the meantime, Plaintiffs and Legacy hired an experienced, neutral mediator in an effort to resolve the Action by negotiating an end to the case by agreement (settle the case) rather than continuing the expensive and time-consuming process of litigation.  The negotiations were successful.  By signing a lengthy written settlement agreement ("Agreement") and agreeing to jointly ask the Court to enter a judgment ending the Action and enforcing the Agreement, Plaintiffs and Legacy negotiated a proposed Settlement that is subject to the Court's Final Approval.  Both sides agree the proposed Settlement is a compromise of disputed claims. Accordingly, the Settlement constitutes a compromise of disputed claims and should not be construed as an admission of liability on the part of Legacy, who expressly denies all liability.

The Court preliminarily approved the proposed Settlement and authorized this Notice, and scheduled a hearing to determine Final Approval.

4.     **WHAT ARE THE IMPORTANT TERMS OF THE PROPOSED SETTLEMENT?**

"Gross Settlement Amount" $14,500,000.00 which is the total amount Legacy agrees to pay under the Settlement, except as to half of their share of employer payroll taxes owed on the Wage Portions of the Individual Class Payments.

Class Representative Service Payment to the Class Representative of not more than $25,000.00 each to Plaintiffs Hunter and Blum.

An Administrator Expenses Payment not to exceed $69,000.00 except for a showing of good cause and as approved by the Court.

Release by Participating Class Members:  For the period from December 26, 2012 through the Preliminary Approval Date, any and all wage and hour claims, obligations, demands, actions, rights, causes of action, and liabilities (including state statutory and common law claims), based on any theory whatsoever against the Released Parties, that was alleged in the First Amended Complaint, arising out of the facts alleged in the First Amended Complaint, or that could have been alleged in the First Amended Complaint based on such facts including, but not limited to, failure to pay minimum wages, failure to pay overtime wages, improper automatic time deductions, unlawful deductions from wages, failure to pay all wages due upon separation of employment, rounding, off-the-clock work, failure to provide and/or ensure any and all meal and rest periods (and any and all other meal and/or rest period violation claims and theories), willful refusal to pay wages, failure to provide accurate itemized employee wage statements, any and all common law or equitable claims arising out of or related to the facts alleged in the First Amended Complaint, and any and all claims for damages, penalties (including civil, statutory, and/or wage penalties), liquidated damages, declaratory relief, interest, attorneys' fees, litigation costs, restitution, equitable relief, or additional damages which allegedly arise from the claims described above under any applicable law.

Class Members who cash their settlement check will be deemed to have opted into the Action and, along with all Opt-In Class Members, will be deemed to have released any and all claims under the FLSA under any theory whatsoever. Class members who do not cash their settlement check and who do not opt-out of the settlement are still deemed Participating Class Members, but are not Participating Opt-In Class Members. The settlement checks shall include the following opt-in and release language on the back of each Settlement Payment check:

> By signing, cashing, and/or depositing this check, I am opting into the case captioned *Hunter et al.* v. *Legacy Health et al.*, U.S. District Court, District of Oregon, Case No. 3:18-cv-02219, and I affirm my release of Legacy Health, Emanuel Hospital & Health Center, and all other Released Parties from the Class Members' Released Claims as defined in the Settlement Agreement approved by the Court.

The "Released Parties" are Legacy Health, Legacy Emanuel Medical Center, Legacy Emanuel Hospital & Health Center, Legacy Health Partners, LLC, Randall Children's Hospital at Legacy Emanuel, Legacy Salmon Creek Hospital, and all affiliated parties and entities (including their respective past and present affiliates, parents, subsidiaries, predecessors, owners, successors, investors, shareholders, divisions, and each of these entities' respective past and present directors, officers, managing agents, employees, partners, benefit plans, shareholders, attorneys, and representatives).

This means that, if you do not timely and formally exclude yourself from the Settlement, you cannot sue, continue to sue, or be part of any other lawsuit against Legacy  of the Released Parties about the Released Class Claims resolved by this Settlement.  It also means that all of the Court's orders in the Actions will apply to you and legally bind you.

