# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON
# PORTLAND DIVISION

| | |
|---|---|
| JULIANNE HUNTER and MYA BLUM, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LEGACY HEALTH, LEGACY EMANUEL MEDICAL CENTER, LEGACY EMANUEL HOSPITAL & HEALTH CENTER, LEGACY HEALTH PARTNERS, LLC, RANDALL CHILDREN'S HOSPITAL AT LEGACY EMANUEL,<br><br>Defendants. | Case No.  3:18-CV-02219-AR<br><br>CLASS AND COLLECTIVE ACTION<br><br>**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT** |

The Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement ("Motion"), filed by Plaintiffs Julianne Hunter and Mya Blum, came for hearing in the above-captioned court, the Honorable Jeff Armistead presiding. Defendants do not oppose the Motion.

In the operative First Amended Complaint, Plaintiffs allege that Defendants violated federal, Oregon, and Washington labor law with respect to a group of 17,037 of Defendants' current and former hourly, non-exempt patient care workers. Throughout the relevant time period, Plaintiffs allege that Defendants violated the law by improperly deducting time from these employees' pay and by failing to pay them regular and overtime wages for all hours worked during unpaid breaks and before and after shifts.

After nearly six years of litigation, including formal and informal discovery, the parties participated in a full-day mediation session before Hon. Patrick J. Walsh (Ret.) in an attempt to resolve the claims. Following the mediation, the parties reached a global settlement that resolves all of the claims in this action as to the Class and Collective members. The parties then extensively negotiated, drafted, and executed a Joint Stipulation of Class and Collective Action Settlement ("Settlement").

A hearing was held before this Court on September 17, 2024 for the purpose of determining whether the proposed Settlement is within the range of possible approval, if the proposed Class Notices to the Class are appropriate, and whether a formal fairness hearing, also known as a final approval hearing, should be scheduled. Appearing at the hearing was Schneider Wallace Cottrell Konecky LLP ("SWCK") for Plaintiffs and Class and Collective members.

Having reviewed the papers and documents presented, having heard the statements of counsel, and having considered the matter, the Court HEREBY ORDERS as follows:

1. The Court hereby GRANTS preliminary approval of the terms and conditions contained in the Settlement, attached as Exhibit 1 to the Declaration of Carolyn H. Cottrell. The Court preliminary finds the terms of the Settlement appear to be within the range of

possible approval, pursuant to Federal Rule of Civil Procedure 23 and all applicable law.

2. The Court finds on a preliminary basis that: (1) the settlement amount is fair and reasonable as to the Class members when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues; (2) significant discovery, investigation, research, and litigation have been conducted such that counsel for the parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4) the proposed Settlement has been reached as the result of intensive, serious, and non-collusive negotiations between the parties. Accordingly, the Court preliminarily finds the Settlement was entered into in good faith.

3. However, as the Court and the Parties discussed at the September 17, 2024 hearing, the Court ORDERS the Settlement modified insofar as Paragraph 7.2.4 of the Settlement Agreement shall provide that Class Members, except Plaintiffs, will have forty-five (45) calendar days from the date of mailing the Notices of Settlement within which to file an objection to the Settlement. Further, Paragraph 7.2.5 of the Settlement Agreement shall provide that Class Members, except Plaintiffs, will have forty-five (45) calendar days from the date of mailing the Notices of Settlement within which to opt-out of and be excluded from the Settlement.

4. The Court hereby GRANTS conditional certification of the following provisional Classes, in accordance with the Settlement, for the purposes of this Settlement only.

    A. The Oregon Class is defined as: all current and former hourly, non-exempt employees, including but not limited to nurses, nursing aides, nursing assistants, or other employees with similar job duties employed by Defendants in Oregon at any time from December 26, 2012 until resolution of this Action.

    B. The Washington Class is defined as: all current and former hourly, non-exempt employees, including but not limited to nursing staff, nursing aides, nursing assistants, or other employees with similar job duties employed by Defendants in Washington at any time starting three years prior to the filing of the Original Complaint until resolution of this Action.

5. The Court hereby GRANTS Approval of the terms and conditions contained in the Settlement as to the FLSA Collective. The Court finds the terms of the Settlement are within the range of possible approval, pursuant to the Fair Labor Standards Act ("FLSA") and applicable law.

6. The Court finds that: (1) the settlement amount is fair and reasonable to the FLSA Collective members when balanced against the probable outcome of further litigation relating to certification, liability and damages issues, and potential appeals; (2) significant discovery, investigation, research, and litigation have been conducted such that counsel for the parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4) the proposed Settlement has been reached as the result of intensive, serious, and non-collusive negotiations between the parties. Accordingly, the Court finds that the Settlement was entered into in good faith.

