Dana L. Sullivan
Oregon Bar No. 944834
BUCHANAN ANGELI
ALTSCHUL & SULLIVAN LLP
921 SW Washington Street, Suite 516
Portland, Oregon 97205
Tel:  (503) 974-5023; Fax: (971) 230-0337
dana@baaslaw.com
*Local Counsel for Plaintiff*

Carolyn H. Cottrell (*pro hac vice*)
Robert E. Morelli, III (*pro hac vice*)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel:  (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
rmorelli@schneiderwallace.com
*Lead Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
### PORTLAND DIVISION

| | |
|---|---|
| JULIANNE HUNTER and MYA BLUM, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>LEGACY HEALTH, LEGACY EMANUEL MEDICAL CENTER, LEGACY EMANUEL HOSPITAL & HEALTH CENTER, LEGACY HEALTH PARTNERS, LLC, RANDALL CHILDREN'S HOSPITAL AT LEGACY EMANUEL,<br><br>    Defendants. | Case No.  3:18-CV-02219-AR<br><br>CLASS AND COLLECTIVE ACTION<br><br><br>**PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |

Unopposed Motion for Final Approval and
Memorandum of Points and Authorities
Case No. 18-cv-02219-AR
Page No. - 1 -

I.    **MOTION**

Plaintiffs Julianne Hunter and Mya Blum ("Plaintiffs"), through undersigned counsel, hereby move for final approval of the Joint Stipulation of Class and Representative Action Settlement ("Settlement"). The Court preliminarily approved the settlement upon Plaintiffs' Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement ("Prelim. Approval Motion"). The Settlement resolves all the collective and class claims. Plaintiffs thus move for an Order:

(1)    Granting final approval of the Settlement;

(2)    Finally certifying the Class for settlement purposes;

(3)    Finally appointing and approving Schneider Wallace Cottrell Konecky LLP and Buchanan Angeli Altschul & Sullivan LLP as "Class Counsel" for the Class and Collective members;

(4)    Finally approving Class Counsel's requests for fees and costs pursuant to the terms of the Settlement;

(5)    Finally appointing and approving Plaintiffs Julianne Hunter and Mya Blum as Class Representatives and approving their service awards of $25,000.00 each.

(6)    Finally appointing and approving CPT Group, Inc. ("CPT") as the Settlement Administrator and approving Plaintiffs' request for settlement administration expenses in the amount of $78,500.00 for CPT's services as Settlement Administrator; and

(7)    Finally approving the implementation schedule set forth in the Proposed Final Approval Order and Judgment submitted herewith.

Unopposed Motion for Final Approval and
Memorandum of Points and Authorities
Case No. 18-cv-02219-AR
Page No. - 2 -

**SCHNEIDER WALLACE
COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

Plaintiffs bring this Motion under Federal Rule of Civil Procedure 23(e) and the long-established precedent requiring Court approval for Fair Labor Standards Act ("FLSA") settlements. The Motion is based on the following memorandum of points and authorities, the Cottrell Prelim. Decl., the Declaration of Emilio (Settlement Administrator) ("Cofinco" Decl."), all other records, pleadings, and papers on file in the action, and such other evidence or argument as may be presented to the Court at the hearing on this Motion. Plaintiffs also submit a Proposed Final Approval Order and Judgment with the moving papers. This Motion is unopposed.

Date: December 23, 2024

Respectfully submitted,

_/s/ Robert E. Morelli, III_
Dana L. Sullivan
Oregon SBN 944834
BUCHANAN ANGELI
ALTSCHUL & SULLIVAN LLP
921 SW Washington Street, Suite 516
Portland, Oregon 97205
Tel: (503) 974-5023; Fax: (971) 230-0337
dana@baaslaw.com
_Local Counsel for Plaintiffs_

Carolyn H. Cottrell (_pro hac vice_)
Robert E. Morelli, III (_pro hac vice_)
**SCHNEIDER WALLACE
COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Phone: (415) 421-7100
Fax: (415) 421-7105
ccottrell@schneiderwallace.com
rmorelli@schneiderwallace.com

_Attorneys for Plaintiffs, Class, and
Collective Members_

Unopposed Motion for Final Approval and
Memorandum of Points and Authorities
Case No. 18-cv-02219-AR
Page No. - 3 -

## TABLE OF CONTENT

I. MOTION ................................................................................................................2

II. INTRODUCTION.................................................................................................9

III. FACTUAL BACKGROUND .............................................................................10

  A. NOTICE OF SETTLEMENT AND RESPONSE OF CLASS MEMBERS .........................10

IV. TERMS OF THE SETTLEMENT .....................................................................11

  A. BASIC TERMS AND VALUE OF THE SETTLEMENT .............................................11

  B. CLASS AND COLLECTIVE DEFINITIONS ...........................................................13

  C. ALLOCATION AND AWARDS.............................................................................13

  D. RELEASES ......................................................................................................14

V. ARGUMENT .....................................................................................................16

  A. CLASS-ACTION SETTLEMENTS ARE FAVORED IN THE NINTH CIRCUIT. ............16

  B. THE BEST PRACTICABLE NOTICE WAS PROVIDED TO THE CLASS MEMBERS.......19

  C. THE SETTLEMENT WARRANTS FINAL APPROVAL. .............................................20

    1. The Settlement is entitled to a presumption of fairness because it resulted from informed, non-collusive, arm's-length negotiation. ....................................................21

    2. The Class Members support the Settlement.............................................................21

    3. The action involves significant risk and the possibility of extensive further litigation.22

    4. The Settlement amount favors final approval. ...........................................................24

    5. Extensive formal and informal discovery has been completed....................................25

    6. Class Counsel are highly experienced. .......................................................................26

  D. THE COURT SHOULD FINALLY CERTIFY THE CLASS. .......................................26

  E. THE REQUESTED SERVICE AWARDS AND ATTORNEYS' FEES AND COSTS ARE REASONABLE. 27

VI. CONCLUSION ..................................................................................................27

Unopposed Motion for Final Approval and
Memorandum of Points and Authorities
Case No. 18-cv-02219-AR
Page No. - 4 -

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

# TABLE OF AUTHORITIES

**Cases**

*Amaraut v. Sprint/United Mgmt. Co.*,
　No. 19-cv-411-WQH-AHG, 2021 U.S. Dist. LEXIS 147176 (S.D. Cal. Aug. 5, 2021) ..........18

*Balderas v. Massage Envy Franchising, LLC*,
　No. 12-cv-06327-NC, 2014 U.S. Dist. LEXIS 99966 (N.D. Cal. July 21, 2014) ...................24

