Dana L. Sullivan
Oregon Bar No. 944834
BUCHANAN ANGELI
ALTSCHUL & SULLIVAN LLP
921 SW Washington Street, Suite 516
Portland, Oregon 97205
Tel:  (503) 974-5023; Fax: (971) 230-0337
dana@baaslaw.com
*Local Counsel for Plaintiff*

Carolyn H. Cottrell (*pro hac vice*)
Robert E. Morelli, III (*pro hac vice*)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel:  (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
rmorelli@schneiderwallace.com
*Lead Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| JULIANNE HUNTER and MYA BLUM, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LEGACY HEALTH, LEGACY EMANUEL MEDICAL CENTER, LEGACY EMANUEL HOSPITAL & HEALTH CENTER, LEGACY HEALTH PARTNERS, LLC, RANDALL CHILDREN'S HOSPITAL AT LEGACY EMANUEL,<br><br>Defendants. | Case No. 3:18-CV-02219-AR<br><br>CLASS AND COLLECTIVE ACTION<br><br>**FINAL APPROVAL ORDER AND JUDGMENT** |

Final Approval Order and Judgment
Case No. 18-cv-02219-AR
Page No. - 1 -

The Unopposed Motion for Final Approval of Class and Collective Action Settlement ("Motion") (ECF No. 267) filed by Plaintiffs Julianne Hunter and Mya Blum came for hearing in the above-captioned court on January 23, 2025 at 11:00 am, the Honorable Jeff Armistead presiding. Defendants do not oppose the Motion.

In the operative complaint, Plaintiffs allege that Defendants require them to work without pay during their meal periods and before and after their shifts. Specifically, Plaintiffs allege that Defendants fail to pay overtime compensation for improper automatic time deductions and off-the-clock work, in violation of the Fair Labor Standards Act ("FLSA"); fail to pay all earned overtime, in violation of Oregon Revised Statute ("ORS") 653.261 and Oregon Administrative Rule ("OAR") 839-020-0030; unlawfully deduct wages, in violation of ORS 652.610; fail to pay all wages due upon separation of employment, in violation of ORS 652.140; fail to provide compliant meal and rest breaks, in violation of OAR 839-020-0050; fail to pay all earned overtime, in violation of Revised Code of Washington ("RCW") 49.46.130; fail to provide meal and rest breaks and ensure those breaks are taken, in violation of RCW 49.12.020 and Washington Administrative Code ("WAC") 296-126-092; fail to pay wages owed at termination, in violation of RCW 49.48.010; and willfully refuse to pay wages, in violation of RCW 49.52.050.

After formal and informal discovery and investigation by Plaintiffs' counsel, the parties participated in two collective mediations presided over first by Eric English and then by the Hon. Patrick J. Walsh (Ret.), both respected mediators of wage-and-hour class actions.

As a result of mediation, on August 5, 2024, the parties reached a global settlement that resolves all of the claims in this action as to the 16,904 Class Members and Opt-In Class Members. The parties then extensively negotiated, drafted, and executed the Joint Stipulation of Class and Collective Action Settlement ("Settlement"), filed in the record at ECF No. 253-2.

Final Approval Order and Judgment
Case No. 18-cv-02219-AR
Page No. - 2 -

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 ● Fax: (415) 421-7105

Plaintiffs filed an Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement on August 14, 2024. (ECF No. 253). The Court granted the motion on September 19, 2024. (ECF No. 262). Before the Court is the last stage of the settlement approval process: final approval of the Settlement. Plaintiffs have separately moved for approval of attorneys' fees and costs and the service awards for the Class Representatives.

At the final approval hearing was Schneider Wallace Cottrell Konecky LLP and Buchanan Angeli Altschul & Sullivan LLP for the Plaintiffs, Class, and Collective members, and Morgan Lewis & Bockius LLP on behalf of the Defendants.

Having reviewed the papers and documents presented, having heard the statements of counsel, and having considered the matter, the Court **HEREBY GRANTS** the Motion (ECF No. 267) and **ORDERS** as follows:

1.     The Court has jurisdiction over the claims of the Participating Class Members and Participating Opt-In Class Members asserted in this proceeding and over all parties to the action.