No Admission of Liability, Class Certification or Representative Manageability for Other Purposes. This Agreement represents a compromise and settlement of highly disputed claims. Nothing in this Agreement is intended or should be construed as an admission by Legacy that any of the allegations in the Operative Complaint have merit or that Legacy has any liability for any claims asserted; nor should it be intended or construed as an admission by Plaintiffs that Legacy's defenses in the Action have merit. The Parties agree that class certification and representative treatment is for purposes of this Settlement only. If, for any reason the Court does not grant Preliminary Approval, Final Approval or enter Judgment, Legacy reserves the right to contest certification of any class for any reason, and Legacy reserves all available defenses to the claims in the Action, and Plaintiffs reserve the right to move for class certification on any grounds available and to contest Legacy's defenses. The

4

Settlement, this Agreement and Parties' willingness to settle the Action will have no bearing on, and will not be admissible in connection with, any litigation (except for proceedings to enforce or effectuate the Settlement and this Agreement).

No Tax Advice. Neither Plaintiffs, Class Counsel, Legacy, nor Legacy's Counsel are providing any advice regarding taxes or taxability, nor shall anything in this Settlement be relied upon as such within the meaning of United States Treasury Department Circular 230 (31 CFR Part 10, as amended) or otherwise.

## 5.    HOW WILL THE ADMINISTRATOR CALCULATE MY PAYMENT?

Individual Class Payments.  When calculating the individual Settlement Payments to Participating Class Members following Final Approval (for purposes of preparing individual Settlement Payment checks), the Settlement Administrator will not include Class Members who validly request exclusion from the Settlement. For each week during which the Participating Class Member performed work for Defendants during the Class Periods, he or she shall be eligible to receive a pro rata portion of the Net Settlement Amount.

To reflect the varying value of the state law claims and different statutes of limitation, each workweek during which work was performed in the Class Periods in the Auto Deduct Period in Oregon will be equal to six (6) additional settlement shares, and in the non-Auto Deduct period will be equal to three (3) additional settlement shares.  Opt-In Class Members shall be entitled to an additional one (1) settlement share for each workweek credited, regardless of whether the work was performed in Washington or Oregon.

The total number of settlement shares for all Participating Class Members will be added together and the resulting sum will be divided into the Net Settlement Amount to reach a per share dollar figure.  That figure will then be multiplied by each Participating Class Member's number of settlement shares to determine the Participating Class Member's pro rata portion of the Net Settlement Amount ("Settlement Payment").

Workweek/Pay Period Challenges.  The number of Class Workweeks you worked during the Class Period, as recorded in Legacy's records, are stated in the first page of this Notice.  You have until _____ to challenge the number of Workweeks credited to you.  You can submit your challenge by signing and sending a letter to the Administrator via mail, email or fax.  Section 9 of this Notice has the Administrator's contact information.

You need to support your challenge by sending copies of pay stubs or other records.  The Administrator will accept Legacy's calculation of Workweeks based on Legacy's records as accurate unless you send copies of records containing contrary information.  You should send copies rather than originals because the documents will not be returned to you.  The Administrator will resolve Workweek challenges based on your submission and on input from Class Counsel (who will advocate on behalf of Participating Class Members) and Legacy's Counsel. The Administrator's decision is final.  You can't appeal or otherwise challenge its final decision.

## 6.    HOW WILL I GET PAID?

Participating Class Members.  The Administrator will send, by U.S. mail, a single check to every Participating Class Member (i.e., every Class Member who does not opt-out).

**Your check will be sent to the same address as this Notice.  If you change your address, be sure to notify the Administrator as soon as possible.  Section 10 of this Notice has the Administrator's contact information.**

## 7.    HOW DO I OPT-OUT OF THE CLASS SETTLEMENT?

If you do not wish to participate in the Settlement, you may exclude yourself from the Class portion of the Settlement or "opt out."  If you opt out, you will not receive an Individual Class Payment from the Settlement,

and you will not be bound by its terms, which means you will retain the right to sue Legacy for the Released Class Claims.

To opt out, you must submit to the Administrator a written, signed and dated request to opt-out postmarked no later than the Response Deadline which is _____. You may also fax your request to opt out to _____ or email the dispute to _____ by no later than the Response Deadline. Be sure to personally sign your request, state that you wish to be excluded from class settlement in *Hunter et. al. v. Legacy Health et. al.*, No 3:18-cv-02219-AR and include your identifying information (full name, address, e-mail address, telephone number, approximate dates of employment). You must make the request yourself. If someone else makes the request for you, it will not be valid.

The address for the Administrator, CPT Group Inc., can be found in Section 10 of this Notice. Written requests for exclusion that are postmarked after _____, or are incomplete or unsigned will be rejected, and those Class Members will remain bound by the Settlement and the release described above.