7. The Court hereby authorizes the retention of CPT Group, Inc. as Settlement Administrator for the purpose of the Settlement, with reasonable administration costs estimated not to exceed $69,000.00.

8. The Court hereby conditionally appoints SWCK and Buchanan Angeli Altschul & Sullivan LLP ("BAAS") as Class Counsel, and the Court hereby conditionally appoints Plaintiffs Hunter and Blum as Class Representatives and representatives for the Class and FLSA Collective.

9. The Court hereby APPROVES the Class Notice attached to the Settlement as **Exhibit A**. The Court finds the Class Notice, along with the related notification procedure contemplated by the Settlement, constitute the best notice practicable under the circumstances and are in full compliance with the applicable laws and the requirements of due process. The Court further finds the Class Notice appears to fully and accurately inform the Class members of all material elements of the proposed Settlement, of their right to be excluded from the Settlement, and of their right and opportunity to object to the Settlement. The Court also finds the Class Notice appears to fully and accurately inform the FLSA Collective members of all material elements of the proposed Settlement.

10. The Court hereby authorizes dissemination of the Class Notice to the Class members. Subject to the terms of the Settlement, the Class Notice shall be mailed via first-class mail, using the most current mailing addresses identified within the timeframe specified in the Settlement. The parties are authorized to make non-substantive changes to the proposed Class Notice that are consistent with the terms of the Settlement and this Order.

11. The Court hereby APPROVES the proposed procedure for Class members to request exclusion from the Rule 23 component of the Settlement, which is to submit a written statement requesting exclusion to the Settlement Administrator during the time period permitted under the Settlement. Any Class member who submits a written exclusion shall not be a member of the Class, shall be barred from participating in the Rule 23 component of the Settlement, and shall receive no benefit from the Rule 23 component of the Settlement.

12. The Court preliminarily APPROVES Plaintiffs' request for an award of attorneys' fees in the amount of one-third of the Gross Settlement Amount in addition to their actual costs. The Court ORDERS that Plaintiffs' counsel shall file a motion for approval of the fee and cost award, and of the service award to the Class Representatives, with the appropriate declarations and supporting evidence, to be heard at the same time as the motion for final approval of the Settlement.

13. The Court ORDERS that Plaintiffs' counsel shall file a motion for final approval of the Settlement, with the appropriate declarations and supporting evidence, at least 30 days before the Final Approval Hearing.

14. The Court further ORDERS that each Class member shall be given a full opportunity to object to the Rule 23 component of the proposed Settlement and request for attorneys' fees, and to participate in a Final Approval Hearing, which the Court sets to commence on December 18, 2024, at 11am in Courtroom 9B this Court.

15. Accordingly, GOOD CAUSE APPEARING, the Court hereby APPROVES the proposed Class Notice and adopts the following dates and deadlines:

| | |
|---|---|
| Preliminary Approval Date | September 19, 2024 |
| Deadline for Defendants to provide Settlement Administrator with the Class Data. | No later than 20 business days after Preliminary Approval Date. |
| Deadline for Settlement Administrator to mail the Class Notice. | No later than 5 business days after receiving the Class Data. |
| Deadline for Settlement Administrator to search for current address and remail Class Notice. | No later than 10 days from receiving undeliverable notification. |
| Deadline for Class Members to object to or request exclusion from the Settlement. | No later than 45 days after the Settlement Administrator mails the Class Notice. |
| Deadline for Settlement Administrator to provide parties with list of all Participating Class Members, Participating Opt-In Class Members, objections, and requests for exclusion. | No later than 5 business days after the close of the Class Notice period. |
| Deadline for Settlement Administrator to provide parties with declaration of due diligence. | No later than 5 business days after the close of the Class Notice period. |
| Final Approval Hearing. | Final Approval Hearing is December 18, 2024, at 11am in Courtroom 9B. |

16. The Court further ORDERS that, pending further order of this Court, all proceedings in the action, except those contemplated herein and in the Settlement, are stayed, and all deadlines are vacated.

17. If for any reason the Court does not execute and file an Order of Final Approval and Judgment, the proposed Settlement subject to this Order and all evidence and proceedings had in connection with the Settlement shall be null and void.

18. The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the Final Approval Hearing without further notice to the Class.

**IT IS SO ORDERED.**

Date: September 19, 2024.

_____
HON. JEFF ARMISTEAD.
United States Magistrate Judge