*Bell v. Consumer Cellular, Inc.*,
　No. 3:15-cv-941-SI, 2017 U.S. Dist. LEXIS 95401 (D. Or. June 21, 2017)......................25, 26

*Boyd v. Bechtel Corp.*,
　485 F.Supp. 610 (N.D. Cal. 1979) .........................................................................25

*Carter v. Anderson Merchandisers, LP*,
　No. EDCV 08-0025-VAP OPX, 2010 U.S. Dist. LEXIS 55581 (C.D. Cal. May 11, 2010) ...21, 26

*Churchill Village, LLC. v. Gen. Elec.*,
　361 F.3d 566 (9th Cir. 2004) ................................................................................20

*Clifton v. Babb Constr. Co.*,
　No. 6:13-cv-1003 MC, 2014 WL 5018897, 2014 U.S. Dist. LEXIS 140951 (D. Or. Oct. 1, 2014)................................................................................................................19

*Cody v. Hillard*,
　88 F.Supp.2d 1049 (D.S.D. 2000).........................................................................22

*Cruz v. Sky Chefs, Inc.*,
　No. 12-cv-02705- DMR, 2014 U.S. Dist. LEXIS 176393 (N.D. Cal. Dec. 19, 2014) ............25

*Dunn v. Teachers Ins. & Annuity Ass'n of Am.*,
　No. 13-CV-05456-HSG, 2016 WL 153266 (N.D. Cal. Jan. 13, 2016)...................................17

Ellison v. AutoZone, Inc.,
　No. 17-17533, 2019 WL 4898684 (9th Cir. Oct. 4, 2019)......................................................22

*Fenn v. Hewlett-Packard Co.*,
　No. 1:11-cv-00244-BLW, 2012 U.S. Dist. LEXIS 181586 (D. Idaho Dec. 21, 2012)............18

*Franklin v. Kaypro Corp.*,
　884 F.2d 1222 (9th Cir. 1989) ...............................................................................18

*Gonzalez v. Millard Mall Servs.*, Inc.,
　281 F.R.D. 455 (S.D. Cal. 2012) ...........................................................................23

*Grewe v. Cobalt Mortg., Inc.*,

Unopposed Motion for Final Approval and
Memorandum of Points and Authorities
Case No. 18-cv-02219-AR
Page No. - 5 -

**SCHNEIDER WALLACE
COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

No. C16-0577-JCC, 2016 U.S. Dist. LEXIS 98224 (W.D. Wash. July 27, 2016) ...................18

*Grunin v. Int'l House of Pancakes*,
513 F.2d 114 (8th Cir. 1975) ............................................................................................20

*Guilbaud v. Sprint Nextel Corp.*,
No. 3:13-CV-04357-VC, 2016 WL 7826649 (N.D. Cal. Apr. 15, 2016) ................................19

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) .....................................................................................17, 21

*Hernandez v. Chritansen Bros. Gen. Eng'g, Inc.*,
2023 U.S. Dist. LEXIS 72230 (C.D. Cal. 2023)....................................................................23

*In re Am. Bank Note Holographics, Inc.*,
127 F.Supp.2d 418 (S.D.N.Y. 2001)...................................................................................22

*In re AutoZone, Inc., Wage & Hour Emp't Practices Litig.*,
289 F.R.D. 526 (N.D. Cal. 2012)........................................................................................22

*In re Mego Fin. Corp. Sec. Litig.*,
213 F.3d 454 (9th Cir. 2000) ............................................................................................24

*In re Omnivision Techs. Inc.*,
559 F.Supp.2d 1036 (N.D. Cal. 2008) ..............................................................................25

*In re Syncor ERISA Litig.*,
516 F.3d 1095 (9th Cir. 2008) ..........................................................................................21

*In re Uber FCRA Litig.*,
No. 14-cv-05200-EMC, 2017 U.S. Dist. LEXIS 101552 (N.D. Cal. June 29, 2017)..............25

*Jones v. GN Netcom, Inc.*,
654 F.3d 935 (9th Cir. 2011) ............................................................................................25

*Kilbourne v. Coca-Cola Co.*,
No. 14CV984-MMA BGS, 2015 WL 5117080 (S.D. Cal. July 29, 2015) .............................22

*Langford v. Devitt*,
127 F.R.D. 41 (S.D.N.Y. 1989) .........................................................................................20

*Lazy Oil Co. v. Witco Corp.*,
No. 94-110 Erie, 1997 U.S. Dist. LEXIS 21397 (W.D. Pa. Dec. 31, 1997) ...........................24

*Lewis v. Starbucks Corp.*,
No. 2:07-cv-00490-MCE-DAD, 2008 WL 4196690 (E.D. Cal. Sept. 11, 2008) ...................25

*Lynn's Food Stores, Inc. v. United States*,

Unopposed Motion for Final Approval and
Memorandum of Points and Authorities
Case No. 18-cv-02219-AR
Page No. - 6 -

**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

679 F.2d 1355 (11th Cir. 1982) ............................................................................17

*Mandujano v. Basic Vegetable Prods., Inc.*,
541 F.2d 832 (9th Cir. 1976) ...................................................................... 19, 22

*Monterrubio v. Best Buy Stores, L.P.*,
291 F.R.D. 443 (E.D. Cal. 2013) ........................................................................25

*O'Connor v. Uber Techs., Inc.*,
No. 13-cv-03826-EMC, 2019 U.S. Dist. LEXIS 157070 (N.D. Cal. Sep. 13, 2019) ..............19

*Officers for Justice v. Civil Serv. Comm'n*,
688 F.2d 615 (9th Cir. 1982) ............................................................ 18, 20, 24, 27

*Ordonez v. Radio Shack, Inc.*,
2013 U.S. Dist. LEXIS 7868 (C.D. Cal. 2013).....................................................23

*Otey v. CrowdFlower, Inc.*,
No. 12-CV-05524-JST, 2015 WL 153266 (N.D. Cal. Oct. 16, 2015) ....................................17

*Rodriguez v. W. Publ'g Corp.*,
563 F.3d 948 (9th Cir. 2009) ...........................................................................24

*Torrisi v. Tucson Elec. Power Co.*,
8 F.3d 1370, 1374 (9th Cir. 1993)......................................................................19

*Viceral v. Mistras Grp., Inc.*,
No. 15-cv-02198-EMC, 2017 U.S. Dist. LEXIS 23220 (N.D. Cal. Feb. 17, 2017) ...........19, 24

*Villafan v. Broadspectrum Downstream Servs.*,
No. 18-cv-06741-LB, 2020 U.S. Dist. LEXIS 218152 (N.D. Cal. Nov. 20, 2020)..................22