2.     The Court finds that 0 Class Members have objected to the Settlement and 14 Class Members have requested exclusion from the Settlement. Additionally, approximately 920[1] Collective Members have filed valid opt-in forms.

3.     The Court hereby **GRANTS** final approval of the terms and conditions contained in the Settlement, as to the Participating Class Members and Participating Opt-In Class Members. The Court finds the terms of the Settlement appear to be within the range of possible approval, pursuant to Federal Rule of Civil Procedure 23 and applicable law.

---

[1] Two opt-in members withdrew their consent form.

Final Approval Order and Judgment
Case No. 18-cv-02219-AR
Page No. - 3 -

4.      The Court finds that: (1) the settlement amount is fair and reasonable as to the Participating Class members when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues; (2) significant discovery, investigation, research, and litigation have been conducted such that counsel for the parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4) the proposed Settlement has been reached as the result of intensive, serious, and non-collusive negotiations between the parties. Accordingly, the Court finds the Settlement was entered into in good faith.

5.      The Court hereby makes final its certification of the provisional Class, in accordance with the Settlement, for the purposes of this Settlement only. The Classes and FLSA Collective are defined as follows:

- The Oregon Class is defined as all current and former hourly, non-exempt employees, including but not limited to nurses, nursing aides, nursing assistants, or other employees with similar job duties employed by Defendants in Oregon and subjected to an automatic time deduction policy at any time from December 26, 2012 until resolution of this Action.

- The Washington Class is defined as all current and former hourly, non-exempt employees, including but not limited to nursing staff, nursing aides, nursing assistants, or other employees with similar job duties employed by Defendants in Washington at any time from December 26, 2015 through the Preliminary Approval Date of September 19, 2024.

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

- The FLSA Collective is defined as all current and former hourly, non-exempt employees, including but not limited to nurses, nursing aides, nursing assistants or other employees with similar job duties, employed by Defendants during the time period three years prior to December 26, 2018 until resolution of this Action and who have filed a consent to join this Action.

6.    The Court hereby **GRANTS** Approval of the terms and conditions contained in the Settlement as to the FLSA Collective. The Court finds the terms of the Settlement are within the range of possible approval, pursuant to the Fair Labor Standards Act and applicable law.

7.    The Court finds that: (1) the settlement amount is fair and reasonable to the Opt-In Class Members when balanced against the probable outcome of further litigation relating to certification, liability and damages issues, and potential appeals; (2) significant discovery, investigation, research, and litigation have been conducted such that counsel for the parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4) the proposed Settlement has been reached as the result of intensive, serious, and non-collusive negotiations between the parties. Accordingly, the Court finds that the Settlement was entered into in good faith as to the Opt-In Class Members.

8.    The Court hereby finally appoints Schneider Wallace Cottrell Konecky LLP ("SWCK") and Buchanan Angeli Altschul & Sullivan LLP ("BAAS") as Class Counsel, and the Court hereby appoints Plaintiffs Julianne Hunter and Mya Blum as the Class Representatives and as representative for the Opt-In Class Members.

9.    The Court finds the approved Class Notice (ECF No. 253-2) constituted the best notice practicable under the circumstances and is in full compliance with the applicable laws and

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

the requirements of due process. The Court further finds the Class Notice fully and accurately

informed the Class Members of all material elements of the proposed Settlement, of their right to

be excluded from the Settlement, and of their right and opportunity to object to the Settlement. A

full opportunity has been afforded to the Class Members to participate in this hearing, and all

Class Members and other persons wishing to be heard have been heard. Accordingly, the Court

determines that all Class Members who did not submit a request for exclusion are bound by this

Final Approval Order and Judgment.

10.     The Court further finds that the Class Notice fully and accurately informed the

Opt-In Class Members of all material elements of the proposed Settlement and of their right to

opt into the Settlement. Accordingly, the Court determines that all Opt-In Class Members are

bound by this Final Approval Order and Judgment.