## 8.    HOW DO I OBJECT TO THE SETTLEMENT?

Only Participating Class Members have the right to object to the Settlement. Before deciding whether to object, you may wish to see what Plaintiffs and Legacy are asking the Court to approve. At least ___ days before the ___ Final Approval Hearing, Class Counsel and/or Plaintiffs will file in Court (1) a Motion for Final Approval that includes, among other things, the reasons why the proposed Settlement is fair, and (2) a Motion for Fees, Litigation Expenses and Service Award stating (i) the amount Class Counsel is requesting for attorneys' fees and litigation expenses; and (ii) the amount Plaintiffs are requesting as a Class Representative Service Award. Upon reasonable request, Class Counsel (whose contact information is in Section 10 of this Notice) will send you copies of these documents at no cost to you. You can also view them on the Administrator's Website at _____.

A Participating Class Member who disagrees with any aspect of the Agreement, the Motion for Final Approval and/or Motion for Fees, Litigation Expenses or Service Award, may wish to object, for example, that the proposed Settlement is unfair, or that the amounts requested by Class Counsel or Plaintiffs are too high or too low. **The deadline for sending written objections to the Administrator is ___.** You may also fax the dispute to _____ or email the dispute to _____ by no later than this Response Deadline. Be sure to tell the Administrator what you object to, why you object, and any facts that support your objection. Make sure you identify the Action as *Hunter et. al. v. Legacy Health et. al.*, No 3:18-cv-02219-AR, and include your name, current address, telephone number and/or email address, and approximate dates of employment for Legacy and sign the objection. Section 10 of this Notice has the Administrator's contact information.

Alternatively, a Participating Class Member can object (or personally retain a lawyer to object at your own cost) by attending the Final Approval Hearing. You (or your attorney) should be ready to tell the Court what you object to, why you object, and any facts that support your objection. See Section 9 of this Notice (immediately below) for specifics regarding the Final Approval Hearing.

## 9.    CAN I ATTEND THE FINAL APPROVAL HEARING?

You can, but do not have to, attend the Final Approval Hearing on _____ at _____. At the Hearing, the judge will decide whether to grant Final Approval of the Settlement and how much of the Gross Settlement will be paid to Class Counsel, Plaintiffs, and the Administrator. The Court will invite comment from objectors, Class Counsel and Defense Counsel before making a decision. Check the Court's website for the most current information.

It is possible the Court will reschedule the Final Approval Hearing. You should check the Administrator's

website beforehand or contact Class Counsel to verify the date and time of the Final Approval Hearing.

**10.    HOW CAN I GET MORE INFORMATION?**

The Agreement sets forth everything Legacy and Plaintiffs have promised to do under the proposed Settlement.  The easiest way to read the Agreement, the Judgment or any other Settlement documents is to go to ___'s (specify entity) website at ___(url). You can also telephone or send an email to Class Counsel or the Administrator using the contact information listed below.

**DO NOT TELEPHONE THE SUPERIOR COURT TO OBTAIN INFORMATION ABOUT THIS SETTLEMENT.**

Carolyn H. Cottrell                                  Settlement Administrator: CPT Group, Inc.
Ori Edelstein                                            Name of Company:
Robert E. Morelli, III                               Email Address:
SCHNEIDER WALLACE                          Mailing Address:
COTTRELL KONECKY LLP                      Telephone:
2000 Powell Street, Suite 1400               Fax Number:
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
rmorelli@schneiderwallace.com

Dana L. Sullivan
BUCHANAN ANGELI
ALTSCHUL & SULLIVAN LLP
921 SW Washington Street, Suite 516
Portland, Oregon 97205
Tel:  (503) 974-5023; Fax: (971) 230-0337
dana@baaslaw.com

**11.    WHAT IF I LOSE MY SETTLEMENT CHECK?**

If you lose or misplace your settlement check before cashing it, the Administrator will replace it as long as you request a replacement before the void date on the face of the original check.  If your check is already void you should consult the Unclaimed Property Fund in the state where you worked for Legacy, available at _____ for instructions on how to retrieve the funds.

**12.    WHAT IF I CHANGE MY ADDRESS?**

To receive your check, you should immediately notify the Administrator if you move or otherwise change your mailing address.

**PLEASE DO <u>NOT</u> CONTACT THE CLERK OF THE COURT, THE JUDGE, LEGACY OR LEGACY'S COUNSEL FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIMS PROCESS.  YOU MAY, HOWEVER, CALL ANY OF THE CLASS COUNSEL LISTED ABOVE OR THE ADMINISTRATOR.**