*Wilson v. TE Connectivity Networks, Inc.*,
2017 U.S. Dist. LEXIS 219899 (N.D. Cal. 2017) ..................................................23

*Wren v. RGIS Inventory Specialists*,
No. C-06-05778 JCS, 2011 WL 1230826 (N.D. Cal. Apr. 1, 2011)............................ 20, 21, 26

*York v. Starbucks Corp.*,
No. CV 08-07919 GAF PJWX, 2011 WL 8199987 (C.D. Cal. Nov. 23, 2011) .....................23

**Statutes**

29 U.S.C. § 216.......................................................................................17

Fed. R. Civ. 30.......................................................................................12

Fed. R. Civ. P. 23 ...................................................................... 3, 16, 17, 20

Unopposed Motion for Final Approval and
Memorandum of Points and Authorities
Case No. 18-cv-02219-AR
Page No. - 7 -

**SCHNEIDER WALLACE
COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

**Other Authorities**

*Manual for Complex Litigation,*
   *Judicial Role in Reviewing a Proposed Class Action Settlement*, § 21.61 (4th ed. 2004) ........17

**Regulations**

Code and Treas. Reg. §1.468 .......................................................................................................11

Unopposed Motion for Final Approval and
Memorandum of Points and Authorities
Case No. 18-cv-02219-AR
Page No. - 8 -

**SCHNEIDER WALLACE
COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

## MEMORANDUM OF POINTS AND AUTHORITIES

## II.    INTRODUCTION

Plaintiffs Julianne Hunter and Mya Blum achieved an excellent non-reversionary $14,500,000.00 class and collective action Settlement on behalf of Defendant's non-exempt employees. The Court preliminarily approved the settlement upon Plaintiffs' Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement ("Prelim. Approval Motion") (ECF No. 253), attached as Exhibit 1 to the Declaration of Carolyn H. Cottrell filed in support of that motion ("Cottrell Prelim. Decl.") (ECF No. 253-1). Since then, class members received notice of the settlement, and the response is overwhelmingly favorable. The Court should now finally approve the Settlement and bring closure to nearly six years of intensive litigation.

The Settlement resolves the claims of approximately 16,904 Class Members, including the 918 FLSA Collective Members. The $14,500,000.00 Settlement provides substantial recoveries to the Class Members, thereby providing a favorable result to thousands of wage and hour claims unlikely to have been prosecuted as individual actions. The approximate average net recovery is $556.77 per Class Member, and the highest award to be paid is approximately $2,152.81, a considerable feat given the number of Class Members in this action. Cofinco Decl. at ¶ 15.

These robust recoveries resulted in an overwhelmingly positive response to the Settlement and confirm that the Settlement is fair, reasonable, and adequate in all respects. To date, no Class Member has objected to the Settlement or requested exclusion. Cofinco Decl. at ¶ 11 and 13. Thus, given the positive response of the Class, the significant monetary value to the affected workers, and other reasons discussed below, Plaintiffs respectfully submit that the Court should approve the Settlement.

Unopposed Motion for Final Approval and
Memorandum of Points and Authorities
Case No. 18-cv-02219-AR
Page No. - 9 -

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

## III.    FACTUAL BACKGROUND

The procedural and factual history of this action is well-documented in Plaintiffs' Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement ("Prelim. Approval Motion") (ECF No. 253). For purposes of this motion, Plaintiffs focus on the notice process.

### A.  Notice of Settlement and Response of Class Members

Following the Court's preliminary approval order, Defendants provided the Settlement Administrator, CPT Group, Inc. ("CPT"), the Class Data, which contained each Class Member's name, last-known mailing address, social security number, and dates of employment. (Cofinco Decl., ¶ 5). CPT informed Defendants on October 24, 2024, that it needed additional information regarding Class Members' dates and locations of employment and that the original proposed mailing date of October 25, 2024 would not be feasible. (Declaration of Robert E. Morelli, III ("Morelli Decl."), ¶ 10).[1] Defendants provided CPT with the requested additional information on CPT disseminated the Class Notice[2] via U.S. mail to over 16,000 recipients. (Cofinco Decl., ¶ 7).

---

[1] Postponing the mailing date extended the notice period to beyond the original Final Approval Hearing date of December 18, 2024. Accordingly, the Parties filed a Joint Motion to Continue Final Approval Hearing. (ECF No. 264). On November 11, 2024, the Court reset the Final Approval Hearing for January 23, 2025 (ECF No. 265).

[2] CPT was also responsible for calculating damages, all tax document preparation, custodial fees, and accounting fees; preparing, issuing and mailing any and all notices and other correspondence to Class Members; communicating with Class Members, Class Counsel, and Defendants' Counsel; computing, processing, reviewing, and paying the settlement awards and resolving disputed claims; calculating tax withholdings and payroll taxes, including making related payments to federal and state tax authorities and issuing tax forms relating to payments made under the Settlement; preparing any tax returns and any other filings required by any governmental taxing authority or agency; preparing any other notices, reports, or filings to be prepared in the course of administering the Settlement; and otherwise administering the Settlement pursuant to its terms. (Settlement, ¶ 6.4.1). CPT also (1) opened and administered a Qualified Settlement Fund ("QSF") in such a manner as to qualify and maintain the qualification of the QSF as a "Qualified Settlement

Unopposed Motion for Final Approval and
Memorandum of Points and Authorities
Case No. 18-cv-02219-AR
Page No. - 10 -

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

The Court previously determined that this Notice "fully and accurately inform[ed] the Class members of all material elements of the proposed Settlement, of their right to be excluded from the Settlement, and of their right and opportunity to object to the Settlement [and] fully and accurately inform[ed] the FLSA Collective members of all material elements of the proposed Settlement." (ECF No. 262, ¶ 9). It informed Class Members of the Settlement terms; their expected settlement share; the deadline to submit objections or requests for exclusion; the January 23, 2025 Final Approval Hearing; the names and contact information for Class Counsel; and that Plaintiffs would seek attorneys' fees, costs, and service awards, and the corresponding amounts. (ECF No. 253-2).

As of December 23, 2024 only 979 Class Notices were returned as undeliverable without a forwarding address, but CPT performed skip-tracing to identify alternative mailing addresses, and successfully remailed them. *See* ECF 266-8 at 2, CPT Report, December 20, 2024, attached hereto as **Exhibit G** to Morelli's Decl. The deadline for Class Members to opt out or object is January 18, 2025 (See ECF 266-4, Cofinco Decl. at ¶ 7.). To date, not a single objection has been filed, and no Class Member has requested exclusion from the Settlement. (*Id.* at ¶ 11 and 13).