11.     The Court confirms the appointment of CPT Group, Inc. ("CPT") as Settlement

Administrator and approves its reasonable administration costs of $78,500.00, which are to be

paid from the Gross Settlement Amount.

12.     Accordingly, **GOOD CAUSE APPEARING**, the Court hereby **APPROVES** the

following implementation schedule.

| Final Approval Hearing | January 23, 2025 at 11:00 AM PST |
|---|---|
| Date of Final Judgment (Settlement, ¶ 2.19) | The latest of the following dates: (i) if no Class Member files an objection to the Settlement, or if a Class Member files an objection to the Settlement which is subsequently withdrawn by the Class Member, then the date the Court enters an Order of Final Approval of the Settlement and Judgment; (ii) if a Class Member files an objection to the Settlement, then after the applicable date for seeking appellate review of the Court's Order of Final Approval of the Settlement has passed, assuming no appeal or request for review is filed; and (iii) if an |

Final Approval Order and Judgment
Case No. 18-cv-02219-AR
Page No. - 6 -

| | appeal is filed, the final resolution of that appeal (including any requests for rehearing and/or petitions for review) resulting in the final judicial approval of the Settlement. |
|---|---|
| Administrator to send electronic wiring instructions and confirmation of amount to be wired to Defendants' Counsel (Settlement, ¶ 7.4.1) | Within 3 business days after the Date of Final Judgment. |
| Funding Date (Settlement, ¶ 2.20) | 30 calendar days following Defendants' receipt of electronic wiring instructions and final amount to be wired from the Settlement Administrator after the Date of Final Judgment, if no objection to the Settlement is made. If an objection to the Settlement is made but no appeal is filed, then payment to the Settlement Administrator of the Gross Settlement Amount (defined below) shall be made within thirty (30) calendar days after the running of the appeal period. If an appeal is filed, then payment to the Settlement Administrator of the Gross Settlement Amount (defined below) shall be made within thirty (30) calendar days after the date the judgment is final and no longer subject to appeal. |
| Administrator to pay the Court-approved attorneys' fees and costs and service payments (Settlement, ¶¶ 7.4.4, 7.4.5) | Within 3 calendar days after Defendants fund the QSF. |
| Administrator to issue Settlement Payments to Class Members (Settlement, ¶ 7.4.3) | Within 10 calendar days after Defendants fund the QSF. |
| Check-Cashing Deadline (Settlement, ¶ 7.4.3) | 180 days after mailing, with a reminder letter with 90 days remaining and a reminder phone call with 60 days remaining. |

13.    The Court further **ORDERS** that, pending further order of this Court, all proceedings in the Action, except those contemplated herein and in the Settlement, are stayed.

14.    With this final approval of the Settlement, it is hereby ordered that all claims that are released as set forth in the Settlement are barred as of the Effective Date.

15.    The Court permanently enjoins all of the Participating Class Members and Participating Opt-In Class Members from pursuing, or seeking to reopen, any released claims (as

Final Approval Order and Judgment
Case No. 18-cv-02219-AR
Page No. - 7 -

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

defined in the Settlement at Paragraph 2.29) against Defendants or any of the Released Parties (as defined in the Settlement at Paragraph 2.30) as of the Effective Date.

16.     The Court dismisses the above-captioned Action with prejudice and **HEREBY ENTERS JUDGMENT** consistent with the Settlement and this Order to so dismiss the Action. Accordingly, The Court **HEREBY ORDERS, ADJUDGES, AND DECREES** that all Participating Class Members and all Participating Opt-In Class Members are permanently enjoined and barred from prosecuting against any released claims (as defined in the Settlement at Paragraph 2.29) against Defendants or any of the Released Parties (as defined in the Settlement at Paragraph 2.30) as of the Effective Date.

17.     The Court shall retain jurisdiction to enforce the terms of the Settlement.

**IT IS SO ORDERED.**

Date: January 23, 2025

_____
Hon. Jeff Armistead
United States Magistrate Judge

Final Approval Order and Judgment
Case No. 18-cv-02219-AR
Page No. - 8 -

**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105