## IV.     TERMS OF THE SETTLEMENT

### A.  Basic Terms and Value of the Settlement

Defendants agreed to pay a non-reversionary Gross Settlement Amount of $14,500,000.00 to settle the Action. (Settlement, ¶ 2.21). Defendants will pay 50% of the employer payroll taxes

---

Fund" under Section 468B of the Code and Treas. Reg. §1.468B-1; (2) satisfied all federal, state, and local income and other tax reporting, return, and filing requirements for the QSF; and (3) satisfied out of the QSF all fees, expenses, and costs incurred in connection with the opening and administration of the QSF and the performance of its duties and functions as described in the Settlement. (Settlement, ¶ 6.4.2).

Unopposed Motion for Final Approval and
Memorandum of Points and Authorities
Case No. 18-cv-02219-AR
Page No. - 11 -

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

on the wage portion from the Gross Settlement Amount, and the remaining other 50% is paid separately from the Gross Settlement Amount. (*Id.*). The Net Settlement Amount (the amount available for settlement awards) is defined as the portion of the Gross Settlement Amount remaining after deduction of Settlement Administration Costs ($78,500.00), Class Counsel's attorneys' fees and costs ($4,833,333.00 plus actual costs, currently at $126,506.04), Plaintiffs' Service Payments ($25,000.00 each), and 50% of the employer's payroll taxes. (Settlement, ¶ 2.23).

The Gross Settlement Amount is a negotiated amount that resulted from arm's-length negotiations and significant investigation and analysis by Plaintiffs' counsel. (Cottrell Prelim. Decl., ¶ 21). Plaintiffs' counsel based their damages analysis, outlined in their Prelim. Approval Motion, on extensive formal and informal discovery, including payroll and timekeeping data, several Fed. R. Civ. 30(b)(6) depositions and other depositions of Defendants' key employees of Defendants, and dozens of interviews with Class members. (*Id.* at ¶¶ 22–24).

The Gross Settlement Amount of $14,500,000.00 is a substantial sum, representing an excellent recovery of **65.07%** of Plaintiffs' estimated unpaid overtime wages. The $14,500,000.00 settlement also represents approximately 20.69% of the $70,080,992.72 in unliquidated damages that Plaintiffs estimated for all substantive claims (FLSA, OR, and WA). (Cottrell Prelim. Decl., ¶ 23). The risks of continued litigation were front and center in this case, particularly given the nature of the off-the-clock work and interrupted meal break claims. These claims are challenging to certify as a class action and/or to prove on the merits, as is proving that the violations were willful. (Cottrell Prelim. Decl., ¶ 19). In contrast, the Settlement will result in immediate and certain meaningful payments to the Class and Collective members. (Cottrell Prelim. Decl., ¶ 23.) These amounts provide significant compensation to the Class and Collective

Unopposed Motion for Final Approval and
Memorandum of Points and Authorities
Case No. 18-cv-02219-AR
Page No. - 12 -

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

members, and the Settlement provides an excellent recovery in the face of expansive and uncertain litigation. (*Id.*). Thus, the settlement amount is fair, reasonable, and adequate.

### B. Class and Collective Definitions

The Oregon Class is defined as all current and former hourly, non-exempt employees, including but not limited to nurses, nursing aides, nursing assistants, or other employees with similar job duties employed by Defendants in Oregon and subjected to an automatic time deduction policy at any time from December 26, 2012 until resolution of this Action. (ECF No. 246, ¶ 76; Settlement, ¶¶ 2.8, 3.1).

The Washington Class is defined as all current and former hourly, non-exempt employees, including but not limited to nursing staff, nursing aides, nursing assistants, or other employees with similar job duties employed by Defendants in Washington at any time from December 26, 2015 through the Preliminary Approval Date of September 19, 2024. (Settlement, ¶ 2.9 and 2.10).

The FLSA Collective is defined as all current and former hourly, non-exempt employees, including but not limited to nurses, nursing aides, nursing assistants or other employees with similar job duties, employed by Defendants during the time period three years prior to December 26, 2018 until resolution of this Action and who have filed a consent to join this Action. (ECF No. 246, ¶ 58).

### C. Allocation and Awards

The Net Settlement Amount to be paid to Participating Class Members and Participating Opt-In Class Members is approximately $9,411,660.96 (Cofinco Decl., ¶ 14). Each Class Member's settlement share will be determined as a pro rata share of the Net Settlement Amount based on the total number of workweeks employed during the Class Period. (Cottrell Prelim. Decl. at ¶ 41; Settlement ¶ 6.5.2). One-third of each settlement share is in settlement of wage

Unopposed Motion for Final Approval and
Memorandum of Points and Authorities
Case No. 18-cv-02219-AR
Page No. - 13 -

claims, and two thirds of each settlement share is in settlement of claims for interest and penalties. (Cottrell Prelim. Decl., ¶ 42; Settlement, ¶ 6.5.4). Class Members could object to the Settlement or request exclusion from the Settlement by submitting a valid request within 30 days after the Settlement Administrator mails the Class Notices. (Cottrell Prelim. Decl., ¶ 42; Settlement, ¶ 7.2.4, 7.2.5). None have, as discussed above.

Settlement award checks will remain valid for 180 days from the date of their mailing. (Cottrell Prelim. Decl., ¶ 42; Settlement, ¶ 7.4.3). If a Participating Class Member or Participating Opt-In Class Member fails to negotiate his or her settlement check within 180 days of mailing, his or her settlement award check will be sent to the State of Oregon's or State of Washington's, as applicable, Unclaimed Property Fund in the name of the relevant Participating Class Member or Participating Opt-In Class Member. (Cottrell Prelim. Decl., ¶ 42; Settlement, ¶ 7.4.3).

### D. Releases

Upon the Date of Final Judgment (as defined in the Settlement), each Participating Class Member will be deemed to have fully, finally, and forever released Defendants and all affiliated parties and entities ("Released Parties") from any and all wage-and-hour claims, obligations, demands, actions, rights, causes of action, and liabilities (including state statutory and common law claims), based on any theory whatsoever, that were alleged in the operative First Amended Complaint ("FAC"), arising out of the facts alleged in the FAC, or that could have been alleged in the FAC based on such facts, including, but not limited to, failure to pay minimum wages, failure to pay overtime wages, improper automatic time deductions, unlawful deductions from wages, failure to pay all wages due upon separation of employment, rounding, off-the-clock work, failure to provide and/or ensure any and all meal and rest periods (and any and all other meal and/or rest period violation claims and theories), willful refusal to pay wages, failure to provide

Unopposed Motion for Final Approval and
Memorandum of Points and Authorities
Case No. 18-cv-02219-AR
Page No. - 14 -

**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

accurate itemized employee wage statements, any and all common law or equitable claims arising

out of or related to the facts alleged in the FAC, and any and all claims for damages, penalties

(including civil, statutory, and/or wage penalties), liquidated damages, declaratory relief, interest,

attorneys' fees, litigation costs, restitution, equitable relief, or additional damages which allegedly

arise from the claims described above under any applicable law, for the period from December

26, 2012 through the Preliminary Approval Date of September 19, 2024 ("Released Claims").

(Settlement, ¶¶ 2.12, 2.29, and 6.6).

      Also upon the Date of Final Judgment, and subject to receiving Service Payments of up

to $25,000.00 each, the Class Representatives (Plaintiffs Hunter and Blum) will be deemed to

have fully, finally, and forever released the Released Parties from any and all wage-and-hour

claims, obligations, demands, actions, rights, causes of action, and liabilities (including, but not

limited to, the Released Claims, and all known and unknown claims, state statutory, and common

law claims against the Released Parties, based on any theory whatsoever, that were alleged in the

FAC, arising out of the facts alleged in the FAC, or that could have been alleged in the FAC based

on such facts including, but not limited to, failure to pay minimum wages, failure to pay overtime

wages, improper automatic time deductions, unlawful deductions from wages, failure to pay all

wages due upon separation of employment, rounding, off-the-clock work, failure to provide

and/or ensure any and all meal and rest periods (and any and all other meal and/or rest period

violation claims and theories), willful refusal to pay wages, failure to provide accurate itemized

employee wage statements, any and all common law or equitable claims arising out of or related

to the facts alleged in the FAC, and any and all claims for damages, penalties (including civil,

statutory, and/or wage penalties), liquidated damages, declaratory relief, interest, attorneys' fees,

litigation costs, restitution, equitable relief, or additional damages which allegedly arise from the

Unopposed Motion for Final Approval and
Memorandum of Points and Authorities
Case No. 18-cv-02219-AR
Page No. - 15 -

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

claims described above under any applicable law, and any and all claims under the Fair Labor Standards Act under any theory whatsoever, through the date of Final Approval ("Class Representatives' Released Claims"). (Settlement, ¶¶ 2.12, 6.6.2).

Participating Class Members, including Participating Opt-In Class Members, who cash their settlement checks opt into the Settlement and release all claims under the FLSA. (Settlement, ¶ 2.29). Participating Class Members, including Participating Opt-In Class Members, who do not cash their settlement checks and who do not opt out of the Settlement are still subject to the releases set forth in the Settlement and will release all claims under the Settlement except for their FLSA claims. (*Id.*). Settlement checks will include the following opt-in and release language on the back of each check:

> By signing, cashing, and/or depositing this check, I am opting into the case captioned *Hunter et al. v. Legacy Health et al.*, U.S. District Court, District of Oregon, Case No. 3:18-cv-02219, and I affirm my release of Legacy Health, Emanuel Hospital & Health Center, and all other Released Parties from the Class Members' Released Claims as defined in the Settlement Agreement approved by the Court.

(Settlement, ¶ 2.29).

## V.    ARGUMENT

### A.  Class-Action Settlements are favored in the Ninth Circuit.

A class action may not be settled without Court approval. *See* Fed. R. Civ. P. 23(e). Approval of a class action settlement requires three steps: (1) preliminary approval of the proposed settlement upon a written motion; (2) dissemination of notice of the settlement to all class members; and (3) a final settlement approval hearing at which objecting class members may be heard, and at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement is presented. *Manual for Complex Litigation, Judicial Role in*

Unopposed Motion for Final Approval and
Memorandum of Points and Authorities
Case No. 18-cv-02219-AR
Page No. - 16 -

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

*Reviewing a Proposed Class Action Settlement*, § 21.61 (4th ed. 2004). The decision to approve or reject a proposed settlement is committed to the sound discretion of the court. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998).

Rule 23 requires that all class action settlements satisfy two primary prerequisites before a court may grant certification for purposes of preliminary approval: (1) that the settlement class meets the requirements for class certification if it has not yet been certified; and (2) that the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(a), (e)(2); *Hanlon*, 150 F.3d at 1020.

Courts also require approval for FLSA collective settlements, but the Ninth Circuit has not established the criteria that a district court must consider in determining whether a FLSA settlement warrants approval. *See, e.g., Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, No. 13-CV-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016); *Otey v. CrowdFlower, Inc.*, No. 12-CV-05524-JST, 2015 WL 153266, at *3 (N.D. Cal. Oct. 16, 2015). Most courts within the Ninth Circuit first consider whether the named plaintiff is "similarly situated" to the putative collective members within the meaning of 29 U.S.C. § 216(b), and then evaluate the settlement under the standard established by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), which requires the settlement to constitute "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Otey*, 2015 WL 153266 at *4. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues . . . that are actually in dispute," the district court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's*, 679 F.2d, at 1354; *Otey*, 2015 WL 153266 at *4; *see also Grewe v. Cobalt Mortg., Inc.*, No. C16-0577-JCC, 2016 U.S. Dist. LEXIS 98224, at *2–3 (W.D. Wash. July 27, 2016) (looking to factors such as the risk, expense,

Unopposed Motion for Final Approval and
Memorandum of Points and Authorities
Case No. 18-cv-02219-AR
Page No. - 17 -

complexity, likely duration of litigation, and reaction of putative members to the proposed settlement, among others, in considering the fairness of settlement).

Federal law strongly favors and encourages settlements, especially in class actions. *See Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989) ("[T]here is an overriding public interest in settling and quieting litigation. This is particularly true in class action suits."). Courts should also give due regard to "what is otherwise a private consensual agreement negotiated between the parties" and limit the inquiry "to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); *see also Fenn v. Hewlett-Packard Co.*, No. 1:11-cv-00244-BLW, 2012 U.S. Dist. LEXIS 181586, at *2–3 (D. Idaho Dec. 21, 2012) ("Thus, a proposed class action settlement should 'be preliminarily approved where it appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval.'").

Applying this standard, courts in this Circuit routinely approve class and collective settlements similar to (or less impressive) than reached in this case. *See, e.g., Amaraut v. Sprint/United Mgmt. Co.*, No. 19-cv-411-WQH-AHG, 2021 U.S. Dist. LEXIS 147176, at *2 (S.D. Cal. Aug. 5, 2021) (granting final approval of a settlement that included both FLSA and Washington law claims); *Jones, et al. v. CertifiedSafety, Inc.*, Case No. 3:17-cv-02229-EMC, ECF 232 (N.D. Cal. June 1, 2020) (same); *Soto, et al. v. O.C. Commc'ns, Inc., et al.*, Case No.

Unopposed Motion for Final Approval and
Memorandum of Points and Authorities
Case No. 18-cv-02219-AR
Page No. - 18 -

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

3:17-cv-00251-VC, ECF 299, 305 (N.D. Cal. Oct. 23, 2019) (same).[3]

In its September 19, 2024, order, the Court already granted preliminary approval and preliminarily certified the Class for settlement. (ECF No. 262). Accordingly, the only step that remains is final approval of the Settlement, which should be granted pursuant to Ninth Circuit case law and numerous decisions of federal district courts.

### B.  The best practicable notice was provided to the Class Members.

As noted above, pursuant to the Court's preliminary approval order, CPT sent the Court-approved Class Notice to the Class Members. CPT sent over 16,000 Notices via U.S. Mail, with just a few requiring remailing thorough skip tracing efforts. (*See* ECF 266-8, Report, **Ex. G** to Morelli's Decl.). This notice process was more than adequate.

Notice of a class action settlement is adequate where the notice is given in a "form and manner that does not systematically leave an identifiable group without notice." *Mandujano v. Basic Vegetable Prods., Inc.*, 541 F.2d 832, 835 (9th Cir. 1976). The notice should be the best "practicable under the circumstances including individual notice to all members who can be identified through reasonable effort." *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1374 (9th Cir. 1993). Sending individual notices to settlement class members' last-known addresses constitutes the requisite effort. *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 121 (8th Cir.

---

[3] *See also O'Connor v. Uber Techs., Inc.*, No. 13-cv-03826-EMC, 2019 U.S. Dist. LEXIS 157070, at *12 (N.D. Cal. Sep. 13, 2019) (granting final approval of a settlement that included both FLSA and California Labor Code claims); *Viceral v. Mistras Grp., Inc.*, No. 15-cv-02198-EMC, 2017 U.S. Dist. LEXIS 23220, at *2 (N.D. Cal. Feb. 17, 2017) (same); *Guilbaud v. Sprint Nextel Corp.*, No. 3:13-CV-04357-VC, 2016 WL 7826649, at *1 (N.D. Cal. Apr. 15, 2016) (same); *Clifton v. Babb Constr. Co.*, No. 6:13-cv-1003 MC, 2014 WL 5018897, 2014 U.S. Dist. LEXIS 140951, at *1 (D. Or. Oct. 1, 2014) (granting final approval of a settlement that included both FLSA and Oregon law claims).

Unopposed Motion for Final Approval and
Memorandum of Points and Authorities
Case No. 18-cv-02219-AR
Page No. - 19 -

**SCHNEIDER WALLACE
COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

1975); *Langford v. Devitt*, 127 F.R.D. 41, 45 (S.D.N.Y. 1989) ("[N]otice mailed by first class mail has been approved repeatedly as sufficient notice of a proposed settlement.").

CPT followed all the procedures set forth in the Court-approved notice plan. Reasonable steps were taken to ensure that all Class Members received the Class Notice. 979 Class Notices remained undeliverable following skip-tracing and other techniques to verify current mailing addresses. (*See* ECF 266-8, Report, **Ex. G** to Morelli's Decl.). Moreover, the Class Notices provided reasonable estimates of Class Members' recovery, in addition to considerable information about the case and the Settlement. (ECF No. 253-2). Accordingly, the notice process was effective and satisfies the "best practicable notice" standard.

### C. The Settlement warrants final approval.

In deciding whether to approve a proposed class action settlement, the Court must find that the proposed settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *Officers for Justice*, 688 F.2d at 625. Relevant factors include (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *Churchill Village, LLC. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

There is a presumption of fairness if, as is the case here, "the settlement is recommended by class counsel after arm's length bargaining." *Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2011 WL 1230826, at *6 (N.D. Cal. Apr. 1, 2011). There is also "a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008). In light of these factors, the Court

Unopposed Motion for Final Approval and
Memorandum of Points and Authorities
Case No. 18-cv-02219-AR
Page No. - 20 -

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

should find that the Settlement is fair, reasonable, and adequate, and finally approve it as to the Class and the Opt-In Class Members.

### 1. The Settlement is entitled to a presumption of fairness because it resulted from informed, non-collusive, arm's-length negotiation.

Courts routinely presume a settlement is fair where it is reached through arm's length bargaining. *See Hanlon*, 150 F.3d at 1027; *Wren*, 2011 WL 1230826 at *14. Furthermore, where counsel has extensive class and collective action experience and familiarity with the strengths and weaknesses of the action, courts find this factor to support a finding of fairness. *Wren*, 2011 U.S. Dist. LEXIS 38667 at *30–31; *Carter v. Anderson Merchandisers, LP*, No. EDCV 08-0025-VAP OPX, 2010 U.S. Dist. LEXIS 55581, at *27 (C.D. Cal. May 11, 2010) ("Counsel's opinion is accorded considerable weight.").

Here, the Settlement was a product of non-collusive, arm's-length negotiations. (Cottrell Prelim. Decl., ¶ 38). The parties participated in two mediations over the course of the litigation. (*Id.*). The first did not produce a settlement, but the second did. (*Id.*). The parties then spent several weeks negotiating the terms and details of the long-form settlement agreement, with several rounds of revisions and proposals. (*Id.* at ¶ 38). Plaintiffs are represented by experienced and respected litigators of representative wage-and-hour actions, and these attorneys feel strongly that the proposed Settlement achieves an excellent result for the Class members. (*Id.* at ¶¶ 38, 50, and 55). Accordingly, the Court should presume that the Settlement is fair. *Wren*, 2011 U.S. Dist. LEXIS 38667 at *20.

### 2. The Class Members support the Settlement.

The Ninth Circuit and other federal courts make clear that the number or percentage of class members who object to or opt out of the settlement is a factor of great significance. *See Mandujano*, 541 F.2d at 837; *see also In re Am. Bank Note Holographics, Inc.*, 127 F.Supp.2d

Unopposed Motion for Final Approval and
Memorandum of Points and Authorities
Case No. 18-cv-02219-AR
Page No. - 21 -

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

418, 425 (S.D.N.Y. 2001) ("It is well settled that the reaction of the class to the settlement is perhaps the most significant factor to be weighed in considering its adequacy."). Courts find that a relatively low percentage of objectors or opt outs is a very strong indicator of fairness that factors heavily in favor of approval. *See, e.g., Cody v. Hillard*, 88 F.Supp.2d 1049, 1059–60 (D.S.D. 2000) (approving the settlement in large part because only 3% of the apparent class had objected to the settlement).

To date, with the notice period closed, no Class Members have objected to the Settlement, and no Class Members have requested exclusion. (Cofinco Decl., ¶¶ 11-13). This indicates widespread support for the Settlement among Class Members, and this factor weighs heavily in favor of final approval.

### 3. The action involves significant risk and the possibility of extensive further litigation.

While Plaintiffs are confident in the strength of their case, recovery of the estimated damages and penalties would require overcoming procedural and substantive challenges, such as class certification and ultimate success on the merits, as to all of Plaintiffs' claims across the entire Class.

Off-the-clock claims are difficult to certify for class treatment, given that the nature, cause, and amount of the off-the-clock work may vary based on the individualized circumstances of the worker. *See, e.g., Villafan v. Broadspectrum Downstream Servs.*, No. 18-cv-06741-LB, 2020 U.S. Dist. LEXIS 218152, at *15 (N.D. Cal. Nov. 20, 2020) (citing *In re AutoZone, Inc., Wage & Hour Emp't Practices Litig.*, 289 F.R.D. 526, 539 (N.D. Cal. 2012), aff'd, No. 17-17533, 2019 WL 4898684 (9th Cir. Oct. 4, 2019)); *Kilbourne v. Coca-Cola Co.*, No. 14CV984-MMA BGS, 2015 WL 5117080, at *14 (S.D. Cal. July 29, 2015); *York v. Starbucks Corp.*, No. CV 08-07919 GAF PJWX, 2011 WL 8199987, at *30 (C.D. Cal. Nov. 23, 2011). They are also difficult

Unopposed Motion for Final Approval and
Memorandum of Points and Authorities
Case No. 18-cv-02219-AR
Page No. - 22 -

to prove on the merits given the inherent lack of documentary evidence associated with off-the-clock claims.

While Plaintiffs are confident that they would successfully establish that common policies and practices give rise to the off-the-clock work for the patient care staff at issue here, Plaintiffs acknowledge that such off-the-clock work was performed at various locations, each with its own supervisors and management staff. (Cottrell Prelim. Decl., ¶ 47). Further, Plaintiffs' meal-break claims were premised on being able to establish that all patient care workers were "on call" during their meal breaks. Failing that, Plaintiffs' claims as to meal breaks would then only be limited to interrupted meal breaks, creating great risk in moving forward on those claims, as well as significantly reducing damages. (*Id.*). With those considerations in mind, Plaintiffs recognized that obtaining class certification (and surviving FLSA decertification) would present an obstacle, with the risk that the Class members could only pursue individual actions if certification was denied. (Cottrell Prelim. Decl., ¶ 47).

Similarly, interrupted and on-duty meal-break claims can also be difficult to certify. *See, e.g., Hernandez v. Chritansen Bros. Gen. Eng'g, Inc.*, 2023 U.S. Dist. LEXIS 72230 at *38 (C.D. Cal. 2023) (denying certification of on-duty meal period subclass); *Ordonez v. Radio Shack, Inc.*, 2013 U.S. Dist. LEXIS 7868 at *7-8 (C.D. Cal. 2013); *Gonzalez v. Millard Mall Servs.*, Inc., 281 F.R.D. 455, 463-64 (S.D. Cal. 2012); *Wilson v. TE Connectivity Networks, Inc.*, 2017 U.S. Dist. LEXIS 219899 (N.D. Cal. 2017). While Plaintiffs are confident that they would certify the meal-break claims, Plaintiffs recognize that obtaining class certification could present an obstacle, with the risk that the patient care staff might only be able pursue individual meal-break claims in the event certification was denied. (Cottrell Prelim. Decl., ¶ 48).

Unopposed Motion for Final Approval and
Memorandum of Points and Authorities
Case No. 18-cv-02219-AR
Page No. - 23 -

SCHNEIDER WALLACE
COTTRELL KONECKY  LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

In contrast to continued litigation, the Settlement yields a prompt, certain, and substantial recovery for the Class members. (*Id.* at ¶ 49). This benefits the parties and the court system, bringing finality to nearly six years of litigation and will foreclose the possibility of expanding litigation. (*Id.*).

### 4. The Settlement amount favors final approval.

In evaluating the fairness of a proposed settlement, courts compare the settlement amount with the estimated maximum damages recoverable in a successful litigation. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000). Courts routinely approve settlements that provide a fraction of the maximum potential recovery. *See, e.g., Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) (approving settlement amounting to 30 percent of the damages estimated by the class expert; court noted that even if the plaintiffs were entitled to treble damages that settlement would be approximately 10 percent of the estimated damages); *Officers for Justice*, 688 F.2d at 623; *Viceral v. Mistras Grp., Inc.*, 2016 WL 5907869 at *7 (approving wage and hour settlement which represented 8.1% of the total verdict value).

Here, the Gross Settlement Amount of $14,500,000.00 is a substantial sum, representing a recovery of **65.07%** of Plaintiffs' estimated unpaid overtime wages. The $14,500,000.00 settlement also represents approximately 20.69% of the $70,080,992.72 in unliquidated damages that Plaintiffs estimated for all substantive claims (FLSA, OR, and WA). This is in line with class action recoveries approved by courts across the nation. *Balderas v. Massage Envy Franchising, LLC*, No. 12-cv-06327-NC, 2014 U.S. Dist. LEXIS 99966, at *17 (N.D. Cal. July 21, 2014) (approving settlement amounting to 5% of the total value of the claims); *Lazy Oil Co. v. Witco Corp.*, Civil Action No. 94-110 Erie, 1997 U.S. Dist. LEXIS 21397, at *153 (W.D. Pa. Dec. 31, 1997) (court approved settlement amounting to 5.35% of damages for the entire class period); *In*

Unopposed Motion for Final Approval and
Memorandum of Points and Authorities
Case No. 18-cv-02219-AR
Page No. - 24 -

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

*re Omnivision Techs. Inc.*, 559 F.Supp.2d 1036, 1042 (N.D. Cal. 2008) (approving settlement of 6–8% of estimated damages); *In re Uber FCRA Litig.*, No. 14-cv-05200-EMC, 2017 U.S. Dist. LEXIS 101552, at *23–24 (N.D. Cal. June 29, 2017) (granting preliminary approval of a class-action settlement where gross settlement fund was valued at 7.5% or less of total possible verdict); *Cruz v. Sky Chefs, Inc.*, No. 12-cv-02705- DMR, 2014 U.S. Dist. LEXIS 176393, at *14 (N.D. Cal. Dec. 19, 2014) (granting final approval where gross settlement amount represented 8.6% of the maximum potential recovery from the class claims).

### 5. Extensive formal and informal discovery has been completed.

The amount of discovery completed prior to reaching a settlement is important because it bears on whether the parties and the Court have sufficient information before them to assess the merits of the claims. *See, e.g., Bell v. Consumer Cellular, Inc.*, No. 3:15-cv-941-SI, 2017 U.S. Dist. LEXIS 95401, at *11 (D. Or. June 21, 2017); *Jones v. GN Netcom, Inc. (In re Bluetooth Headset Prods. Liab. Litig.)*, 654 F.3d 935, 946 (9th Cir. 2011); *Boyd v. Bechtel Corp.*, 485 F.Supp. 610, 617, 625 (N.D. Cal. 1979); *Lewis v. Starbucks Corp.*, No. 2:07-cv-00490-MCE-DAD, 2008 WL 4196690, at *6 (E.D. Cal. Sept. 11, 2008). Informal discovery may also assist parties with "form[ing] a clear view of the strengths and weaknesses of their cases." *Monterrubio v. Best Buy Stores, L.P.*, 291 F.R.D. 443, 454 (E.D. Cal. 2013).

Here, the parties conducted extensive formal and informal discovery, including written discovery, depositions, and informal discovery in advance of mediation. (ECF No. 253, pp. 13–14). This comprehensive discovery, along with interviews with dozens of Class Members, allowed Plaintiffs to accurately assess the legal and factual issues that would arise if the case proceeded to trial. In total, Defendants produced tens of thousands of documents in discovery,

Unopposed Motion for Final Approval and
Memorandum of Points and Authorities
Case No. 18-cv-02219-AR
Page No. - 25 -

**SCHNEIDER WALLACE
COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

and which Plaintiffs analyzed and used to inform this settlement. Cottrell Prelim. Decl. ECF No. 253-1) at ¶ 14.

### 6.  Class Counsel are highly experienced.

Where counsel is well-qualified to represent the class and collective in settlement negotiations, courts find this factor to support a finding of fairness. *Wren*, 2011 WL 1230826, at *10; *Carter v. Anderson Merchandisers, LP*, No. EDCV 08-0025-VAP OPX, 2010 WL 1946784, at *8 (C.D. Cal. May 11, 2010) ("Counsel's opinion is accorded considerable weight."); *Bell*, 2017 U.S. Dist. LEXIS 95401 at *11 (considering the experience and views of counsel as one of the factors guiding approval of settlement).

In reaching this Settlement, Class Counsel relied on their substantial litigation experience in similar wage and hour class and collective actions. (Cottrell Prelim. Decl., ¶¶ 5–6, 33, 38, 44). Class Counsel used their skill and expertise in performing liability and damages evaluations that were premised on a careful and extensive analysis of the effects of Defendant's compensation policies and practices on Class Members' pay. (Cottrell Prelim. Decl., ¶ 44). Ultimately, facilitated by the Hon. Patrick J. Walsh (Ret.), the parties used this information and discovery to fairly resolve the litigation. (*Id.*). Thus, the parties had adequate discovery to reach a fair settlement. Class Counsel believe that Plaintiffs have achieved a strong settlement considering all the risks and that the proposed Settlement achieves an excellent result for Class Members.

### D.  The Court should finally certify the Class.

In its September 19, 2024, preliminary approval order, the Court granted conditional certification of the Class. (ECF No. 262, ¶ 4). Now that the Class Notice has been disseminated, the Court should finally certify the Class in its Final Approval Order and Judgment. The Class

Unopposed Motion for Final Approval and
Memorandum of Points and Authorities
Case No. 18-cv-02219-AR
Page No. - 26 -

meets all of the requirements for final approval, as set forth in Plaintiffs' Prelim. Approval Motion (ECF No. 253, pp. 24–29).

### E.  The requested service awards and attorneys' fees and costs are reasonable.

In approving the Settlement, the Court must determine whether "the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice*, 688 F.2d at 625. Likewise, in evaluating the Settlement, the Court must evaluate Plaintiffs' request for attorneys' fees and costs pursuant to the terms of the Settlement.

In their concurrently filed Motion for Approval of Costs, Fees, And Service Awards ("Fee Motion") Class Counsel requests attorneys' fees of one third of the Gross Settlement Amount, or $4,833,333.00, plus reimbursement of costs in the amount of 131,382.97. Class Counsel also requested a service award of $25,000.00 each to compensate Plaintiffs for their efforts and the significant risk they faced in prosecuting the Action and achieving the Settlement. Defendants do not oppose these requests.

Plaintiffs set forth the arguments in support of the requested attorneys' fees, costs, and service awards in full in the Fee Motion and do not repeat those arguments here. For the reasons set forth in that motion, the Court should grant final approval of the requested fees, costs, and service award.

## VI.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court grant final approval of the Settlement, in accordance with the schedule set forth in the proposed Final Approval Order and Judgment filed herewith.

Unopposed Motion for Final Approval and
Memorandum of Points and Authorities
Case No. 18-cv-02219-AR
Page No. - 27 -

SCHNEIDER WALLACE
COTTRELL KONECKY  LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

Date: December 23, 2024                    Respectfully submitted,


                                          */s/ Robert E. Morelli, III*
                                          Dana L. Sullivan
                                          Oregon SBN 944834
                                          BUCHANAN ANGELI
                                          ALTSCHUL & SULLIVAN LLP
                                          921 SW Washington Street, Suite 516
                                          Portland, Oregon 97205
                                          Tel: (503) 974-5023; Fax: (971) 230-0337
                                          dana@baaslaw.com
                                          *Local Counsel for Plaintiff*

                                          Carolyn H. Cottrell (*pro hac vice*)
                                          Robert E. Morelli, III (*pro hac vice*)
                                          **SCHNEIDER WALLACE
                                          COTTRELL KONECKY LLP**
                                          2000 Powell Street, Suite 1400
                                          Emeryville, California 94608
                                          Phone: (415) 421-7100
                                          Fax: (415) 421-7105
                                          ccottrell@schneiderwallace.com
                                          rmorelli@schneiderwallace.com

                                          *Attorneys for Plaintiff, Class, and Collective
                                          Members*

Unopposed Motion for Final Approval and
Memorandum of Points and Authorities
Case No. 18-cv-02219-AR
Page No. - 28 -

## **CERTIFICATE OF COMPLIANCE**

This brief complies with the applicable word-count limitation under LR 7-2(b)(1) because it contains 5,804 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

*/s/ Robert E. Morelli, III*
Robert E. Morelli, III

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 23, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.

*/s/ Robert E. Morelli, III*
Robert E. Morelli, III

Unopposed Motion for Final Approval;
MPA In Support
Case No. 18-cv-02219-AR
Page No. - 29 -

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105